UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――― X
JOSEPH GELMIS, Individually and On Behalf : Civil Action No.1:08-cv-00980-RMB
of All Others Similarly Situated, :
 :
 : CLASS ACTION
             Plaintiff, :
 :
    vs. :
 :
MUNICIPAL MORTGAGE & EQUITY, LLC, :
et al., :
 :
             Defendants. :
 :
―――――――――――――――――――――――――――― X
JULES ROTHAS, Individually and On Behalf : Civil Action No.1:08-cv-01120-RMB
of All Others Similarly Situated, :
 :
 : CLASS ACTION
             Plaintiff, :
 :
    vs. :
 :
MUNICIPAL MORTGAGE & EQUITY, LLC, :
et al., :
 :
             Defendants. :
 :
―――――――――――――――――――――――――――― X

[Caption continued on following page.]

**MEMORANDUM IN SUPPORT OF THE MOTION OF TONY BROY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

| | | |
|---|---|---|
| ARNOLD ROSS, Individually and On Behalf of All Others Similarly Situated, | : : : | Civil Action No.1:08-cv-01299-RMB |
| | : | <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| MUNICIPAL MORTGAGE & EQUITY, LLC, et al., | : : : | |
| Defendants. | : : | |

———————————————————————X

| | | |
|---|---|---|
| ALEX D'ANGELO, Individually and On Behalf of All Others Similarly Situated, | : : : | Civil Action No.1:08-cv-01331-RMB |
| | : | <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| MUNICIPAL MORTGAGE & EQUITY, LLC, et al., | : : : | |
| Defendants. | : : | |

———————————————————————X

| | | |
|---|---|---|
| NAOMI RAPAHEL, Individually and On Behalf of All Others Similarly Situated, | : : : | Civil Action No.1:08-cv-02190-RMB |
| | : | <u>CLASS ACTION</u> |
| Plaintiff, | : : | |
| vs. | : : | |
| MUNICIPAL MORTGAGE & EQUITY, LLC, et al., | : : : | |
| Defendants. | : : | |

———————————————————————X

I.      **PRELIMINARY STATEMENT**

Presently pending before this Court are five-related securities class action lawsuits (the "Actions") brought on behalf of all those who purchased or otherwise acquired Municipal Mortgage & Equity, LLC ("MMA," "MuniMae" or the "Company"), securities between January 30, 2003 and January 28, 2008, inclusive (the "Class Period"), and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Class Member Tony Broy ("Broy") hereby moves this Court for an order to: (i) consolidate the Actions; (ii) appoint Broy as Lead Plaintiff in the Actions under Section 21D(a)(3)(B) of the Exchange Act; and (iii) approve Broy's selection of the law firm of Bull & Lifshitz, LLP ("Bull & Lifshitz") to serve as Lead Counsel.

This motion is made on the grounds that Broy is the most adequate plaintiff, as defined by the PSLRA. Broy suffered total losses of $377,253.00 in connection with 54,100 MuniMae common shares purchased and owned during the Class Period. During the Class Period, he purchased 14,700 MuniMae shares for proceeds of $342,308.00 and sold such shares for proceeds of $148,220.10 incurring Class Period losses of $194,087.90. *See* Lifshitz Decl. Ex. B.[1] In addition Broy, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

---

[1]     References to the "Lifshitz Decl. Ex. B" are to the exhibits attached to the accompanying Declaration of Joshua M. Lifshitz dated March 31, 2008 and submitted herewith.

1

## II.     FACTUAL BACKGROUND[2]

MuniMae and its subsidiaries arrange debt and equity financing for developers and owners of real estate and clean energy projects. The Company also provides investment management and advisory services for institutional investors.

The complaint charges MuniMae and certain of its officers and directors with violations of the Securities Exchange Act of 1934. According to the complaint, the true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows: (1) that the Company's financial statements were materially overstated; (2) that the Company failed to properly account for its interest in certain entities; (3) that the Company overstated the fair value of its bond portfolio by failing to take timely write-downs; (4) that the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles; (5) that the Company lacked adequate internal and financial controls; and (6) that, as a result of the foregoing, the Company's financial statements were materially false and misleading at all relevant times. Complaint ¶¶6, 54.

