UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X

| | | |
|---|---|---|
| JOSEPH GELMIS, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No.1:08-cv-00980-RMB |
| | : | |
| | : | <u>CLASS ACTION</u> |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MUNICIPAL MORTGAGE & EQUITY, LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

————————————————————————X

| | | |
|---|---|---|
| JULES ROTHAS, Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No.1:08-cv-01120-RMB |
| | : | |
| | : | <u>CLASS ACTION</u> |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MUNICIPAL MORTGAGE & EQUITY, LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

————————————————————————X

[Caption continued on following page.]

**DECLARATION OF JOSHUA M. LIFSHITZ IN SUPPORT OF THE MOTION OF
TONY BROY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
<u>FOR APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

ARNOLD ROSS, Individually and On Behalf      :      Civil Action No.1:08-cv-01299-RMB
of All Others Similarly Situated,               :
                                           :      CLASS ACTION
                 Plaintiff,       :
                                           :
       vs.                        :
                                         :
MUNICIPAL MORTGAGE & EQUITY, LLC,     :
et al.,                                   :
                                         :
                 Defendants.    :
_____X

ALEX D'ANGELO, Individually and On Behalf    :      Civil Action No.1:08-cv-01331-RMB
of All Others Similarly Situated,               :
                                           :      CLASS ACTION
                 Plaintiff,       :
                                           :
       vs.                        :
                                         :
MUNICIPAL MORTGAGE & EQUITY, LLC,     :
et al.,                                   :
                                         :
                 Defendants.    :
_____X

NAOMI RAPAHEL, Individually and On Behalf    :      Civil Action No.1:08-cv-02190-RMB
of All Others Similarly Situated,               :
                                           :      CLASS ACTION
                 Plaintiff,       :
                                           :
       vs.                        :
                                         :
MUNICIPAL MORTGAGE & EQUITY, LLC,     :
et al.,                                   :
                                         :
                 Defendants.    :
_____X

2

**DECLARATION OF JOSHUA M. LIFSHITZ IN SUPPORT OF THE MOTION OF
TONY BROY FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND
FOR APPROVAL OF SELECTION OF LEAD COUNSEL**

Joshua M. Lifshitz, declares, under penalty of perjury:

1.        I am a partner of Bull & Lifshitz, LLP ("Bull & Lifshitz"). I submit this Declaration in support of the motion of Tony Broy ("Broy") for consolidation, appointment as Lead Plaintiff and for approval of selection of Lead Counsel.

2.        Attached hereto as Exhibit A is a true and accurate copy of the notice published by plaintiff in the *Gelmis* Action on *PrimeNewsWire*, a national, business-oriented newswire service, on January 30, 2008.

3.        Attached hereto as Exhibit B is a true and accurate copy of a loss chart presenting the transactions in the subject securities during the Class Period and summarizing the estimated losses of Broy. Broy suffered total losses of $377,253.00 in connection with 54,100 MuniMae common shares purchased and owned during the Class Period.  During the Class Period, he purchased 14,700 MuniMae shares for proceeds of $342,308.00 and sold such shares for proceeds of $148,220.10 incurring Class Period losses of $194,087.90.

4.        Attached hereto as Exhibit C is the certification of the class member Broy.

5.        Attached hereto as Exhibit D is a true copy of the firm resume of Bull & Lifshitz.


DATED:  March 31, 2008                    BULL & LIFSHITZ, LLP


                                          By: */s/ Joshua M. Lifshitz*
                                          Joshua M. Lifshitz (JL-9172)
                                          Peter D. Bull (PB-9118)
                                          18 East 41st Street
                                          New York, New York 10017
                                          (212) 213-6222

1

## CERTIFICATE OF SERVICE

I, Irina Lust, hereby certify that on March 31, 2008, I caused a true and correct copy of

the attached:

> Notice of Motion for Consolidation, Appointment as Lead Plaintiff and for
> Approval of Selection of Lead Counsel;
>
> Memorandum in Support of the Motion of Tony Broy for   Consolidation,
> Appointment as Lead Plaintiff and for Approval of  Selection    of    Lead
> Counsel; and
>
> Declaration of Joshua M. Lifshitz in Support of the Motion of Tony Broy
> for Consolidation, Appointment as Lead Plaintiff and for Approval of
> Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and

(ii) by first-class mail to all additional counsel on the attached service list.


/s/ *Irina Lust*
IRINA LUST

**MUNICIPAL MORTGAGE & EQUITY, LLC**
Service List - 03/31/2008
Page 1 of 2

### _Counsel for Defendant(s)_

Earl W. Cole
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Michael L. Falcone
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

William S. Harrison
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Mark K. Joseph
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Gary A. Mentesana
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Robert J. Banks
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Charles C. Baum
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Richard O. Berndt
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Eddie C. Brown
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Robert S. Hillman
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Douglas A. McGregor
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Arthur S. Mehlman
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

Fred N. Pratt Jr.
Co/ Municipal Mortgage & Equity, LLC
621 E. Pratt Street, Suite 300
Baltimore, MD 21202

### _Counsel for Plaintiff(s)_

Laurence Matthew Rosen
Phillip C. Kim
The Rosen Law Firm, P.A.
3505th Avenue, Suite 5508
New York, NY 10118
**Counsel for Joseph S. Gelmis**

**MUNICIPAL MORTGAGE &
EQUITY, LLC**
Service List - 03/31/2008
Page 2 of 2

***Counsel for Plaintiff(s) [cont.]***

Samuel Howard Rudman
Coughlin, Stoia, Geller,
Rudman & Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747
**Counsel for Jules Rothas**

