UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH S. GELMIS, Individually and On Behalf OF All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>Defendants. | Civil Action No. 1:08-cv-00980-RMB |
| JULES ROTHAS, Individually and On Behalf OF All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, DAVID B. KAY, and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>Defendants. | Civil Action No. 1:08-cv-01120-RMB |

[Captions continued on the following pages.]

**MEMORANDUM OF LAW IN SUPPORT OF FAFN/SLATER GROUP'S
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
AND CONCOMITANT SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| ALEX D'ANGELO, Individually and On Behalf OF All Others Similarly Situated,<br><br>          Plaintiff,<br><br>  vs.<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, CHARLES M. PINKNEY, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>          Defendants. | Civil Action No. 1:08-cv-01331-RMB |
| JUDITH GREENBERG, Individually and On Behalf OF All Others Similarly Situated,<br><br>          Plaintiff,<br><br>  vs.<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, BARBARA C. LUCAS, ANGELA A. BARONE, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>          Defendants. | Civil Action No. 1:08-cv-02005-MGC |

[Captions continued on the following page.]

| | |
|---|---|
| NAOMI RAPAHEL, Individually and On Behalf OF All Others Similarly Situated,<br><br>                                      Plaintiff,<br><br>vs.<br><br>MICHAEL L. FALCONE, WILLIAM S. HARRISON, MELANIE M. LUNDQUIST, CHARLES C. BAUM, EDDIE C. BROWN, ROBERT S. HILLMAN, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>                                      Defendants. | Civil Action No. 1:08-cv-02190-RMB |
| ARNOLD J. ROSS, Individually and On Behalf OF All Others Similarly Situated,<br><br>                                      Plaintiff,<br><br>vs.<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>                                      Defendants. | Civil Action No. 1:08-cv-02199-RMB |

# TABLE OF CONTENTS

**PAGE NO.**

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION .................................................................................................................1

PROCEDURAL BACKGROUND ........................................................................................2

STATEMENT OF FACTS ....................................................................................................2

ARGUMENT.........................................................................................................................3

I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED........................................3

II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ...........................................5

    A.    The Procedure Required by the PSLRA................................................................5

    B.    Movant Satisfies the "Lead Plaintiff" Requirements of the PSLRA......................6

        1.    Movant Has Complied With the PSLRA ......................................................6

        2.    Movant Has the Largest Financial Interest in the Relief Sought By the Class..................................................................................................................6

        3.    Movant Otherwise Satisfies Rule 23 .............................................................8

III.    THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL .....10

CONCLUSION ...................................................................................................................11

505817

Movant, FAFN/Slater Group ("Movant"), respectfully submits this memorandum of law in support of its motion for: (i) consolidation of the above-captioned actions, (ii) appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) concomitant selection of Lead Counsel.

## INTRODUCTION

The above-captioned actions (collectively, the "actions"), are securities fraud class actions brought against Municipal Mortgage & Equity, LLC ("MMA" or the "Company") and certain of its current and former officers and/or directors (collectively, the "Defendants") alleging violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, on behalf of a class consisting of purchasers of MMA securities (the "Class"). Some actions seek redress for Defendants' violations of the Exchange Act during the period of January 30, 2003, through January 28, 2008, while other actions seek redress for Defendants' violations of the Exchange Act from May 3, 2004, through January 29, 2008, inclusive. The operative "Class Period" should be from January 30, 2003, through January 28, 2008.

Throughout the Class Period, Movant purchased approximately 55,600 shares of MMA securities and suffered approximately $1,450,000 in losses as a result of Defendants' misconduct.[1] As the plaintiff with the largest financial interest in the litigation, Movant seeks Court approval of its appointment as Lead Plaintiff and concomitant selection of Lead Counsel

---

[1] The losses suffered by Movant are not the same as its legally compensable damages, which, is often a complex legal question that cannot be determined at this stage of the litigation. The approximate losses may, however, be determined from the certifications required under Section 21D(a)(2) and based on information concerning the current market for the Company's securities. *See* Declaration of Thomas H. Burt, Esq. March 31, 2008 (the "Burt Decl."), Ex. B.

for itself and the Class as set forth herein.  *See, e.g., In re Olsten Corp.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)(citing *Lax v. First Merchants Acceptance Corp.*, 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997)).  *See also Bassin v. Decode,* 04 Civ. 7050 (RJH), 2005 U.S. Dist. LEXIS 51, at *8 (S.D.N.Y. Jan. 3, 2005) (Holwell, J.).  As discussed in detail below, Movant has satisfied each of the requirements of the PSLRA and, therefore, is qualified for appointment as Lead Plaintiff.

