UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

JOSEPH S. GELMIS, Individually and on
Behalf of All Others Similarly Situated,

     Plaintiff,

  vs.

EARL W. COLE, III, et al.,

     Defendants.
_____

:   Civil Action No. 1:08-cv-00980-RMB
:
:   <u>CLASS ACTION</u>
:
:
:
:
:
:
:
:
:

JULES ROTHAS, Individually and on Behalf
of All Others Similarly Situated,

     Plaintiff,

  vs.

MUNICIPAL MORTGAGE & EQUITY
L.L.C., et al.,

     Defendants.
_____

:   Civil Action No. 08-cv-01120-RMB
:
:   <u>CLASS ACTION</u>
:
:
:
:
:
:
:
:

ARNOLD J. ROSS, Individually and on Behalf
of All Others Similarly Situated,

     Plaintiff,

  vs.

EARL W. COLE, III, et al.,

     Defendants.
_____ x

:   Civil Action No. 1:08-cv-01299-RMB
:
:   <u>CLASS ACTION</u>
:
:
:
:
:
:
:
:

[Caption continued on following page.]

MEMORANDUM IN SUPPORT OF THE MOTION OF THE YATES GROUP
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

---

| | |
|---|---|
| ALEX D'ANGELO, Individually and on Behalf of All Others Similarly Situated, | x<br>:    Civil Action No. 1:08-cv-01331-RMB<br>:<br>:    <u>CLASS ACTION</u> |
| Plaintiff, | : |
| vs. | : |
| MUNICIPAL MORTGAGE & EQUITY, LLC, et al., | : |
| Defendants. | : |

---

| | |
|---|---|
| NAOMI RAPHAEL, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:08-cv-02190-RMB<br>:<br>:    <u>CLASS ACTION</u> |
| Plaintiff, | : |
| vs. | : |
| MUNICIPAL MORTGAGE & EQUITY, LLC, et al., | : |
| Defendants. | :<br>x |

---

## I.    PRELIMINARY STATEMENT

Presently pending before this Court are at least five-related securities class action lawsuits[1] (the "Actions") brought on behalf of all those who purchased or otherwise acquired Municipal Mortgage & Equity L.L.C. ("MuniMae" or the "Company") securities between January 30, 2003 and January 28, 2008,[2] inclusive (the "Class Period") and allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Robert Yates, Trustee for Robert L. Yates Living Trust, Debra Yates Jerdon Family Trust and Kathleen Yates Carter Family Trust; Alan S. Barry; David Young; Carlo Hornsby; and Ed Friedlander as Trustee for the Ed Friedlander Trust (collectively, the "Yates Group") hereby move this Court for an Order to: (i) consolidate the Actions; (ii) appoint the Yates Group as Lead Plaintiff; and (iii) approve the Yates Group's selection of the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Berger & Montague, P.C. ("Berger Montague") to serve as Lead Counsel.

The Yates Group collectively suffered losses of approximately $757,010.65 in connection with its purchases of 46,014 shares of MuniMae common stock during the Class Period.  *See*

---

[1]    Concurrent with the filing of this motion, the members of the Yates Group are filing motion papers for appointment of lead plaintiff in the District of Maryland, where additional actions alleging the same violations of the federal securities laws are pending.

[2]    Although the various complaints allege different Class Periods, for the purposes of this motion, the relevant Class Period is the longest period alleged in the complaints.

Rosenfeld Decl. Ex. B.[3]  To the best of our knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as Lead Plaintiff in these Actions.  In addition, the Yates Group, for the purposes of this motion, satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND[4]

MuniMae and its subsidiaries arrange debt and equity financing for developers and owners of real estate and clean energy projects.  The Company also provides investment management and advisory services for institutional investors.

The Actions charge certain officers and directors of MuniMae with violations of the Exchange Act. According to the complaints, during the Class Period, defendants issued materially false and misleading statements which misrepresented and failed to disclose: (a) that MuniMae was materially overstating its financial performance by failing to properly account for its interests in certain entities; (b) that MuniMae was: (i) failing to timely write-down the fair value of its "held-for-sale" loans, bonds, derivatives, mortgage servicing rights and guarantee obligations; and (ii) materially overstating the fair value of these assets; (c) that the Company lacked adequate internal controls and was therefore unable to ascertain its true financial condition; (d) that based on the foregoing, MuniMae's Class Period financial statements were materially false and misleading

---

[3]    References to the "Rosenfeld Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld dated March 31, 2008, and submitted herewith.

