**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
JOSEPH S. GELMIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

       Plaintiff,

       vs.

EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,

       Defendants.

---------------------------------------------------------------------------X

CASE No.: 08-CV-980 (RMB)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE MMA INVESTORS TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFFS; AND (3) APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**

CLASS ACTION

*[caption continues]*

```
-----------------------------------------------------------------------------X
JULES ROTHAS, Individually and on Behalf of All Others      CASE NO. 08-CV-01120 (RMB)
Similarly Situated,

                Plaintiff,                                  CLASS ACTION

        vs.

MUNICIPAL MORTGAGE & EQUITY, LLC,  MARK K.
JOSEPH,  MICHAEL L. FALCONE,
WILLIAM S. HARRISON, and DAVID B. KAY,

                Defendants.
-----------------------------------------------------------------------------X

-----------------------------------------------------------------------------X
ARNOLD J. ROSS, Individually and on Behalf of All Others    CASE NO. 08-CV-1299 (RMB)
Similarly Situated,

                Plaintiff,                                  CLASS ACTION

        vs.

EARL W. COLE, III, MICHAEL L. FALCONE,
WILLIAM S. HARRISON, MARK K. JOSEPH, and
MUNICIPAL MORTGAGE & EQUITY, LLC,

                Defendants.
-----------------------------------------------------------------------------X
```
*[caption continues]*

```
------------------------------------------------------------------------X
```
ALEX D'ANGELO, Individually and on Behalf of All Others     CASE NO. 08-CV-01331 (RMB)
Similarly Situated,

       Plaintiff,

       vs.

MUNICIPAL MORTGAGE & EQUITY, LLC, MICHAEL L.
FALCONE, WILLIAM S. HARRISON, EARL W. COLE,
III, MARK K. JOSEPH, and MELANIE M. LUNDQUIST,

       Defendants.

```
------------------------------------------------------------------------X
```
NAOMI RAPHAEL, Individually and on Behalf of All Others     CASE NO. 08-CV-02190 (RMB)
Similarly Situated,

       Plaintiff,                                                         <u>CLASS ACTION</u>

       vs.

MUNICIPAL MORTGAGE & EQUITY, LLC, MARK J.
JOSEPH, MICHAEL L. FALCONE, WILLIAM S.
HARRISON, MELANIE M. LUNQUIST, DAVID B.
KAY,CHARLES C. BAUM, EDDIE C. BROWN, ROBERT
S. HILLMAN, ARHTUR S. MEHLMAN, and FRED N.
PARATT, JR.

       Defendants.
```
------------------------------------------------------------------------X
```

      Plaintiffs Norman Feinberg, Robert W. Stark,[1] Leonard Klorfine, Daryl Bonyor[2], and Alan Fetch (collectively "Movants" or "MMA Investors") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities

---

[1]    Mr. Stark's purchases were made by him in a joint account he has with his wife Jamie Stark.
[2]    Ms. Bonyor's purchases were made by her individually and as the trustee of a revocable trust that benefits her mother.

3

Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

    (1)    consolidating the above-captioned related actions;

    (2)    appointing the MMA Investors and its members individually and collectively as Lead Plaintiffs for the class of all purchasers of common stock of Municipal Mortgage & Equity, LLC ("MMA" or the "Company") common stock, during the period from January 30, 2003 through January 28, 2008 (the "Class Period"); and

    (3) approving Movants' selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

Defendant MMA is a Delaware Corporation with offices in Baltimore County, Maryland and New York County, New York. MMA provides debt and equity financing to various parties, invests in tax-exempt bonds and other housing-related debt and equity investments, and is a tax credit syndicator that acquires and transfers low-income housing tax credits. The Complaint asserts that MMA's public announcements and periodic reports with the SEC were materially false and misleading because defendants materially misrepresented the true value of its bond portfolio, in contravention of Generally Accepted Accounting Principles, SEC guidance, and the Company's own internal accounting policies. In making these statements, Defendants recklessly disregarded that MMA has maintained artificially inflated asset values on a materially significant portion of its tax-exempt bond portfolio and has not properly recognized other-than-temporary impairments in its loan portfolio, and that MMA has failed to maintain adequate internal accounting controls and procedures, and had, in fact, overridden controls and procedures. The

Complaint asserts that as the truth of these disclosures entered the market the Company's stock lost more than half of its value.

On January 30, 2008 the Rosen Law Firm filed the first class action Complaint against the Company and certain of its officers, directors, and agents for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, on behalf of all purchasers of the common stock of MMA during the Class Period. That same day, the Rosen Law Firm issued an early notice pursuant to the PSLRA advising class members of, *inter alia,* the allegations and claims in the Complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Declaration of Phillip Kim, ("Kim Decl.") Ex. 1.

Thereafter numerous other related actions were filed in the U.S. District Court for the District of Maryland and this Court. The Maryland actions are being overseen by Hon. Marvin Garbis. Pursuant to Judge Garbis' Order of February 25, 2008, the parties will also inform Judge Garbis of the status of the litigation in writing on April 7, 2008.

On March 10, 2008 this Court held an initial pretrial conference. At that hearing, counsel for MMA stated that MMA did not have a position as to where these cases should be litigated. Upon the suggestion of undersigned counsel, this Court scheduled a status conference for April 10, 2008, to determine what positions the parties who file lead plaintiff motions take as to the locus of the litigation. In any event, MMA Investors are prepared to serve as Lead Plaintiffs in this Court or in Maryland. MMA investors have filed a similar motion in the U.S. District Court for the District of Maryland.