As a result of defendants' materially false and misleading statements, and failures to disclose adequacy of the Company's internal controls and the value and performance of its tax-exempt bond portfolio, MuniMae's securities traded at artificially inflated prices during the Class Period reaching a high of $26.51 per share on February 2, 2005. Complaint ¶83. During the Class Period, and with the Company's securities trading at artificially inflated prices, Company insiders sold 529,534 shares of the Company's stock for gross proceeds of $13,389,235, including over $12.2 million in gross proceeds received by the Individual Defendants. Complaint ¶84. In addition, throughout the Class Period, the defendants took advantage of the artificially

---

[2]     These facts are drawn from the allegations in the complaint captioned *Alex D'Angelo vs. Municipal Mortgage & Equity, LLC., et al.,* Civil Action No. 1:08-cv-01331-RMB (the "*D'Angelo* Action").

2

inflated price of the Company's securities in completing four equity offerings and an acquisition for cash and stock. Complaint ¶83.

On January 28, 2008, after the market closed, MuniMae shocked investors when it announced that the Company was being delisted on the New York Stock Exchange ("NYSE") due to the fact that it had failed to file financial reports after numerous time extensions. The Company announced that it would be restating its 2004 and 2005 financial statements, and had yet to report its 2006 financial results. As a result, it would begin trading on the over-the-counter market. Moreover, the Company announced that, partially due to its seemingly endless attempts and failures in restating and filing financial reports, it was cutting dividends from $0.525 per share to $0.33 per share. Complaint ¶3.

Then, on January 29, 2008, before the market opened, the Company announced that it would be implementing additional "changes" to its accounting policies. There were a multitude of changes including the way the Company would recognize revenue for their low income housing tax credit business, the way it would account for loans, recognition of additional obligations as liabilities and changes to the estimated fair value of certain bonds. Complaint ¶4.

Upon the release of this news, the Company's shares declined $8.01 per share, or 46.57 percent, to close on January 29, 2008 at $9.19 per share, on unusually heavy trading volume. Complaint ¶¶5, 64. As investors continued to learn of the Company's actions and announcements, the stock continued to fall. The next day, the Company's shares fell an additional $2.06, or 22.24 percent, to close on January 30, 2008 at $6.13 per share. Complaint ¶65.

As a result of defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and the Class have suffered significant losses

and damages. Complaint ¶7.

## III.   ARGUMENT

### A.   The Actions Should Be Consolidated For All Purposes

The Actions each assert class claims on behalf of the purchasers of MuniMae securities for alleged violations of the Exchange Act during the relevant time period. The Actions name virtually the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased MuniMae securities during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of MuniMae securities at all relevant times. Consolidation is appropriate where there are actions involving common questions of law or fact. Fed. R. Civ. P. 42 (a). *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B.   Broy Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i). Plaintiff in the Gelmis Action (*Joseph S. Gelmis vs. Cole, et al.,* Civil Action No. 1:08-cv-00980-RMB) caused the first notice regarding

4

the pendency of these actions to be published on *PrimeNewsWire*, a national, business-oriented newswire service, on January 30, 2008. *See* Lifshitz Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. 78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

    **2.    Broy Satisfies the "Lead Plaintiff" Requirements Of The Exchange Act**

        **a.    Broy Has Complied With The Exchange Act And Should Be Appointed Lead Plaintiff**

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on March 31, 2008. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice

5

(published on January 30, 2008), Broy timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Broy has duly signed and filed certifications stating that he is willing to serve as representative parties on behalf of the class. *See* Lifshitz Decl. Ex. C. In addition, Broy has selected and retained competent counsel to represent him and the class. *See* Lifshitz Decl. Ex. D. Accordingly, Broy has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b.     Broy Has The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Lifshitz Decl. Ex. C. Broy purchased MuniMae securities in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. Broy suffered total losses of $377,253.00 in connection with 54,100 MuniMae common shares purchased and owned during the Class Period.  During the Class Period, he purchased 14,700 MuniMae shares for proceeds of $342,308.00 and sold such shares for proceeds of $148,220.10 incurring Class Period losses of $194,087.90. Broy thus has a significant financial interest in this case. Therefore, Broy satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### c.     Broy Otherwise Satisfies Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1)

6

the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, No. 97 c 2715, 1997 U.S. Dist. LEXIS 11866 at *20, (N.D. Ill. Aug. 6, 1997). Broy satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members'") (citations omitted). The requirement that the proposed class representatives' claims

7

be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Broy satisfies this requirement because, just like all other class members, he: (1) purchased MuniMae securities during the Class Period; (2) purchased MuniMae securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Broy's claim is typical of those of other class members since his claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Broy to represent the class to the existence of any conflicts between the interests of Broy and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Broy is an adequate representative of the class. As evidenced by the injuries suffered by Broy, who purchased MuniMae securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interest of Broy is clearly aligned with the members of the class, and there is no evidence of any antagonism between Broy's interest and those of the other members of the class. Further, Broy has taken significant steps which demonstrate that he will protect the interests of the class: he has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Broy's proposed

Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Broy *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Broy's Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Broy has selected the law firm of Bull & Lifshitz as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions.

Accordingly, the Court should approve Broy's selection of counsel.

### IV. CONCLUSION

For all the foregoing reasons Broy respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint Broy as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the court may deem just and proper.

DATED: March 31, 2008                                BULL & LIFSHITZ, LLP

By: /s/ *Joshua M. Lifshitz*
Joshua M. Lifshitz (JL-9172)
Peter D. Bull (PB-9118)
18 East 41st Street
New York, New York 10017
(212) 213-6222
[Proposed] Lead Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I, Irina Lust, hereby certify that on March 31, 2008, I caused a true and correct copy of the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;
>
> Memorandum in Support of the Motion of Tony Broy for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and
>
> Declaration of Joshua Lifshitz in Support of the Motion of Tony Broy for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

/s/ *Irina Lust*
Irina Lust

**MUNICIPAL MORTGAGE & EQUITY, LLC**
Service List - 03/31/2008
Page 1 of 2

## *Counsel for Defendant(s)*

Earl W. Cole
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Michael L. Falcone
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

William S. Harrison
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Mark K. Joseph
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Gary A. Mentesana
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Robert J. Banks
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Charles C. Baum
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Richard O. Berndt
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Eddie C. Brown
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Robert S. Hillman
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Douglas A. McGregor
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Arthur S. Mehlman
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Fred N. Pratt Jr.
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

## *Counsel for Plaintiff(s)*

Laurence Matthew Rosen
Phillip C. Kim
The Rosen Law Firm, P.A.
350 5th Avenue, Suite 5508
New York, NY 10118
**Counsel for Joseph S. Gelmis**

**MUNICIPAL MORTGAGE & EQUITY, LLC**
Service List - 03/31/2008
Page 2 of 2

*Counsel for Plaintiff(s) [cont.]*

Samuel Howard Rudman
Coughlin, Stoia, Geller,
Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747
**Counsel for Jules Rothas**

Nancy Kaboolian
Abbey Spanier Rodd
Abrams & Paradis, LLP
212 East 39th Street
New York, NY 10016
**Counsel for Arnold J. Ross**

Joshua B. Silverman
One North LaSalle Street
Suite 2225
Chicago, IL 60602
**Counsel for Naomi Raphael**

Klari Neuwelt
Law Office of Klari Neuwelt
110 East 59th Street, 29th Floor
New York, NY 10022
**Counsel for Naomi Raphael**

Evan J. Smith
Brodsky & Smith L.L.C.
240 Mineola Blvd.
Mineola, NY 11501
**Counsel for Alex D'Angelo**