Nancy Kaboolian
Abbey Spanier Rodd
Abrams & Paradis, LLP
212 East 39th Street
New York, NY 10016
**Counsel for Arnold J. Ross**

Joshua B. Silverman
One North LaSalle Street
Suite 2225
Chicago, IL 60602
**Counsel for Naomi Raphael**

Klari Neuwelt
Law Office of Klari Neuwelt
110 East 59th Street, 29th Floor
New York, NY 10022
**Counsel for Naomi Raphael**

Evan J. Smith
Brodsky & Smith L.L.C.
240 Mineola Blvd.
Mineola, NY 11501
**Counsel for Alex D'Angelo**

# EXHIBIT A




*Source:* The Rosen Law Firm PA PC

## The Rosen Law Firm Files Securities Class Action Charging Municipal Mortgage & Equity, LLC With Violations of the Federal Securities Laws -- MMA

NEW YORK, Jan. 30, 2008 (PRIME NEWSWIRE) -- The Rosen Law Firm today announced that it has filed a class action lawsuit on behalf of all purchasers of Municipal Mortgage & Equity, LLC ("MMA" or the "Company") (NYSE:MMA) stock during the period from January 30, 2003 through January 28, 2008 (the "Class Period").

To join the MMA class action, go to the website at http://www.rosenlegal.com or call Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com for information on the class action.

NO CLASS HAS YET BEEN CERTIFIED IN THE ABOVE ACTION. UNTIL A CLASS IS CERTIFIED, YOU ARE NOT REPRESENTED BY COUNSEL UNLESS YOU RETAIN ONE. YOU MAY ALSO REMAIN AN ABSENT CLASS MEMBER.

The case is pending in the United States District Court for the Southern District of New York as case no. 08-CV-980 (RMB). You can obtain a copy of the complaint from the clerk of court or you may contact counsel for plaintiffs Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com.

The complaint charges that MMA and certain of its present and former officers, directors, and control persons violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by issuing materially false and misleading statements pertaining to MMA's business prospects, financial condition, and financial performance.

The lawsuit charges that, during the Class Period, the Company and its officers and directors, caused to be issued numerous false and misleading statements concerning the adequacy of the Company's internal controls and the value and performance of its tax-exempt bond portfolio. The Complaint alleges that defendants failed to disclose and misrepresented the true financial condition and operations of the Company.

On January 28, 2008, the Company announced that it was slashing its dividend and would again delay the filing of its restated financials. Before the market opened the following day, the Company disclosed that the previously announced restatement would impact an even greater portion of the Company's business. As a result of these disclosures, the Company's stock opened for trading at $12.33 per share and closed at $9.19 per share, or 46% below the prior day's close.

A class action lawsuit has been filed on behalf of MMA shareholders. If you wish to serve as lead plaintiff, you must move the Court no later than March 31, 2008. If you wish to join the litigation or to discuss your rights or interests regarding this class action, please contact plaintiff's counsel, Laurence Rosen, Esq. or Phillip Kim, Esq. of The Rosen Law Firm toll free at 866-767-3653 or via e-mail at lrosen@rosenlegal.com or pkim@rosenlegal.com.

The Rosen Law Firm has expertise in prosecuting investor securities litigation and extensive experience in actions involving financial fraud. The Rosen Law Firm represents investors throughout the nation, concentrating its practice in securities class actions.

More information on this and other class actions can be found on the Class Action Newsline at www.primenewswire.com/ca.

```
CONTACT:   The Rosen Law Firm P.A.
           Laurence Rosen, Esq.
             lrosen@rosenlegal.com
           Phillip Kim, Esq.
             pkim@rosenlegal.com
           (212) 686-1060
           1-866-767-3653
           Fax: (212) 202-3827
           www.rosenlegal.com
```

**Keywords: CLASS ACTION LAWSUITS**

PrimeNewswire | Class Action Newsline | Contact Us

# EXHIBIT B

**TONY BROY LOSS CHART #1**

| Date of Transaction | Amount of Shares Purchased | Price Per Share | Purchase Price |
|---|---|---|---|
| 1/15/2008 | 100 | 15.10 | $1,565.00 |
| 1/11/2008 | 1,000 | 15.90 | $16,010.00 |
| 1/9/2008 | 1,000 | 15.01 | $15,120.00 |
| 9/28/2005 | 700 | 24.69 | $17,388.00 |
| 9/22/2005 | 4,700 | 24.80 | $116,753.00 |
| 4/13/2005 | 5,000 | 23.85 | $119,455.00 |
| 3/22/2004 | 2,000 | 25.35 | $50,805.00 |
| 1/26/2004 | 200 | 25.51 | $5,212.00 |
| 7/23/2002 | 10,000 | 24.00 | $240,000.00 |
| 4/23/2002 | 5,000 | 24.75 | $123,750.00 |
| 4/23/2002 | 100 | 24.60 | $2,460.00 |
| 4/19/2002 | 1,600 | 24.86 | $39,776.00 |
| 4/18/2002 | 100 | 24.71 | $2,471.00 |
| 2/20/2002 | 1,000 | 23.85 | $23,850.00 |
| 2/15/2002 | 3,000 | 23.70 | $71,100.00 |
| 2/12/2002 | 300 | 24.60 | $7,380.00 |
| 1/31/2002 | 1,600 | 25.40 | $40,640.00 |
| 1/25/2002 | 700 | 25.75 | $18,025.00 |
| 1/24/2002 | 5,000 | 25.80 | $129,000.00 |
| 11/8/2001 | 100 | 25.00 | $2,500.00 |
| 11/8/2001 | 100 | 25.00 | $2,500.00 |
| 8/31/2001 | 1,000 | 23.96 | $23,960.00 |
| 8/16/2001 | 2,000 | 23.90 | $47,800.00 |
| 3/23/2001 | 1,500 | 21.85 | $32,775.00 |
| 3/5/2001 | 2,000 | 22.00 | $44,000.00 |
| 2/22/2001 | 200 | 21.95 | $4,390.00 |
| 2/22/2001 | 1,000 | 22.05 | $22,050.00 |
| 2/21/2001 | 500 | 22.05 | $11,025.00 |
| 2/13/2001 | 1,000 | 21.80 | $21,800.00 |
| 2/12/2001 | 1,000 | 22.80 | $22,800.00 |
| 2/12/2001 | 600 | 22.89 | $13,734.00 |
| Total: | 54,100 | | $1,290,094.00 |