## PROCEDURAL BACKGROUND

On January 30, 2008, notice of the pendency of a class action brought on behalf of a Class consisting of all persons who purchased the securities of the Company during the Class Period was published over a widely-available, national, business-oriented newswire service, *Prime NewsWire*.  The notice advised members of the proposed class of their right to move the Court to serve as lead plaintiff(s) no later than 60 days from the date of publication of the notice.  *See* Burt Decl., Ex. A.

## STATEMENT OF FACTS[2]

MMA is a Delaware limited liability company which provides debt and equity financing to various parties, invests in tax-exempt bonds and other housing-related debt and equity investments, and is a tax credit syndicator that acquires and transfers low-income housing tax credits.  MMA maintains offices at 99 Park Avenue, Suite 2010, New York, NY 10016.

On January 28, 2008, MMA announced that the Company would not meet the necessary deadlines to file current financial reports necessary to maintain listing status on the NYSE.  As a result, the Company would be delisted and trade on the over-the-counter market.

---

[2]    All facts are taken from the complaint styled: *Gelmis v. Municipal Mortgage & Equity, LLC, et al.*, 1:08-cv-00980-RMB.

On January 29, 2008, MMA filed a Current Report on 8-K detailing changes to its accounting policies and revealing a restatement to its December 31, 2004 and 2005 audited financial statements. As a result of the January 28th and 29th announcements, the price of the Company's common stock fell from $17.20 to $9.19, a decrease of 46%.

Movant alleges that during the Class Period defendants engaged in a common course of conduct that operated as a fraud or deceit on purchasers of MMA common stock by disseminating materially false and misleading statements and/or concealing material adverse facts. Throughout the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including plaintiff and other Class members, as alleged herein; and (ii) cause plaintiff and other members of the Class to purchase MMA common stock at artificially inflated prices.

Accordingly, Defendants allegedly: (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's common stock in an effort to maintain artificially high market prices for MMA common stock in violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA, among other things, provides for consolidation of related actions brought under the federal securities laws prior to the appointment of lead plaintiff. Section 21D(a)(3)(B)(ii) of the Exchange Act addresses the issue of consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(I)] until after the decision on the motion to consolidate is rendered.

Rule 42(a) of the Federal Rules of Civil Procedure provides in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Accordingly, a two-step process is applied in determining lead plaintiff and lead counsel status when consolidation is an issue. First, the Court shall rule on the consolidation issue. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. Each of the above-captioned actions involves class action claims brought pursuant to the PSLRA on behalf of class members who purchased or otherwise acquired MMA common stock during the Class Period. Consolidation is appropriate because the related actions involve common questions of law and fact and allege the same or similar claims under the Federal securities laws on behalf of the same or similar plaintiff class. In addition, the related actions involve similar issues regarding class certification, and identical discovery of the parties and of non-parties. Accordingly, these actions should be consolidated for all purposes in the interest of judicial economy and overall efficiency. *See EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) (cases "sharing common aspects of law or fact may be consolidated to avoid unnecessary cost or delay").

Movant, therefore, requests that the Court consolidate the Related Actions and any subsequently filed related actions.

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of lead plaintiffs in "each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Gelmis* action, the first-filed action, caused such notice to be published via *Prime NewsWire* on January 30, 2008. *See* Burt Decl., Ex. A.

Second, within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Third, the PSLRA provides that within 90 days after publication of the notice, the Court shall consider any motion made by a class member or group comprised of class members and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> (aa)   has either filed the complaint or made a motion in response to a notice . . .
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

5

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996). *See also In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002): "The Act sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff."

### B. Movant Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### 1. Movant Has Complied With the PSLRA

Pursuant to the provisions of the PSLRA, the Movant has timely moved to be appointed lead plaintiff within the requisite time frame on behalf of all members of the Class. Movant has reviewed a copy of a complaint filed in the action and is willing to serve as a representative party on behalf of the Class. *See* Declarations of George Gay and Kenneth Slater, submitted herewith. In addition, the Movant has selected and retained experienced and competent counsel to represent him and the Class. *See* Burt Decl., Ex. C.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of Lead and Liaison Counsel, as set forth herein, considered and approved by the Court.

#### 2. Movant Has the Largest Financial Interest in the Relief Sought By the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action.

This statute instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the person or group of persons that has the largest financial interest in the relief

sought by the Class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Movant is presumptively the most adequate plaintiff because it has the largest financial interest in the relief sought by the Class of any plaintiff or that has moved for appointment as lead plaintiff and best satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Courts, in applying the PSLRA, have noted that the "largest financial interest" standard should be viewed broadly in terms of: (1) the number of shares purchased, (2) the number of net shares purchased, (3) the total net funds expended by the plaintiff during the class period, and (4) the approximate losses suffered by the plaintiff. *Bassin v. Decode*, 04 Civ. 7050 (RJH), 2005 U.S. Dist. LEXIS 51, at *8 (S.D.N.Y. Jan. 3, 2005) (Holwell, J.). *See also Pirelli Armstrong Tire Corp. v. LaBranche & Co., Inc.*, 03 Civ. 8264 (RWS), 2004 U.S. Dist. LEXIS 9571, at *7 (S.D.N.Y. May 27, 2004) (quoting *Lax v. First Merchants Acceptance Corp.*, 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997)); *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); *Ferrari v. Impath*, 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, (S.D.N.Y. July 15,2004), at *4.