[4]    These facts are drawn from the allegations in the action entitled *Jules Rothas vs. Municipal Mortgage & Equity L.L.C., et al.*, Civil Action No. 1:08-cv-01120-RMB (the "*Rothas* Action").

when issued and not prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); and (e) that the Company was performing poorly and would soon be forced to cut its dividend.

Then, on January 28, 2008, the Company announced that it was reducing its dividend distribution from $0.5250 to $0.33 per share. The Company also admitted that its previously-issued financial results and financial statements materially overstated the Company's financial performance and that the Company's financial statements were not prepared in accordance with GAAP. Specifically, the Company stated that it would likely be restating its financial statements for the years ended December 31, 2004, 2005 and 2006. Moreover, the Company would likely lose its eligibility of trading on the New York Stock Exchange ("NYSE") due to the fact that it would not be filing its Annual Report on Form 10-K for the year ended December 31, 2006 by the deadline imposed by the NYSE.

In response to the announcement of the restatement and imminent delisting, the price of MuniMae stock dropped from $17.20 per share to $9.19 per share, on extremely heavy trading volume. On January 29, 2008, the Company filed its Form 8-K with the SEC. The Form 8-K provided more information on the Company's announcement regarding the restatement of its financial results. Upon this news, the price of MuniMae's stock continued to fall to $7.13 per share.

## III.    ARGUMENT

### A.    The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of the purchasers of MuniMae stock for alleged violations of the Exchange Act during the relevant time period. The Actions name the same defendants and involve the same factual and legal issues. They are each brought by investors who purchased MuniMae stock during the relevant time period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the

issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of MuniMae securities at all relevant times.  Consolidation is appropriate where there are actions involving common questions of law or fact.  Fed. R. Civ. P. 42 (a).  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  That test is met here and, accordingly, the Actions should be consolidated.

**B.      The Yates Group Should Be Appointed Lead Plaintiff**

**1.      The Procedure Required by the PSLRA**

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i).  Plaintiff in the action entitled *Gelmis v. Cole*, *et al.,* Civil Action No. 1:08-cv-00980-RMB, caused the first notice regarding the pendency of these actions to be published on *Prime Newswire*, a national, business-oriented newswire service, on January 30, 2008.  *See* Rosenfeld Decl. Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

- 4 -

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2.    The Yates Group Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a.    The Yates Group Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on March 31, 2008.  Pursuant to the provisions of the PSLRA, and within the requisite time frame after publication of the required notice (published on January 30, 2008), the Yates Group timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

The members of the Yates Group have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class[5].  *See* Rosenfeld Decl. Ex. C.  In addition, the Yates Group has selected and retained competent counsel to represent them and the class.  *See* Rosenfeld Decl. Exs. D-E.  Accordingly, the Yates Group has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as

---

[5]  Prior to the filing of this motion, all five members of the Yates Group held a conference call with each other and their selection of counsel.  The Yates Group will submit a joint declaration in further support of its motion within the next few days.

- 5 -

Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b.    The Yates Group Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Rosenfeld Decl. Ex. C, the Yates Group purchased 46,014 shares of MuniMae stock in reliance upon the materially false and misleading statements issued by the defendants and were injured thereby. In addition, the Yates Group incurred a substantial $757,010.65 loss on its transactions in MuniMae stock. The Yates Group thus has a significant financial interest in this case. Therefore, the Yates Group satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c.    The Yates Group Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for

class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997). The Yates Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath, Inc.,* No. 03-cv-5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 20, 2004).

The members of the Yates Group satisfy this requirement because, just like all other class members, they: (1) purchased MuniMae stock during the Class Period; (2) relied upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, the Yates Group's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Yates Group to represent the class to the existence of any conflicts between the interest of the

Yates Group and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02-MD-1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, the members of the Yates Group are adequate representatives of the class. As evidenced by the injuries suffered by the Yates Group, who purchased MuniMae stock at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of the Yates Group are clearly aligned with the members of the class, and there is no evidence of any antagonism between the Yates Group's interests and those of the other members of the class. Further, the Yates Group has taken significant steps which demonstrate it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, the Yates Group's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Yates Group *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**C.    The Court Should Approve the Yates Group's Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the Yates Group has selected the law firms of Coughlin Stoia and Berger Montague as Lead Counsel. *See* Rosenfeld Decl. Exs. D-E. Coughlin Stoia has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005) in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a

shareholder class action.  The attorneys at Berger & Montague have significant securities class action litigation experience, and have been instrumental in recovering billions of dollars for institutional and individual investors, including *In re Rite Aid Sec. Litig.*, Master File No. 99-1349, 269 F. Supp. 2d 603, 611 (E.D. Pa. 2003) (settlements totaling $334 million), where the Court praised Berger & Montague, P.C., stating: "[I]t would be hard to equal the skill class counsel demonstrated here."