**ARGUMENT**

**I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a). *See also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir), *cert. denied*, 498 U.S. 920 (1990); *In re MicroStrategy Inc. Sec. Litig.*, 110 F.Supp.2d 427, 431 (E.D. Va. 2000); Manual for Complex Litigation (Third) § 20.123, at 13-14 (1995).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

While some of the related actions have differing class periods and name different Company officers and directors as defendants, each of the above-captioned actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements. *See In re Fuwei Films Secs. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008) (consolidating cases with differences in class periods, where

facts and claims are similar or overlapping) (citations omitted). Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.     THE MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or *group of persons*" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*).

As set forth below, the Movants satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the class and, therefore, should each be appointed Lead Plaintiff.

### A.     The Movants Are Willing to Serve as Class Representatives

Each of the members of the MMA Investors has filed the instant motion, and has filed with this Court a Certification attesting that he is willing to serve as a representative of the class and is willing to provide testimony at deposition and trial, if necessary *See* Kim Decl., Ex. 2. The MMA investors have been actively working to prosecute this action and have agreed to

work together as a group. Accordingly, each of the members of the MMA Investors satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. The Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or **group of persons** that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[3] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Secs. Litig.*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the Lax/Olsten Factors approximate loss is most determinative). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant Norman Feinberg, purchased 20,600 shares of MMA stock at a cost of $419,731.62 stock during the Class Period. Mr. Feinberg still holds all of these shares and thus, has suffered approximate losses of $286,243.62.[4] *See* Kim Decl., Ex. 3.

---

[3]     *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).
[4]     In determining losses for held shares, Movants use the average daily closing price of the Company's stock ($6.48) after the end of the Class Period to March 31, 2008, as the 90 days have not elapsed pursuant to the PSLRA look-back period. *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

Movant Robert Stark purchased 10,000 shares of MMA stock at a cost of $226,555.00. Mr. Stark still holds all of these shares and thus, has suffered approximate losses of $161,755.00. *Id*.

Movant Leonard Klorfine purchased 21,000 shares of MMA stock at a cost of $412,324.00. Mr. Klorfine sold 4,500 shares for gross proceeds of $32,850.00, and holds the remaining the shares. Thus, Mr. Klorfine suffered approximate losses of $272,544.00. *Id.*

Movant Daryl Bonyor purchased 19,000 shares of MMA stock at a cost of $376,520.40. Ms. Bonyor sold 9,000 of those shares for gross proceeds of $131,234.39, and holds the remaining shares. Thus, Ms. Bonyor suffered approximate losses of $180,486.01. *Id.*

Movant Alan Fetch purchased 4,925 shares of MMA stock at a cost of $133,610.00. Mr. Fetch still holds all of these shares and thus, has suffered approximate losses of $101,696.76. *Id.*

Thus, the MMA Investors' group has suffered collective losses of $1,002,735.38. Movants have the largest financial interest of any class member that has made an appearance in this litigation to date.

With only five members, the MMA Investors are small enough and cohesive so that coordinated decision making should not present any difficulties. The Securities and Exchange Commission has noted, and numerous courts have held, that groups of this size, all with substantial losses, are suitable lead plaintiffs. *See e.g. In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (appointing a seven member group lead plaintiff); s*ee also In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C.1999); *In re Cendant Corp. Secs. Litig.*, 264 F.3d 201, 267 (3d. Cir. 2001) (agreeing with SEC view that a group larger than five may be too large to work effectively); *In re The First Union Corp. Secs.*

*Litig.*, 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); *In re Universal Access, Inc. Secs. Litig.*, 209 F.R.D. 379, 384 (E.D. Tex. 2002); *In re Oxford Health Plans, Inc. Secs. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (co-lead plaintiff group allows for broad representation and sharing of resources and experience).

Movants are not aware of any other movants that have suffered greater losses in MMA securities during the Class Period. Accordingly, with total losses of $1,002,735.38, the MMA Investors satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C.  The Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient. *See In re Fuwei Films Secs. Litig.*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only

provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437; *Oxford Health Plans*, 182 F.R.D. at 49 (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *Olsten Corp.*, 3 F. Supp. 2d at 296.

The MMA Investors and each of its members fulfill the requirements of Rule 23. Their claims each share substantially similar questions of law and fact with the members of the class and their claims are typical of those of the members of the class. Each of the members of the MMA Investors and all members of the class allege that defendants violated the Exchange Act by publicly disseminating false and misleading statements of revenues and earnings. Each of the members of the MMA Investors, as did all of the members of the class, purchased MMA shares at prices artificially inflated by defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between the MMA Investors and other class members, as well as the formers' strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movants' motion to serve as Lead Plaintiffs.

### D. The Movants Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing the MMA Investors as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a)  will not fairly and adequately protect the interest of the class; or
>
> (b)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The MMA Investors' and each of its members' ability and desire to fairly and adequately represent the class have been discussed in Section C, above. The MMA Investors are not aware of any unique defenses defendants could raise against them that would render any of them inadequate to represent the class. Accordingly, the Court should appoint the MMA Investors as Lead Plaintiffs for the class.

### III. THE MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiffs to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiffs' selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The MMA Investors and each of its members have selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the Defendants. Indeed, the Rosen Law Firm was the firm that filed the first securities class action against the Company—that has spurred the many "copy-cat" actions to be filed in this and other courts. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and

expeditiously.  Thus, the Court may be assured that by approving the Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the Movants respectfully request the Court issue an Order (1) consolidating the related actions; (2) appointing the MMA Investors and each of its members as Lead Plaintiffs of the class; (3) approving the MMA Investors' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: March 31, 2008

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

    I hereby certify that on this on the 31st day of March, 2008, a true and correct copy of the foregoing document, was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                               /s/ Phillip Kim