*TONY BROY LOSS CHART #2*

| Date of Transaction | Amount of Shares  or Sold | Price Per Share | Sale Price |
|---|---|---|---|
| 1/29/2008 | 100 | 10.083 | $1,004.00 |
| 1/29/2008 | 1,000 | 10.083 | $10,042.00 |
| 1/29/2008 | 1,000 | 10.083 | $10,042.00 |
| 1/29/2008 | 700 | 10.083 | $7,030.00 |
| 1/29/2008 | 4,700 | 10.083 | $47,199.00 |
| 1/29/2008 | 4,000 | 10.083 | $40,170.00 |
| 1/29/2008 | 5,000 | 10.083 | $50,212.00 |
| 1/29/2008 | 3,500 | 10.083 | $35,148.00 |
| 1/29/2008 | 1,900 | 10.163 | $19,229.00 |
| 1/29/2008 | 200 | 10.163 | $2,024.00 |
| 8/16/2007 | 100 | 20.25 | $2,017.00 |
| 8/16/2007 | 1,100 | 20.25 | $22,187.00 |
| 8/16/2007 | 500 | 20.25 | $10,088.00 |
| 8/16/2007 | 100 | 20.25 | $2,017.00 |
| 8/16/2007 | 1,000 | 20.25 | $20,176.00 |
| 8/1/2007 | 2,000 | 20.94 | $41,798.00 |
| 8/1/2007 | 7,400 | 20.94 | $154,654.00 |
| 8/1/2007 | 600 | 20.94 | $12,540.00 |
| 8/1/2007 | 5,000 | 20.94 | $104,496.00 |
| 8/1/2007 | 2,000 | 20.94 | $41,798.00 |
| 8/1/2007 | 200 | 20.94 | $4,180.00 |
| 7/27/2007 | 5,000 | 22.05 | $110,043.00 |
| 7/25/2007 | 5,000 | 22.913 | $114,358.00 |
| 6/20/2007 | 2,000 | 25.25 | $50,389.00 |
| **Total** | **54,100** | | **$912,841.00** |

**TOTAL LOSS:**                    $377,253.00

# EXHIBIT C

## CERTIFICATE OF NAMED PLAINTIFF

I, Tony Broy, certify that:

1.    I have reviewed the complaint and authorized the filing of a Motion for Lead Plaintiff on my behalf by Bull & Lifshitz, LLP.

2.    I did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3.    I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4.    My transactions in Municipal Mortgage & Equity, LLC. securities that are the subject of this litigation during the class period set forth in the complaint are as follows:

| Security | Date of Transaction | Number of Shares Stating Whether Purchased(P) or Sold(S) | Price Per Share |
|---|---|---|---|
| SEE ATTACHED SCHEDULE A | | | |

5.    I have not served as or sought to serve as a representative party on behalf of a Class under this title during the last three years.

6.    I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court including the award to a representative of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

The foregoing are, to the best of my knowledge and belief, true and correct statements.

**TONY BROY LOSS CHART #1**

| Date of Transaction | Amount of Shares Purchased | Price Per Share | Purchase Price |
|---|---|---|---|
| 1/15/2008 | 100 | 15.10 | $1,565.00 |
| 1/11/2008 | 1,000 | 15.90 | $16,010.00 |
| 1/9/2008 | 1,000 | 15.01 | $15,120.00 |
| 9/28/2005 | 700 | 24.69 | $17,388.00 |
| 9/22/2005 | 4,700 | 24.80 | $116,753.00 |
| 4/13/2005 | 5,000 | 23.85 | $119,455.00 |
| 3/22/2004 | 2,000 | 25.35 | $50,805.00 |
| 1/26/2004 | 200 | 25.51 | $5,212.00 |
| 7/23/2002 | 10,000 | 24.00 | $240,000.00 |
| 4/23/2002 | 5,000 | 24.75 | $123,750.00 |
| 4/23/2002 | 100 | 24.60 | $2,460.00 |
| 4/19/2002 | 1,600 | 24.86 | $39,776.00 |
| 4/18/2002 | 100 | 24.71 | $2,471.00 |
| 2/20/2002 | 1,000 | 23.85 | $23,850.00 |
| 2/15/2002 | 3,000 | 23.70 | $71,100.00 |
| 2/12/2002 | 300 | 24.60 | $7,380.00 |
| 1/31/2002 | 1,600 | 25.40 | $40,640.00 |
| 1/25/2002 | 700 | 25.75 | $18,025.00 |
| 1/24/2002 | 5,000 | 25.80 | $129,000.00 |
| 11/8/2001 | 100 | 25.00 | $2,500.00 |
| 11/8/2001 | 100 | 25.00 | $2,500.00 |
| 8/31/2001 | 1,000 | 23.96 | $23,960.00 |
| 8/16/2001 | 2,000 | 23.90 | $47,800.00 |
| 3/23/2001 | 1,500 | 21.85 | $32,775.00 |
| 3/5/2001 | 2,000 | 22.00 | $44,000.00 |
| 2/22/2001 | 200 | 21.95 | $4,390.00 |
| 2/22/2001 | 1,000 | 22.05 | $22,050.00 |
| 2/21/2001 | 500 | 22.05 | $11,025.00 |
| 2/13/2001 | 1,000 | 21.80 | $21,800.00 |
| 2/12/2001 | 1,000 | 22.80 | $22,800.00 |
| 2/12/2001 | 600 | 22.89 | $13,734.00 |
| **Total:** | **54,100** | | **$1,290,094.00** |