During the Class Period, Movant purchased a combined 55,600 shares of MMA common stock and suffered a loss of approximately $1,450,000 as a result of defendants' misconduct. Movant herein has the largest financial interest in this case. *See* Burt Decl., Ex. B.

Movant has not received notice of any other applicant or applicant group that sustained a greater financial loss in connection with the purchase and/or sale of MMA's common stock. Therefore, Movant satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

### 3. **Movant Otherwise Satisfies Rule 23**

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court shall limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Lax v. First Merchants Acceptance Corp.*, No. 97 Civ. 2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997); *Fischler v. Amsouth Bancorporation*, No. 96 Civ. 1567, 1997 U.S. Dist. LEXIS 2875, at *7-8 (M.D. Fla. Feb. 6, 1997); *Zaltzman v. Manugistics Group, Inc.*, 98 Civ. 1881, 1998 U.S. Dist. LEXIS 22867, at *20 (D. Md. Oct. 8, 1998).

Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff. Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *See In re AMF Bowling Securities Litigation*, No. 99 Civ. 3023, 2002 U.S. Dist. LEXIS 4949, 12-13 (S.D.N.Y. March 25, 2002); *In re Sumitomo Copper Litigation*, 194 F.R.D. 480, 482 (S.D.N.Y 2000). However, the claims of the class representative need not be

identical to the claims of the class to satisfy typicality. *See In re AMF Bowling Securities Litigation, supra*. Instead, the courts have recognized that:

> [T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.

*Bishop v. New York City Dep't of Hous. Pres. and Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992). *See also In re Sumitomo Copper Litigation*, 182 F.R.D. 85, 94 (S.D.N.Y. 1998) (Noting that "[i]t is well settled in this Circuit that factual differences in the amount of damages, date, size or manner of purchase, the type of purchaser, the presence of both purchasers and sellers, and other such concerns will not defeat class action certification when plaintiffs allege that the same unlawful course of conduct affected all members of the proposed class.")

Movant seeks to represent a Class that purchased MMA common stock during the Class Period, who have identical, non-competing and non-conflicting interests. Movant satisfies the typicality requirement because it: (i) acquired MMA common stock; (ii) at market prices allegedly artificially inflated as a result of defendants' violations of the federal securities laws; and (iii) suffered damages thereby. Thus, typicality is satisfied since the claims asserted by Movant, "arises from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory." *Walsh v. Northup-Grumman Corp.*, 162 F.R.D. 440, 445 (E.D.N.Y. 1995).

Under Rule 23(a)(4) the representative party must also "fairly and adequately protect the interests of the class." The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced and able to

vigorously conduct the proposed litigation. *Garfinkel v. Memory Metals, Inc.*, 695 F. Supp. 1397, 1405 (D. Conn. 1988).

Movant is the most adequate representative of the Class because it has the largest financial interest in this litigation. Furthermore, as evidenced by its financial injury suffered, Movant's interests are clearly aligned with the members of the Class, and there is no evidence of antagonism between its interests and those of the other members of the Class. In addition, as shown below, Movant's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Movant *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23.

### III.   THE COURT SHOULD APPROVE MOVANT'S CHOICE OF LEAD COUNSEL

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class he seeks to represent. In that regard, Movant has selected and retained Wolf Haldenstein Adler Freeman & Herz LLP to serve as Lead Counsel for the Class. Wolf Haldenstein Adler Freeman & Herz LLP has extensive experience in successfully prosecuting complex securities actions and has frequently appeared in major actions in this and other courts. *See* Burt Decl., Ex. C.

Because there is nothing to suggest that Movant or his counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy under the PSLRA– this Court should appoint the Movant as Lead Plaintiff and approve the Movant's concomitant selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movant requests that the Court: (i) consolidate the actions; (ii) appoint Movant as Lead Plaintiff; and (iii) and approve the Movant's concomitant selection of Wolf Haldenstein Adler Freeman & Herz LLP as Lead Counsel for the Class.

Dated: March 31, 2008                                   Respectfully submitted,


                                                        /s/ Thomas H. Burt
                                                        **WOLF HALDENSTEIN ADLER**
                                                           **FREEMAN & HERZ LLP**
                                                        Gregory M. Nespole, Esq.
                                                        Thomas H. Burt, Esq. (TB 7601)
                                                        George T. Peters, Esq.
                                                        270 Madison Avenue
                                                        New York, New York 10016
                                                        Telephone: (212) 545-4600
                                                        Facsimile: (212) 545-4653