Accordingly, the Court should approve the Yates Group's selection of counsel.

## IV.    CONCLUSION

For all the foregoing reasons, the Yates Group respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint the Yates Group as Lead Plaintiff in the Actions; (iii) approve its selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  March 31, 2008              COUGHLIN STOIA GELLER
                                      RUDMAN & ROBBINS LLP
                                    SAMUEL H. RUDMAN
                                    DAVID A. ROSENFELD
                                    MARIO ALBA, JR.


                                    _____
                                           */s/ David A. Rosenfeld*
                                       DAVID A. ROSENFELD

                                    58 South Service Road, Suite 200
                                    Melville, NY  11747
                                    Telephone:  631/367-7100
                                    631/367-1173 (fax)

BERGER & MONTAGUE, P.C.
SHERRIE R. SAVETT
BARBARA A. PODELL
ERIC LECHTZIN
1622 Locust Street
Philadelphia, PA  19103
Telephone:  215/875-3000
215/875-4604 (fax)

*[Proposed] Co-Lead Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on March 31, 2008, I caused a true and correct copy of the attached:

Notice Of Motion For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;

Memorandum In Support Of The Motion Of The Yates Group For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel; and

Declaration Of David A. Rosenfeld In Support Of The Motion Of The Yates Group For Consolidation, Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

_____ /s/ *David A. Rosenfeld*
David A. Rosenfeld

MUNIMAE (NY)

Service List - 3/28/2008    (08-0030)

Page 1 of  2

**Counsel For Defendant(s)**

David W.T. Daniels

Michael D. Mann

Richards Kibbe & Orbe LLP

701 8th Street, N.W.

Washington, DC  20001

   202/261-2990

   202/261-2999 (Fax)

**Counsel For Plaintiff(s)**

| | |
|---|---|
| Arthur N. Abbey | Sherrie R. Savett |
| Nancy  Kaboolian | Barbara A. Podell |
| Abbey Spanier Rodd & Abrams, LLP | Eric  Lechtzin |
| 212 East 39th Street | Berger & Montague, P.C. |
| New York, NY  10016 | 1622 Locust Street |
|    212/889-3700 | Philadelphia, PA  19103 |
|    212/684-5191 (Fax) |    215/875-3000 |
| |    215/875-4604 (Fax) |
| | |
| Evan J. Smith | Samuel H. Rudman |
| Brodsky & Smith, LLC | David A. Rosenfeld |
| 240 Mineola Blvd., 1st Floor | Mario  Alba, Jr. |
| Mineola, NY  11501 | Coughlin Stoia Geller Rudman & Robbins LLP |
|    516/741-4977 | 58 South Service Road, Suite 200 |
|    516/741-0626 (Fax) | Melville, NY  11747 |
| |    631/367-7100 |
| |    631/367-1173 (Fax) |
| | |
| Klari  Neuwelt | Marc I. Gross |
| Law Office of Klari Neuwelt | Fei-Lu  Qian |
| 110 East 59th Street, 29th Floor | Pomerantz Haudek Block Grossman & Gross LLP |
| New York, NY  10022 | 100 Park Avenue, 26th Floor |
|    212/593-8800 | New York, NY  10017-5516 |
|    212/593-9131 (Fax) |    212/661-1100 |
| |    212/661-8665 (Fax) |

MUNIMAE (NY)

Service List - 3/28/2008     (08-0030)

Page 2 of  2

Patrick V. Dahlstrom
Joshua B . Silverman
Pomerantz Haudek Block Grossman & Gross
LLP
One North LaSalle Street, Suite 2225
Chicago, IL  60602-3908
   312/377-1181
   312/377-1184 (Fax)

Richard A. Maniskas
D. Seamus Kaskela
David M. Promisloff
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)

Phillip  Kim
Laurence M. Rosen
The Rosen Law Firm P.A.
350 Fifth Avenue
New York, NY  10118
   212/686-1060
   212/202-3827 (Fax)