*TONY BROY LOSS CHART #2*

| Date of Transaction | Amount of Shares or Sold | Price Per Share | Sale Price |
|---|---|---|---|
| 1/29/2008 | 100 | 10.083 | $1,004.00 |
| 1/29/2008 | 1,000 | 10.083 | $10,042.00 |
| 1/29/2008 | 1,000 | 10.083 | $10,042.00 |
| 1/29/2008 | 700 | 10.083 | $7,030.00 |
| 1/29/2008 | 4,700 | 10.083 | $47,199.00 |
| 1/29/2008 | 4,000 | 10.083 | $40,170.00 |
| 1/29/2008 | 5,000 | 10.083 | $50,212.00 |
| 1/29/2008 | 3,500 | 10.083 | $35,148.00 |
| 1/29/2008 | 1,900 | 10.163 | $19,229.00 |
| 1/29/2008 | 200 | 10.163 | $2,024.00 |
| 8/16/2007 | 100 | 20.25 | $2,017.00 |
| 8/16/2007 | 1,100 | 20.25 | $22,187.00 |
| 8/16/2007 | 500 | 20.25 | $10,088.00 |
| 8/16/2007 | 100 | 20.25 | $2,017.00 |
| 8/16/2007 | 1,000 | 20.25 | $20,176.00 |
| 8/1/2007 | 2,000 | 20.94 | $41,798.00 |
| 8/1/2007 | 7,400 | 20.94 | $154,654.00 |
| 8/1/2007 | 600 | 20.94 | $12,540.00 |
| 8/1/2007 | 5,000 | 20.94 | $104,496.00 |
| 8/1/2007 | 2,000 | 20.94 | $41,798.00 |
| 8/1/2007 | 200 | 20.94 | $4,180.00 |
| 7/27/2007 | 5,000 | 22.05 | $110,043.00 |
| 7/25/2007 | 5,000 | 22.913 | $114,358.00 |
| 6/20/2007 | 2,000 | 25.25 | $50,389.00 |
| *Total* | **54,100** | | **$912,841.00** |

**TOTAL LOSS:**                     **$377,253.00**

# EXHIBIT D

# *BULL & LIFSHITZ, LLP*

*18 East 41st Street*
*New York, New York 10017*

### Firm Resume

The law firm of Bull & Lifshitz, LLP represents individual and institutional clients in a wide variety of litigation, with an emphasis on class, derivative and other complex actions on behalf of investors and consumers.

A majority of the firm's cases involve federal or state securities laws, consumer fraud statutes or corporate governance matters.  The firm handles matters on a contingency and hourly fee basis.  The firm maintains its offices in the heart of New York City.  We regularly practice in New York, Delaware and in federal and state courts located throughout the country.

In pursuing its clients' interests, Bull & Lifshitz, LLP is able to draw upon its members' extensive experience prosecuting securities fraud and consumer class actions. The firm is committed to achieving favorable results for its clients in the most expeditious and economical manner possible.  **We use our experience as trial lawyers to shape the entire litigation process with the result being better success at trial and superior settlements before trial.**

Since its formation in August 1999, this firm has represented shareholders as lead counsel, co-lead counsel or as an executive committee member in numerous cases some of which have already resulted in substantial recoveries on behalf of stockholders.   Among the more prominent of these cases are:

- In Re: Initial Public Offering Securities Litigation, Case 21 MC 92 (SAS)(United States District Court, Southern District of New York).  Bull & Lifshitz appointed to the Litigation Steering Committee.  Court preliminary approved preliminary $1 billion partial settlement.

  Plaintiffs charge that more than 300 public companies, their bankers and their insurers rigged IPOs during the late 1990s Internet boom.  The plaintiffs charge that banks manipulated the market with optimistic research; inflated trading commissions in exchange for access to the new shares; and that investors who were allocated IPO shares were required to buy more shares in the after-market to help push up the share price.  They claim the issuers are guilty of the same charges because they were aware of the schemes and benefited from stock prices that as much as tripled in opening days of trading.

- In re Chiron Shareholders Deal Litigation, Case No. RG 05-230567 (Superior Court of the State of California, County of

Alameda). Bull & Lifshitz appointed member of Executive Committee. Court approved settlement pursuant to which plaintiffs obtained an increase from the initial offer of $40 per share to $48 per share or approximately a total increase of $880 million.

Plaintiff challenged an Agreement and Plan of Merger pursuant to which Novartis would acquire all of Chiron's outstanding shares it did not already own for $40 per share.

- <u>In re Harrah's Entertainment Shareholder Litigation, C.A. No. 2453-N</u> (Court of Chancery, State of Delaware, New Castle County). Bull & Lifshitz appointed Co-Lead Counsel. Court approval of proposed settlement pending.

  This was a stockholder class action brought by plaintiffs on behalf of the public shareholders of Harrah's Entertainment, Inc. common stock. Plaintiffs sought to enjoin the defendants from causing the Company to be acquired by private equity buyers Apollo Management and Texas Pacific Group as well as the Company's Chairman and CEO, Defendant Gary W. Loveman at an inadequate consideration. Defendants' Counsel and Plaintiffs' Counsel engaged in extensive good faith discussions with regard to a possible settlement, which resulted in an agreement in principle pursuant to which Harrah's Special Committee of Harrah's Board of Directors acknowledged that it was aware of and considered the pending stockholder lawsuits claiming breaches of the Board's fiduciary duties with respect to the potential sale of the Company, prior to obtaining a $9 per share increase in the consideration to be paid to Harrah's stockholders, and the disclosure of information Plaintiffs sought in their complaints in a definitive proxy statement the Defendants caused the Company to file with the SEC and mail to Harrah's stockholders. Those disclosures included, <u>inter alia</u>, information relating the background of the merger, the nature of the fees paid to the Company's financial advisor, and detailed information relating the Discounted Cash Flow analysis performed by the Company's financial advisor.

- <u>In re Avis Group Holdings, Inc. Shareholder Litigation</u>, Consolidated C.A. No. 18212 (Court of Chancery, State of Delaware, New Castle County). Bull & Lifshitz appointed Co-Lead Counsel. The Court approved a settlement of the Action increasing consideration for Avis shareholders of $4 per share or approximately $100 million in connection with a merger of Avis with Cendant Corporation.

This litigation was brought in response to the announcement by Cendant Corporation of the proposed acquisition of the publicly-owned shares of Avis Group Holdings, Inc. for consideration consisting of $29.00 per share in cash. At the time the Proposed Transaction was announced on August 15, 2000, Cendant owned approximately 17.8% of the outstanding shares of Avis common stock, held an economic interest in Avis of approximately 33%, and had three designees on Avis' 10-member board of directors and, thus, was Avis' controlling stockholder with attendant fiduciary duties. The Action was brought as a class action on behalf of all Avis stockholders against Cendant and its directors, seeking injunctive and other appropriate relief on the grounds that the Proposed Transaction was unfair in a number of respects, including timing and price.

- In re Prodigy Communications Corp. Shareholders Litigation, Consolidated C.A. No. 19113-NC (Court of Chancery, Delaware State Court; New Castle County). Bull & Lifshitz appointed Co-Lead Counsel. The Court approved a settlement increasing consideration for Prodigy shareholders from $5.45 to $6.60 per share, or approximately $81 million).

The Action was brought to challenge a proposed acquisition of the publicly owned Class A shares of Prodigy Communications Corp. by SBC Communications Inc. for $5.45 per share in cash. At the time, by virtue of its Class B stock holdings, SBC controlled approximately 42% of the voting power of the Company. The Action was brought as a class action on behalf of all Prodigy shareholders (except defendants and their affiliates) against SBC and the directors of Prodigy seeking injunctive and other appropriate relief on the grounds the Proposed Transaction was unfair to Prodigy's public shareholders in a number of respects, including price.

- Giarraputo v. UnumProvident Corp., J. Harold Chandler, James F. Orr, III, Robert E. Broatch and Thomas R. Watjen, Case No. 99-301-P-C (D. Maine) (Bull & Lifshitz appointed executive committee member. Court approved $45 million cash settlement – one of the largest class action securities recoveries ever obtained in the 1st Circuit.

Plaintiffs charged that in connection with the merger of Unum Corporation and Provident Companies, Inc., UnumProvident and certain of its officers had violated Sections 10(b), 14(a) and 20 of

4

the Securities Exchange Act of 1934 and Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 by making, or causing to be made, certain false and misleading public statements.

- <u>In re eMachines Securities Litigation</u> . No. 01-CC-00156 (Superior Court of The State Of California, County Of Orange). Bull & Lifshitz acted as Co-Lead Counsel and, after 6 years of litigation and "on the eve of trial", obtained a $24 million settlement of class action challenging a going private transaction.

  Plaintiff brought this action on behalf of former shareholders of eMachines against the former directors and executive officers of eMachines alleging breach of fiduciary duty claims brought in connection with the Company founder Lap Shun Hui's successful attempt to take the Company private in December 21, 2001 via an unfair process and at the unfair price of $1.06 per share or $161 million.

- <u>Kaiser, et al., v. ICOS Corporation, et al.,</u> Case No. 06 2 11897 7 (Superior Court of the State of Washington for the County of Snohomish). Bull & Lifshitz appointed Co-Lead Counsel. Mootness dismissal which included an increased offer from $32.00 to $34.00 per share in a deal valued at approximately $2.3 billion and disclosure of material information to ICOS shareholders in order to make an informed decision to vote in favor of or seek appraisal in connection with a proposed acquisition of ICOS by a controlling shareholder.

  Plaintiffs challenged a merger pursuant to which ICOS Corporation would be acquired by Eli Lilly for $32 per share. Among other things, the Board failed, at any time, to take all reasonable steps to maximize shareholder value, including the implementation of a bidding mechanism to foster a fair auction of the Company to the highest bidder or the exploration of strategic alternatives that would return greater value to plaintiff and the Class. The Board also failed to consider and inform its shareholders about the full value of the Company's material assets Plaintiffs charged that the Proxy omitted critical information relating to the valuation of the Company and its assets and that an ICOS shareholder would consider this material information important and necessary in deciding whether to accept the terms of the Merger Agreement or to seek appraisal for his or her shares under Washington law.

- <u>In re Musicmaker.com Securities Litigation</u>, Master File No. 00-02018 (United Stated District Court, Northern District of California).   Bull & Lifshitz appointed executive committee member.  Court approved $15 million cash settlement.

  In this action, plaintiffs charged defendants with a scheme to defraud investors through the dissemination of false and misleading statements of material fact contained in, and material omissions from, the SEC filings and other class period public statements by or relating to Musicmaker.com, Inc. in violation of Sections 11, 12(2) and 15 of the Securities Act of 1933 and 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder.

- <u>In re Homestead Village, Inc. Shareholder Litigation</u>, Consolidated C.A. No. 24-C-O-001556 (Circuit Court Baltimore, State of Maryland).   Bull & Lifshitz appointed executive committee member.  Court approved  settlement of $10.9 million.

- <u>In re Rite Aid Corporation Derivative Litigation v. Alex Grass, Rite Aid Corp. et al.</u>, C.A. No. 17440 (Court of Chancery, Delaware State Court, New Castle County).  Bull & Lifshitz appointed Co-lead Counsel.  Court approved a global settlement of class and derivative actions in the Eastern District of Pennsylvania including $5 million cash settlement for Delaware and Pennsylvania derivative actions.

  This was a stockholder's derivative action brought pursuant to Rule 23.1 of the Rules of the Court of Chancery, by plaintiff a stockholder of Rite Aid.  In the action, plaintiff charged that the Board of Directors of Rite Aide breached their fiduciary duties by failing to oversee adequately the Company's growth and maintain adequate internal controls which resulted in Rite Aid being sued under the federal securities laws.

- <u>In re ARV Assisted Living Inc. Shareholders Litigation</u>, C.A. No. 19926-NC (Court of Chancery, State of Delaware, New Castle County). Bull & Lifshitz appointed as Co-Lead Counsel.  The Court approved a settlement increasing consideration for ARV shareholders from between $3.25 and $3.60 per share to $3.90 per share, or approximately a total between $2.97 million and $6.44 million).

  The Action was brought in challenging a proposed acquisition of the publicly owned shares of ARV Assisted Living, Inc. by

6

Promethus Assisted Living LLC, an affiliate of Lazard Freres & Co. at a price between $3.25 to $3.60 per share in cash. At the time, Promethus owned 43.5% of the Company. The Action was brought as a class action on behalf of all ARV shareholders (except defendants and their affiliates) against the Company, Promethus and the directors of ARV seeking injunctive and other appropriate relief on the grounds the Proposed Transaction was unfair to ARV's public shareholders in a number of respects, including price.

- In re Liberty Satellite & Technology, Inc. Shareholders Litigation, Consolidated Action No. 20224-NC (Court of Chancery, State of Delaware, New Castle County). Bull & Lifshitz appointed as Co-Lead Counsel. The Court approved a settlement of approximately $3.5 million or 30% in additional consideration to LSAT public shareholders.

  Prior to the transactions at issue in this litigation, Liberty Media Corporation ("Liberty") owned or controlled approximately 87% of LSAT's outstanding A Series and B Series common stock and 98% of the overall voting power of all LSAT common and preferred stock. The public float of LSAT Series A and Series B common stock was approximately 6 million shares and 400,000 shares, respectively. On April 2, 2003, LSAT publicly announced that it had received a letter from Liberty in which Liberty expressed an interest in a potential business combination with LSAT, pursuant to which the holders of LSAT Series A common stock would receive 0.2131 of a share of Liberty Series A common stock for each share of LSAT stock (the "March Proposal"). On August 5, 2003, plaintiffs and defendants entered into a memorandum of understanding (the "MOU") providing for the settlement and dismissal of the Action, subject to certain conditions, in which Liberty would proceed with a merger (the "Merger") in which the public stockholders of LSAT common stock would receive 0.2750 of a share of Liberty Series A common stock per share of LSAT common stock. Among other things, the defendants acknowledged in the MOU that defendants "took into account the desirability of satisfactorily addressing the claims in the [Action]" when agreeing to increase the consideration to be paid to LSAT's public shareholders by approximately 30%, from 0.2131 to 0.2750 per LSAT share. At the prevailing price of Liberty shares at the time, this increase represented approximately $3.5 million in additional consideration to LSAT public shareholders.

- <u>In re Sportsline.com, Inc. Shareholder Litigation,</u> C.A. NO. 538-N (Court of Chancery, State of Delaware, New Castle County). Bull & Lifshitz appointed Co-Lead Counsel. Court approved a settlement which provided for an increase in the consideration to be paid shareholders of Sportsline.com from $1.50 to $1.75 per share.

  This Action challenged a transaction announced by Viacom, Inc. - an entertainment mega-corporation – an owner of approximately 38% of SportsLine's publicly-traded common stock – to purchase all remaining outstanding shares of the Company at a rate of compensation of $1.50 per share to be paid in cash.

- <u>In re Kroll-O'Gara Shareholders Litigation,</u> Case No. CV 9911 2178 (Court of Common Pleas, State of Ohio, Butler County). Bull & Lifshitz appointed Co-Lead Counsel. Court approved settlement of action Ordering Kroll to institute substantial material therapeutic benefits including requirements that the Company establish a Special committee to consist of not less than three independent directors to review annually, Kroll's shareholder protection defense measures, including relevant bylaws and proposed bylaws and any change in control agreements involving management of Kroll and recommend to Kroll's full Board of Directors any changes deemed by them to be in the best interests of Kroll's stockholders.

  Plaintiffs originally challenged a proposed sale of Kroll to Blackstone for $18.00 per share in cash. Pursuant to the terms of the acquisition, defendant Jules B. Kroll, certain other members of Kroll-O'Gara's management and defendant American International Group, Inc. were to retain ownership of not less than 7.7% of Kroll-O'Gara's common stock. Subsequently, Kroll announced that Blackstone had informed Kroll that it had terminated the Blackstone Acquisition. Thereafter, Kroll-O'Gara announced that its Board had approved an Agreement and Plan of Reorganization and Dissolution which provided for the separation of Kroll-O'Gara's primary businesses -- the Security Products & Services Group (O'Gara-Hess & Eisenhardt Armoring) and the Investigations & Intelligence Group (Kroll Risk Consulting Services) -- into two stand alone companies, the "O'Gara Company" and "Kroll Risk" Thereafter, Kroll announced that the Spin-Off would not be pursued and, instead, that Kroll-O'Gara had signed a definitive agreement to separate the Products and Services Group (O'Gara-Hess & Eisenhardt Armoring) and the Investigations & Intelligence Group (Kroll Risk Consulting

8

Services).  Thereafter, Kroll-O'Gara announced it had signed a definitive agreement with third-party Armor Holdings, pursuant to which Armor Holdings would acquire Kroll-O'Gara's Security Products and Services Group for $56.5 million.

Plaintiffs then filed their Supplemental Second Consolidated Amended Verified Derivative Complaint which updated plaintiffs' allegations through the Armor Transaction.  In the Supplemental Consolidated Complaint, plaintiffs once again asserted claims against the Individual Defendants for allegedly allowing "internecine disputes" between and among Kroll-O'Gara's management to harm Kroll-O'Gara and for allegedly abdicating their duties by failing to prevent various defendants from harming Kroll-O'Gara and engaging in a continuous course of self-dealing. In the Supplemental Consolidated Complaint, plaintiffs recognized that the class claim(s) that had been previously asserted had been rendered moot by the Armor Transaction.  Accordingly, plaintiffs dropped their class claim(s) and decided to only pursue derivative claims.

- Brody v. First Union National Bank, Index No. 00-001296 (G.J. O'Connell) (Supreme Court State of New York, Nassau County). Bull & Lifshitz acted as Co-Lead Counsel.  Court approved a settlement of consumer class action.

  The Settlement directly remedied the statutory violations complained of in the Action, namely defendant's failure to comply with the New York Motor Vehicle Retail Leasing Act, Personal Law, Article 9-A. As a result of the Settlement, each member of the Class who was charged for and paid excess wear and damages charges received consideration consisting of their pro rata portion of Four Hundred Fifty Thousand Dollars ($450,000) in cash (less attorneys' fees, expenses and notice costs).  The Cash Consideration resulted in each Class Member who was charged for and paid excess wear and damages charges receiving upwards of 60% of any amounts they paid  In addition, as part of the Settlement, First Union agreed to discontinue any effort to collect excess wear and damage charges from members of the Class.

- Ortsman v. Adesa, Inc. et al. . C.A. No. 2670-VCL (Court of Chancery, State of Delaware, New Castle County).  Bull & Lifshitz appointed Co-Lead Counsel.  Court approved a settlement which included disclosure of material information to Adesa shareholders in order to make an informed decision to vote or see appraisal in connection with a proposed going private transaction.

9

Plaintiff challenged a merger agreement entered into by Adesa, Inc. pursuant to which Adesa would be acquired by a consortium of private equity funds consisting of Kelso & Company, L.P., ValueAct Capital Management, L.P., and Parthenon Capital, LLC, Under the terms of the Merger Agreement, Company stockholders would receive $27.85 in cash for each share of common stock. Counsel for the parties to the Action reached agreement to settle the Action, subject to negotiation of a Supplement to the Proxy to be provided to stockholders of Adesa which included disclosure of potential conflicts of interest held by Adesa's financial advisor in connection with the transaction, a detailed description of the genesis of the provision of the option for any potential bidder for Adesa to utilize stapled financing offered by Adesa's financial advisor and the rationale for offering such stapled financing including increasing the potential number of bidders who could participate in the sales process, maintenance of the confidentiality of the process, and disclosure of the final bid instruction letter that Adesa's financial advisor provided to the final bidders which explicitly stated that the financing commitments being offered were optional and not a factor in evaluating a potential bidder's proposal and the financing commitments were being shared with potential bidders solely to facilitate the transaction.

- <u>In re Intergraph Shareholder Litigation,</u> C.A. No. 2398 – N (Court of Chancery, State of Delaware, New Castle County). Bull & Lifshitz appointed Co-Lead Counsel. Court approved a settlement which included disclosure of material information to Intergraph shareholders in order to make an informed decision to vote or seek appraisal in connection with a proposed going private transaction.

  Plaintiff challenged a proposed sale of Intergraph Corporation to a consortium of private equity funds including Hellman & Friedman, LLC, Texas Pacific Group and JMI Equity. Under the terms of the Merger Agreement, Intergraph stockholders would receive $44.00 in cash for each share of common stock owned. In connection with seeking shareholder approval for the transaction, Defendants agreed to supplemental disclosures including, among other things: (i) the projected financial information considered by Intergraph's Board of Directors; (ii) certain intellectual property litigation updates; and (iii) valuation of certain of Intergraph's non-core assets.

- <u>In re Cardiac Science, Inc. Shareholders Litigation</u>, Consol. C.A. No. 1138-N (Court of Chancery, State of Delaware, New Castle

10

County).  Bull & Lifshitz appointed Co-Lead Counsel.  Court approved a settlement which included disclosure of material information to Cardiac shareholders in order to make an informed decision to vote in favor of or seek appraisal in connection with a proposed stock-for-stock merger between Cardiac and Quinton Cardiology Systems.

Plaintiffs challenged a proposed stock-for-stock merger agreement between Cardiac and Quinton which provided for, among other things, the formation of a new corporation, CSQ Holding Company ("CSQ"), the mergers of Cardiac and Quinton into wholly owned subsidiaries of CSQ, and the merger of Quinton into CSQ.  Cardiac agreed to revise the Preliminary Proxy Statement to address disclosures requested by Plaintiffs, and agreed to by Cardiac's counsel, including, among other things, disclosures regarding Cardiac's net operating losses, Cardiac's patent litigation, Cardiac's board of director deliberations, and the factual background concerning the Proposed Transaction.

- Schnipper v. Target Logistics, Inc., Case No. 24-C-07 (Circuit Court for Baltimore City, State of Maryland).  Bull & Lifshitz sole Lead Counsel. Proposed Settlement of action pending on the basis of disclosure of material information to Target shareholders in order to make an informed decision to vote in favor of or seek appraisal in connection with a proposed going private transaction.

Plaintiff challenged an Agreement and Plan of Merger by and among Target, Mainfreight Limited and Saleyards pursuant to which Mainfreight would acquire Target. Under the terms of the Merger Agreement, Target shareholders would receive $2.50 in cash for each share of common stock and $62.50 in cash for each share of Class F Preferred Stock.  Among other things, plaintiff alleged that the Target directors breached their fiduciary duties in connection with the proposed Merger by (i) failing to engage in a process best calculated to maximize shareholder value; (ii) failing to fully consider possible alternative transactions with other potential buyers; (iii) approving allegedly improper deal protection devices; and (iv) agreeing to an inadequate price per share. The Complaint also alleged that the Target directors further breached their fiduciary duties in connection with the Company's Preliminary Information Statement by failing to provide full and complete disclosures concerning matters that a reasonable shareholder would deem important under the circumstances. Target agreed to issue supplemental disclosures in the form an 8-K which such disclosures included information relating to the factual

background concerning the Proposed Transaction in addition to financial information used by the Company's financial advisor.

- **Stern v. Ryan, et al., No. 02-16831 (Circuit Court of County County, Illinois Chancery Division).** Bull & Lifshitz sole counsel in derivative action. Court approved settlement of Action on basis of implementation of new comprehensive Corporate Governance Policies.

  Plaintiff alleged, inter alia, that the officers and directors of AON had breached their fiduciary duties to AON and its shareholders in the management and oversight of AON's business, particularly with respect to the Company's internal financial and accounting controls. The new Corporate Governance Policies which formed the basis of the settlement included, inter alia, establishing a corporate governance website through which shareholders can communicate non trivial matters to independent director, all Executive Vice Presidents and the CFO shall make reports to the Board regarding their respective areas of responsibility, at least annually, and shall meet at least annually with the non employee directors of the Company, the appointment and creation of a lead Independent Directorship, and agreement by the Company that the Audit Committee shall continue to consist of only independent directors.

- **In Re Bacou USA, Inc. Shareholders Litigation**, C.A. No. 18930-NC (Court of Chancery, State of Delaware, New Castle County). Bull & Lifshitz appointed as Co-Lead Counsel. Court approved a settlement which included disclosure of material information to Bacou shareholders in order to make an informed decision to vote or seek appraisal in connection with a proposed going private transaction.

  Plaintiff challenged a proposed sale of Bacou USA, Inc. to Christian Dalloz, S.A. Under the terms of the Merger Agreement between Bacou S.A. and Christian Dalloz, S.A. each share of Bacou USA, Inc. not owned by Bacou, S.A. would be cashed out at a price of $28.50 per share. At that time, Bacou S.A. owned and/or controlled over 70% of the outstanding common stock of Bacou, USA. In connection with seeking shareholder approval for the transaction, Defendants agreed to supplemental disclosures including, among other things additional information concerning the Merger.

12

- <u>In re Realogy Corp. Shareholder Litigation</u>, C-181-06 (Superior Court of New Jersey, Chancery Division). Bull & Lifshitz appointed to Executive Committee.  Court approved settlement of Action on basis of irrevocable waiver by buyer of termination fee in excess of $180,000,000, certain agreements by the Defendants concerning shareholders demands for appraisal rights and the inclusion of certain additional disclosures in the Company's Final Proxy Statement.

  Plaintiffs brought an action challenging an agreement and plan of merger pursuant to which all shares of Realogy common stock would be acquired for $30 per share.

The members of Bull & Lifshitz, LLP are Peter D. Bull and Joshua M. Lifshitz.

<u>Peter D. Bull</u> received a B.A. Degree from Fordham University where he graduated *Summa Cum Laude* and was a member of *Phi Beta Kappa*.  He received his J.D. Degree from Fordham University School of Law.  Prior to forming Bull & Lifshitz, LLP, Mr. Bull worked for spin-offs of large national law firms, including a boutique firm specializing in antitrust litigation, as well as one of the leading class action law firms in the United States.  Mr. Bull's practice has included a wide variety of litigation matters involving the federal securities laws, shareholder class actions, insurance law, federal and state antitrust laws, and various other commercial matters.  Mr. Bull is admitted to practice in the State of New York and the United States District Court for the Southern District of New York.

<u>Joshua M. Lifshitz</u> is a graduate of Brooklyn College and St. Johns University School of Law.  Prior to forming Bull & Lifshitz, LLP, Mr. Lifshitz worked as an associate for one of the leading class action law firms in the United States.  Mr. Lifshitz's practice has included a wide variety of litigation matters involving the federal securities laws, shareholder and consumer class actions, insurance law, federal and state antitrust laws, and various other commercial matters. Mr. Lifshitz has received his CPA from the State of Maryland.  He is admitted to practice in the State of New York and State of New Jersey and the United States District Court for the Southern and Eastern Districts of New York.  He is also a member of the Association of the Bar of the City of New York.

**Associate**

<u>Irina S. Lust</u> is a graduate of State University of New York College, Oneonta, and New York Law School.  Mrs. Lust's admission to the New York State Bar is pending.  Mrs. Lust focuses her practice on corporate merger and acquisitions. She is also a member of the Association of the Bar of the City of New York.