**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| JOSEPH S. GELMIS, Individually And On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 08-CV-00980 (RMB) |
| vs. | ) ) | |
| EARL W. COLE, III, et al., | ) ) | |
| Defendants. | ) ) ) ) ) ) | |

| | | |
|---|---|---|
| JULES ROTHAS, Individually And On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 08-CV-01120 (RMB) |
| vs. | ) ) ) | |
| MUNICIPAL MORTGAGE & EQUITY, LLC, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| ARNOLD J. ROSS, Individually And On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 08-CV-01299 (RMB) |
| vs. | ) ) ) | |
| EARL W. COLE, III, et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

|  |  |  |
|---|---|---|
| ALEX D'ANGELO, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MUNICIPAL MORTGAGE & EQUITY, LLC, et al.,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 08-CV-01331 (RMB) |
| JUDITH GREENBERG, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL L. FALCONE, et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 08-CV-02005 (MGC) |
| NAOMI RAPAHEL, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MUNICIPAL MORTGAGE & EQUITY, LLC, et al.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 08-CV-02190 (RMB) |

**DECLARATION OF DAVID A.P. BROWER IN SUPPORT OF THE MOTION OF THE KREMSER GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

I, DAVID A.P. BROWER, hereby declare as follows:

1.      I am member of the law firm of Brower Piven, A Professional Corporation, and I am fully familiar with the facts set forth herein.

2.      I submit this Declaration, together with the attached exhibits, in support of the Motion of the Kremser Group to: (1) consolidate, pursuant to Fed. R. Civ. P. 42, the related actyions; (2) appoint it Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), and Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B) as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"), and (3) approve its choice of Kahn Gauthier Swick, LLC, and Brower Piven, A Professional Corporation, as Co-Lead Counsel.

3.      Attached hereto as Exhibit A are true and correct copies of sworn shareholder certifications of David Kremser, Jay L. Goozh, William Felix, Richard Martin and Harrison J. Kornfield, as well as a true and correct copy of a table reflecting the calculated losses incurred by the members of the Kremser Group as a result of their transactions in Municipal Mortgage & Equity, LLC securities.

4.      Attached hereto as Exhibit B are true and correct copies of individually signed Declarations by each member of the Kremser Group.

5.      Attached hereto as Exhibit C is a true and correct copy of the press release published on January 30, 2008, on *Prime Newswire*, a well-known, national business-oriented publication, announcing the pendency of the lawsuit commenced by Joseph S. Gelmis, against defendants herein.

6.      Attached hereto as Exhibit D is a true and correct copy of the firm resume of Brower Piven, A Professional Corporation.

7.      Attached hereto as Exhibit E is a true and correct copy of the firm resume of Kahn Gauthier Swick, LLC.

8.    Attached hereto as Exhibit F is a true and correct copy of the Stanford Law School Securities Class Action Clearinghouse webpage pertaining to the Municipal Mortgage & Equity, Ltd. cases filed in both the Southern District of New York and the District of Maryland.

I declare under penalty of perjury under the laws of the State of New York that the foregoing facts are true and correct to the best of my knowledge, information, and belief

Executed this 31st day of March, 2008, at New York, New York.

_____/s/ David A.P. Brower_____
                David A.P. Brower

# EXHIBIT A

**CERTIFICATION IN SUPPORT OF APPLICATION FOR LEAD PLAINTIFF**

DAVID A. KREMSER &
ELK MEADOWS INVESTMENTS, LLC
_____(name) ("plaintiff") declares, as to the claims asserted under the federal securities law, that:

      1.    Plaintiff has fully reviewed the facts of the complaint(s) filed in this action alleging violations of the securities laws and plaintiff is willing to serve as a lead plaintiff in this case and all other related cases that may be consolidated with it.

      2.    Plaintiff did not purchase securities of Municipal Mortgage & Equity L.L.C. at the direction of counsel or in order to participate in a private action under the federal securities laws.

      3.    Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

      4.    During the Class Period, plaintiff has executed transactions in the securities of Municipal Mortgage & Equity L.L.C. as follows. See Attached Schedule.

      5.    In the last three years, plaintiff has not sought to serve as a representative party on behalf of a class in an action filed under the federal securities laws, except as indicated herein.

      6.    Plaintiff will not accept payment for serving as a lead plaintiff beyond its pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____March 13_____, 2008

_____
Plaintiff
DAVID KREMSER

INDIVIDUALLY AND O/B/O
ELK MEADOWS INVESTMENTS, LLC

| DATE | # SHARES BOUGHT | PRICE |
|------|-----------------|-------|
| 2/12/2007 | 2800 | $28.42 |
| 2/28/2007 | 3425 | $29.08 |
| 3/1/2007 | 2575 | $28.87 |
| 3/1/2007 | 1200 | $28.86 |
| 7/9/2007 | 3305 | $25.80 |
| 7/10/2007 | 10000 | $25.72 |
| 7/12/2007 | 953 | $24.50 |
| 7/16/2007 | 742 | $25.10 |
| 1/2/2008 | 10600 | $15.27 |
| 1/8/2008 | 1000 | $15.46 |
| 1/9/2008 | 13400 | $15.00 |
| 1/29/2008* | 25000* | $9.70* |

TOTAL BOUGHT:    50000

| DATE | # SHARES SOLD | PRICE |
|------|---------------|-------|
| 11/30/2007 | 25000 | $16.66 |

\* = Personal account; all other trades
conducted by David Kremser as manager
for Elk Meadows Investments, LLC

## PLAINTIFF'S CERTIFICATION

_____ JAY L. Grooz _____ ("Plaintiff") declares that:

1.    Plaintiff has reviewed the complaint and authorized its filing.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary, and Plaintiff is willing to serve as a lead plaintiff either individually or as part of a group, a lead plaintiff being a representative party who acts on behalf of other class members in directing the action.

4.    Plaintiff's transactions in Municipal Mortgage & Equity, LLC securities during the Class Period are attached hereto.

5.    During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class under the federal securities laws.

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court. Plaintiff understands that this is not a claim form, and that Plaintiff's ability to share in any recovery as a member of the class is unaffected by Plaintiff's decision to serve as a representative party.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _11_ day of _March_ 2008.

_____
Signature

Brower Piven, A Professional Corporation
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: 410-332-0030
Facsimile: 410-685-1300
www.browerpiven.com

## ATTACHMENT TO CERTIFICATION

Municipal Mortgage & Equity, LLC Securities Litigation

Name: _Jay J. Goot_

(Please complete only one trade per line)

| # of Shares or Options Contracts (if options include trading symbol) | Purchased (P) /Sold (S) | Trade Date | Price (Before Commission) |
|---|---|---|---|
| 2,070 Sh. | Purchased | 12/5/03 | 24.20 |
| 2,030 Sh | Purchased | 3/15/04 | 25.32 |
| 2,000 Sh | Purchased | 4/18/05 | 23.62 |
| 1,000 Sh | Purchased | 8/2/07 | 20.91 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Brower Piven, A Professional Corporation
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: 410-332-0030
Facsimile: 410-685-1300
www.browerpiven.com

## PLAINTIFF'S CERTIFICATION

William D Felix declares that:

1.    Plaintiff has reviewed the complaint and authorized its filing.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary, and Plaintiff is willing to serve as a lead plaintiff either individually or as part of a group, a lead plaintiff being a representative party who acts on behalf of other class members in directing the action.

4.    Plaintiff's transactions in Municipal Mortgage & Equity, LLC securities during the Class Period are attached hereto.

5.    During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class under the federal securities laws.

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.  Plaintiff understands that this is not a claim form, and that Plaintiff's ability to share in any recovery as a member of the class is unaffected by Plaintiff's decision to serve as a representative party.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 20th day of March 2008.

_William D. Felix_
Signature

Brower Piven, A Professional Corporation
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone:  410-332-0030
Facsimile:  410-685-1300

# ATTACHMENT TO CERTIFICATION

## Municipal Mortgage & Equity, LLC Securities Litigation

Name:  William Felix

(Please complete only one trade per line)

| # of Shares or Options Contracts (if options include trading symbol) | Purchased (P) /Sold (S) | Trade Date | Price (Before Commission) |
|---|---|---|---|
| 72.00 | P | 02/07/03 | 23.74 |
| 71.78 | P | 05/09/03 | 24.40 |
| 72.03 | P | 08/08/03 | 24.89 |
| 75.69 | P | 11/07/03 | 24.25 |
| 1000.00 | P | 01/20/04 | 25.39 |
| 89.92 | P | 02/06/04 | 25.94 |
| 101.91 | P | 05/14/04 | 23.54 |
| 100.87 | P | 08/13/04 | 24.51 |
| 98.86 | P | 11/12/04 | 25.76 |
| 99.09 | P | 02/11/05 | 26.45 |
| 110.36 | P | 05/13/05 | 24.43 |
| 104.02 | P | 08/12/05 | 26.70 |
| 113.13 | P | 11/11/05 | 25.25 |
| 108.21 | P | 02/10/06 | 27.18 |
| 108.26 | P | 05/24/06 | 27.94 |
| 107.73 | P | 08/16/06 | 28.87 |
| 111.02 | P | 11/15/06 | 28.78 |
| 109.53 | P | 02/21/07 | 29.98 |
| 122.28 | P | 05/24/07 | 27.58 |
| 1000.00 | P | 07/26/07 | 22.25 |
| 167.22 | P | 08/23/07 | 23.87 |
| 234.62 | P | 11/23/07 | 17.47 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Brower Piven, A Professional Corporation
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: 410-332-0030
Facsimile: 410-685-1300
www.browerpiven.com

## CERTIFICATION IN SUPPORT OF APPLICATION FOR LEAD PLAINTIFF

Richard V. Martin (name) ("plaintiff") declares, as to the claims asserted under the federal securities law, that:

1.      Plaintiff has fully reviewed the facts of the complaint(s) filed in this action alleging violations of the securities laws and plaintiff is willing to serve as a lead plaintiff in this case and all other related cases that may be consolidated with it.

2.      Plaintiff did not purchase securities of Municipal Mortgage & Equity L.L.C. at the direction of counsel or in order to participate in a private action under the federal securities laws.

3.      Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4.      During the Class Period, plaintiff has executed transactions in the securities of Municipal Mortgage & Equity L.L.C. as follows. See Attached Schedule.

5.      In the last three years, plaintiff has not sought to serve as a representative party on behalf of a class in an action filed under the federal securities laws, except as indicated herein.

6.      Plaintiff will not accept payment for serving as a lead plaintiff beyond its pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _March 31_____, 2008

_Richard V. Martin_____
                                                        Plaintiff

| DATE | # SHARES BOUGHT | PRICE |
|---|---|---|
| 12/26/2003 | 2370 | $24.39 |
| 4/14/2005 | 204 | $23.80 |
| 10/13/2005 | 201 | $24.19 |
| 7/30/2007 | 3398 | $22.85 |

## PLAINTIFF'S CERTIFICATION

_Harrison J Kornfield_ ("plaintiff") declares that:

1.    Plaintiff has reviewed the complaint and authorized its filing.

2.    Plaintiff did not purchase the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action.

3.    Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary, and Plaintiff is willing to serve as a lead plaintiff either individually or as part of a group, a lead plaintiff being a representative party who acts on behalf of other class members in directing the action.

4.    Plaintiff's transactions in Municipal Mortgage & Equity, LLC securities during the Class Period are attached hereto.

5.    During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class under the federal securities laws.

6.    Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court. Plaintiff understands that this is not a claim form, and that Plaintiff's ability to share in any recovery as a member of the class is unaffected by Plaintiff's decision to serve as a representative party.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _12_ day of _Feb._ 2008.

_Harrison J Kornfield_
Signature

Brower Piven, A Professional Corporation
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone:  410-332-0030
Facsimile:   410-685-1300
www.browerpiven.com

## ATTACHMENT TO CERTIFICATION

Municipal Mortgage & Equity, LLC Securities Litigation

Name: Harrison J. Kornfield

(Please complete only one trade per line)

| # of Shares or Options Contracts (if options include trading symbol) | Purchased (P) /Sold (S) | Trade Date | Price (Before Commission) |
|---|---|---|---|
| 500 | P | 08/06/07 | 23.62 |
| 500 | S | 08/10/07 | 23.23 |
| 400 | P | 08/10/07 | 22.70 |
| 600 | P | 08/10/07 | 22.70 |
| 370 | P | 08/15/07 | 21.02 |
| 630 | P | 08/15/07 | 21.02 |
| 300 | P | 11/14/07 | 18.70 |
| 700 | P | 11/16/07 | 18.22 |
| 1000 | P | 12.03/07 | 16.15 |
| 900 | P | 01/29/08 | 9.26 |
| 400 | P | 01/29/08 | 9.26 |
| 2700 | P | 01/29/08 | 9.26 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Brower Piven, A Professional Corporation
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone:  410-332-0030
Facsimile:  410-685-1300
www.browerpiven.com

## KREMSER GROUP LOSS CHART
Municipal Mortgage Equity, Ltd.

| David Kremser | | | |

| DATE | # SHARES BOUGHT | PRICE | COST |
| --- | --- | --- | --- |
| 2/12/2007 | 2800 | $28.42 | $79,576.00 |
| 2/28/2007 | 3425 | $29.08 | $99,599.00 |
| 3/1/2007 | 2575 | $28.87 | $74,340.25 |
| 3/1/2007 | 1200 | $28.86 | $34,632.00 |
| 7/9/2007 | 3305 | $25.80 | $85,269.00 |
| 7/10/2007 | 10000 | $25.72 | $257,200.00 |
| 7/12/2007 | 953 | $24.50 | $23,348.50 |
| 7/16/2007 | 742 | $25.10 | $18,624.20 |
| 1/2/2008 | 10600 | $15.27 | $161,862.00 |
| 1/8/2008 | 1000 | $15.46 | $15,460.00 |
| 1/9/2008 | 13400 | $15.00 | $201,000.00 |
| 1/29/2008 | 25000 | $9.70 | $242,500.00 |
| TOTAL BOUGHT: | 75000 | | $1,293,410.95 |

| DATE | # SHARES SOLD | PRICE | COST |
| --- | --- | --- | --- |
| 11/30/2007 | 25000 | $16.66 | $416,500.00 |
| TOTAL HELD: | 50000 | $6.42 | $321,000.00 |
| | | TOTAL LOSS: | $555,910.95 |

| Richard Martin | | | |

| DATE | # SHARES BOUGHT | PRICE | COST |
| --- | --- | --- | --- |
| 12/26/2003 | 2370 | $24.39 | $57,804.30 |
| 4/14/2005 | 204 | $23.80 | $4,855.20 |
| 10/13/2005 | 201 | $24.19 | $4,862.19 |
| 7/30/2007 | 3398 | $22.85 | $77,644.30 |
| TOTAL: | 6173 | | $145,165.99 |
| TOTAL HELD: | 6173 | $6.42 | $39,630.66 |
| | | TOTAL LOSS: | $105,535.33 |

## KREMSER GROUP LOSS CHART
Municipal Mortgage Equity, Ltd.

| Harrison J. Kornfield | | | |

| DATE | # SHARES BOUGHT | PRICE | COST |
|---|---|---|---|
| 8/6/2007 | 500 | $23.62 | $11,810.00 |
| 8/10/2007 | 1000 | $22.70 | $22,700.00 |
| 8/15/2007 | 1000 | $21.02 | $21,020.00 |
| 11/14/2007 | 300 | $18.70 | $5,610.00 |
| 11/16/2007 | 700 | $18.22 | $12,754.00 |
| 12/3/2007 | 1000 | $16.15 | $16,150.00 |
| 1/29/2008 | 4000 | $9.26 | $37,040.00 |
| TOTAL BOUGHT: | 8500 | | $127,084.00 |

| DATE | # SHARES SOLD | PRICE | COST |
|---|---|---|---|
| 8/10/2007 | 500 | $23.23 | $11,615.00 |
| TOTAL HELD: | 8000 | $6.42 | $51,360.00 |
| | | TOTAL LOSS: | **$64,109.00** |

| Jay L. Goozh | | | |

| DATE | # SHARES BOUGHT | PRICE | COST |
|---|---|---|---|
| 12/5/2003 | 2070 | $24.20 | $50,094.00 |
| 3/15/2004 | 2030 | $25.32 | $51,399.60 |
| 4/18/2005 | 2000 | $23.62 | $47,240.00 |
| 8/2/2007 | 1000 | $20.91 | $20,910.00 |
| TOTAL BOUGHT: | 7100 | | $169,643.60 |
| TOTAL HELD: | 7100 | $6.42 | $45,582.00 |
| | | TOTAL LOSS: | **$124,061.60** |

## KREMSER GROUP LOSS CHART

Municipal Mortgage Equity, Ltd.

| William D. Felix |
|---|

| DATE | # SHARES BOUGHT | PRICE | COST |
|---|---|---|---|
| 2/7/2003 | 72.00 | $23.74 | $1,709.28 |
| 5/9/2003 | 71.78 | $24.40 | $1,751.43 |
| 8/8/2003 | 72.03 | $24.89 | $1,792.83 |
| 11/7/2003 | 75.69 | $24.25 | $1,835.48 |
| 1/20/2004 | 1000.00 | $25.39 | $25,390.00 |
| 2/6/2004 | 89.92 | $25.94 | $2,332.52 |
| 5/14/2004 | 101.91 | $23.54 | $2,398.96 |
| 8/13/2004 | 100.87 | $24.51 | $2,472.32 |
| 11/12/2004 | 98.86 | $25.76 | $2,546.63 |
| 2/11/2005 | 99.09 | $26.45 | $2,620.93 |
| 5/13/2005 | 110.36 | $24.43 | $2,696.09 |
| 8/12/2005 | 104.02 | $26.70 | $2,777.33 |
| 11/11/2005 | 113.13 | $25.25 | $2,856.53 |
| 2/10/2006 | 108.21 | $27.18 | $2,941.15 |
| 5/24/2006 | 108.26 | $27.94 | $3,024.78 |
| 8/16/2006 | 107.73 | $28.87 | $3,110.17 |
| 11/15/2006 | 111.02 | $28.78 | $3,195.16 |
| 2/21/2007 | 109.53 | $29.98 | $3,283.71 |
| 5/24/2007 | 122.28 | $27.58 | $3,372.48 |
| 7/26/2007 | 1000.00 | $22.25 | $22,250.00 |
| 8/23/2007 | 167.22 | $23.87 | $3,991.54 |
| 11/23/2007 | 234.62 | $17.47 | $4,098.81 |

TOTAL BOUGHT: 4178.53            $102,448.15

| DATE | # SHARES SOLD | PRICE | COST |
|---|---|---|---|
| 2/4/2008 | 2000 | $6.97 | $13,940.00 |

TOTAL HELD: 2178.53        $6.42        $13,986.16

TOTAL LOSS:        $74,521.99

## TOTAL GROUP LOSS: $924,138.87

Holdout price for
shares held: $6.42

# EXHIBIT B

**DECLARATION OF DAVID KREMSER IN SUPPORT OF THE MOTION OF THE KREMSER GROUP FOR CONSOLIDATION OF SIMILAR CASES; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

I, David Kremser, declare as follows:

1.      I submit this declaration in support of the Motion of the Kremser Group for Consolidation of Similar Cases; to be Appointed Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel, pursuant to the Private Securities Litigation Reform Act of 1995.

2.      I, David Kremser, hold a B.S. in accounting and worked as a CPA for many years. I began a healthcare agency that owned nursing homes in Colorado and Arizona, and have been retired for 12 years. I have been managing my own portfolio for 15 years, and reside in Evergreen, Colorado.

3.      I believe that I have no interests antagonistic to those of the Class and do not believe I am subject to any unique defenses.

4.      I understand that I am seeking to have my choice of counsel appointed Co-Lead Counsel on behalf of the Class of Plaintiffs. I am part of what I believe to be a small, cohesive, manageable group that, if appointed as Lead Plaintiff, will work together, and direct the activities of my counsel, Kahn Gauthier Swick, LLC ("KGS") and Brower Piven, A Professional Corporation ("BP"), in the prosecution of this action. I understand that to fulfill my fiduciary duties and obligations as Lead Plaintiff, I must fairly and adequately represent the Class by vigorously prosecuting this case on behalf of the Class.

5.      I will fulfill what I understand to be my responsibilities as Lead Plaintiff to the best of my ability. I intend to oversee my counsel and monitor the progress of the litigation to discharge my duties to the Class. In discharging those duties, I intend, among other things, to

review pleadings and motions papers received from counsel; obtain periodic status reports on the progress of the litigation on developments in the action; produce documents, answer interrogatories, and/or sit for a deposition, if necessary; and have input into litigation decisions and strategies, and involvement in the final approval of any major litigation decisions, including whether or not to settle the litigation and, if so, for how much.

6.    As a member of the Kremser Group, I intend to work closely and cooperatively with the other members of the group to oversee the litigation in a manner intended to best vindicate the interests of all shareholders. I, as a member of the Kremser Group, have communicated with the other members of the group, and I believe that as a small, cohesive group, we can effectively and efficiently prosecute this action together. I understand that our group intends to do so by, among other means, communicating, individually or as a group, with each other and with counsel, to the extent we determine it necessary to fairly and adequately represent the interests of the Class.

7.    The members of the Kremser Group have expressed an intention to regularly communicate with counsel and each other through the use of email, internet and telephone. Members of the Kremser Group have determined how the group will make decisions and will endeavor to make all decisions unanimously. I do not foresee a circumstance where the members of our group could not reach a mutually agreeable solution to any issue that might arise.

8.    The members of the group have agreed that I will serve as the Kremser Group spokesperson and liaison with counsel and the Court. Although I understand that emergencies rarely arise in the course of litigation of this nature that would not permit sufficient time for our group to be consulted, particularly in light of modern technological means of communication, to

the extent such an emergency arises and our group is unable to collectively make a decision, I understand that I will be responsible for making such decisions.

9.      Additionally, I understand that our group will meet periodically, as necessary, by telephonic conference (with or without counsel) to discuss the progress of the litigation and to consider litigation strategies recommended by our counsel. I understand that litigation of this nature has active and inactive periods, and I will make myself available as needed to fulfill my role as Lead Plaintiff.

10.     I have selected my counsel, KGS and BP, to be Co-Lead Counsel for the Class, based on their experience in securities litigation and other class action litigation and resources. I am familiar with the background and experience of KGS and BP, and I am satisfied that the attorneys at those firms working on this matter are experienced in the prosecution of class action securities cases and will vigorously and diligently prosecute this action at the direction of the Kremser Group. I am further satisfied that these attorneys will keep me advised of the status of the action in order to assure that I may fulfill my duties as Lead Plaintiff.

11.     Though members of the Kremser Group move together for appointment as Lead Plaintiff, the group members have agreed to have the Court consider group members' losses individually and appoint an individual from the group as Lead Plaintiff should the Court so desire.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March 31, 2008                           _____
                                         David Kremser

3

### DECLARATION OF JAY L. GOOZH IN SUPPORT OF THE MOTION OF THE KREMSER GROUP FOR CONSOLIDATION OF SIMILAR CASES; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL

I, Jay L. Goozh, declare as follows:

1.      I submit this declaration in support of the Motion of the Kremser Group for Consolidation of Similar Cases; to be Appointed Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel, pursuant to the Private Securities Litigation Reform Act of 1995.

2.      I, Jay L. Goozh, have owned and operated a souvenir import business for over 40 years. I have a college degree in business. I currently reside in College Park, Maryland. I have been investing in the stock market for approximately 30 years and have managed my own portfolio during this period.

3.      I believe that I have no interests antagonistic to those of the Class and do not believe I am subject to any unique defenses.

4.      I understand that I am seeking to have my choice of counsel appointed Co-Lead Counsel on behalf of the Class of Plaintiffs. I am part of what I believe to be a small, cohesive, manageable group that, if appointed as Lead Plaintiff, will work together, and direct the activities of my counsel, Kahn Gauthier Swick, LLC ("KGS") and Brower Piven, A Professional Corporation ("BP"), in the prosecution of this action. I understand that to fulfill my fiduciary duties and obligations as Lead Plaintiff, I must fairly and adequately represent the Class by vigorously prosecuting this case on behalf of the Class.

5.      I will fulfill what I understand to be my responsibilities as Lead Plaintiff to the best of my ability. I intend to oversee my counsel and monitor the progress of the litigation to discharge my duties to the Class. In discharging those duties, I intend, among other things, to

review pleadings and motions papers received from counsel; obtain periodic status reports on the progress of the litigation on developments in the action; produce documents, answer interrogatories, and/or sit for a deposition, if necessary; and have input into litigation decisions and strategies, and involvement in the final approval of any major litigation decisions, including whether or not to settle the litigation and, if so, for how much.

6.　　As a member of the Kremser Group, I intend to work closely and cooperatively with the other members of the group to oversee the litigation in a manner intended to best vindicate the interests of all shareholders. I, as a member of the Kremser Group, have communicated with the other members of the group, and I believe that as a small, cohesive group, we can effectively and efficiently prosecute this action together. I understand that our group intends to do so by, among other means, communicating, individually or as a group, with each other and with counsel, to the extent we determine it necessary to fairly and adequately represent the interests of the Class.

7.　　The members of the Kremser Group have expressed an intention to regularly communicate with counsel and each other through the use of email, internet and telephone. Members of the Kremser Group have determined how the group will make decisions and will endeavor to make all decisions unanimously. I do not foresee a circumstance where the members of our group could not reach a mutually agreeable solution to any issue that might arise.

8.　　The members of the group have agreed that David Kremser will serve as the Kremser Group spokesperson and liaison with counsel and the Court. Although I understand that emergencies rarely arise in the course of litigation of this nature that would not permit sufficient time for our group to be consulted, particularly in light of modern technological means of

communication, to the extent such an emergency arises and our group is unable to collectively make a decision, I understand that Mr. Kremser will be responsible for making such decisions.

9.      Additionally, I understand that our group will meet periodically, as necessary, by telephonic conference (with or without counsel) to discuss the progress of the litigation and to consider litigation strategies recommended by our counsel. I understand that litigation of this nature has active and inactive periods, and I will make myself available as needed to fulfill my role as Lead Plaintiff.

10.     I have selected my counsel, KGS and BP, to be Co-Lead Counsel for the Class, based on their experience in securities litigation and other class action litigation and resources. I am familiar with the background and experience of KGS and BP, and I am satisfied that the attorneys at those firms working on this matter are experienced in the prosecution of class action securities cases and will vigorously and diligently prosecute this action at the direction of the Kremser Group. I am further satisfied that these attorneys will keep me advised of the status of the action in order to assure that I may fulfill my duties as Lead Plaintiff.

11.     Though members of the Kremser Group move together for appointment as Lead Plaintiff, the group members have agreed to have the Court consider group members' losses individually and appoint an individual from the group as Lead Plaintiff should the Court so desire.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March 2 , 2008

Jay L. Goozh

3

DECLARATION OF WILLIAM D. FELIX IN SUPPORT OF THE MOTION OF THE
KREMSER GROUP FOR CONSOLIDATION OF SIMILAR CASES; TO BE
APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD
PLAINTIFF'S CHOICE OF COUNSEL

I, William D. Felix, declare as follows:

1.      I submit this declaration in support of the Motion of the Kremser Group for

Consolidation of Similar Cases; to be Appointed Lead Plaintiff; and to Approve Proposed Lead

Plaintiff's Choice of Counsel, pursuant to the Private Securities Litigation Reform Act of 1995

("PSLRA").

2.      I, William D. Felix, am currently retired. I worked in the computer and software

industry for over 29 years in a variety of capacities. I have a college degree in history. I

currently reside in North Beach, New Jersey. I have been investing in the stock market for

approximately 20 years and have managed my own portfolio during this period.

3.      I believe that I have no interests antagonistic to those of the Class and do not

believe I am subject to any unique defenses.

4.      I understand that I am seeking to have my choice of counsel appointed Co-Lead

Counsel on behalf of the Class of Plaintiffs. I am part of what I believe to be a small, cohesive,

manageable group that, if appointed as Lead Plaintiff, will work together, and direct the activities

of my counsel, Kahn Gauthier Swick, LLC ("KGS") and Brower Piven, A Professional

Corporation ("BP"), in the prosecution of this action. I understand that to fulfill my fiduciary

duties and obligations as Lead Plaintiff, I must fairly and adequately represent the Class by

vigorously prosecuting this case on behalf of the Class.

5.      I will fulfill what I understand to be my responsibilities as Lead Plaintiff to the

best of my ability. I intend to oversee my counsel and monitor the progress of the litigation to

discharge my duties to the Class. In discharging those duties, I intend, among other things, to review pleadings and motions papers received from counsel; obtain periodic status reports on the progress of the litigation on developments in the action; produce documents, answer interrogatories, and/or sit for a deposition, if necessary; and have input into litigation decisions and strategies, and involvement in the final approval of any major litigation decisions, including whether or not to settle the litigation and, if so, for how much.

6.    As a member of the Kremser Group, I intend to work closely and cooperatively with the other members of the group to oversee the litigation in a manner intended to best vindicate the interests of all shareholders. I, as a member of the Kremser Group, have communicated with all other members of the group, and I believe that as a small, cohesive group, we can effectively and efficiently prosecute this action together. I understand that our group intends to do so by, among other means, communicating, individually or as a group, with each other and with counsel, to the extent we determine it necessary to fairly and adequately represent the interests of the Class.

7.    The members of the Kremser Group have expressed an intention to regularly communicate with counsel and each other through the use of email, internet and telephone. Members of the Kremser Group have determined how the group will make decisions and will endeavor to make all decisions unanimously. I do not foresee a circumstance where the members of our group could not reach a mutually agreeable solution to any issue that might arise.

8.    The members of the group have agreed that David Kremser will serve as the Kremser Group spokesperson and liaison with counsel and the Court. Although I understand that emergencies rarely arise in the course of litigation of this nature that would not permit sufficient

2

time for our group to be consulted, particularly in light of modern technological means of communication, to the extent such an emergency arises and our group is unable to collectively make a decision, I understand that Mr. Kremser will be responsible for making such decisions.

9.      Additionally, I understand that our group will meet periodically, as necessary, by telephonic conference (with or without counsel) to discuss the progress of the litigation and to consider litigation strategies recommended by our counsel.  I understand that litigation of this nature has active and inactive periods, and I will make myself available as needed to fulfill my role as Lead Plaintiff.

10.     I have selected my counsel, KGS and BP, to be Co-Lead Counsel for the Class, based on their experience in securities litigation and other class action litigation and resources. I am familiar with the background and experience of KGS and BP, and I am satisfied that the attorneys at those firms working on this matter are experienced in the prosecution of class action securities cases and will vigorously and diligently prosecute this action at the direction of the Kremser Group. I am further satisfied that these attorneys will keep me advised of the status of the action in order to assure that I may fulfill my duties as Lead Plaintiff.

11.     Though members of the Kremser Group move together for appointment as Lead Plaintiff, the group members have agreed to have the Court consider group members' losses individually and appoint an individual from the group as Lead Plaintiff should the Court so desire.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March  31, 2008

*William D. Felix*

William D. Felix

3

**DECLARATION OF RICHARD MARTIN IN SUPPORT OF THE MOTION OF THE
KREMSER GROUP FOR CONSOLIDATION OF SIMILAR CASES; TO BE
APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD
PLAINTIFF'S CHOICE OF COUNSEL**

I, Richard Martin, declare as follows:

1.      I submit this declaration in support of the Motion of the Kremser Group for Consolidation of Similar Cases; to be Appointed Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel, pursuant to the Private Securities Litigation Reform Act of 1995.

2.      I, Richard Martin, hold a B.S. in business administration.   I worked in management and was a purchasing agent for many years before becoming a licensed agent and broker, and worked in property management.  I am currently retired.  I have been managing my own portfolio for 40 years, and reside in Loudon, Tennessee.

3.      I believe that I have no interests antagonistic to those of the Class and do not believe I am subject to any unique defenses.

4.      I understand that I am seeking to have my choice of counsel appointed Co-Lead Counsel on behalf of the Class of Plaintiffs.  I am part of what I believe to be a small, cohesive, manageable group that, if appointed as Lead Plaintiff, will work together, and direct the activities of my counsel, Kahn Gauthier Swick, LLC ("KGS") and Brower Piven, A Professional Corporation ("BP"), in the prosecution of this action. I understand that to fulfill my fiduciary duties and obligations as Lead Plaintiff, I must fairly and adequately represent the Class by vigorously prosecuting this case on behalf of the Class.

5.      I will fulfill what I understand to be my responsibilities as Lead Plaintiff to the best of my ability.  I intend to oversee my counsel and monitor the progress of the litigation to discharge my duties to the Class. In discharging those duties, I intend, among other things, to

review pleadings and motions papers received from counsel; obtain periodic status reports on the progress of the litigation on developments in the action; produce documents, answer interrogatories, and/or sit for a deposition, if necessary; and have input into litigation decisions and strategies, and involvement in the final approval of any major litigation decisions, including whether or not to settle the litigation and, if so, for how much.

6.    As a member of the Kremser Group, I intend to work closely and cooperatively with the other members of the group to oversee the litigation in a manner intended to best vindicate the interests of all shareholders. I, as a member of the Kremser Group, have communicated with the other members of the group, and I believe that as a small, cohesive group, we can effectively and efficiently prosecute this action together. I understand that our group intends to do so by, among other means, communicating, individually or as a group, with each other and with counsel, to the extent we determine it necessary to fairly and adequately represent the interests of the Class.

7.    The members of the Kremser Group have expressed an intention to regularly communicate with counsel and each other through the use of email, internet and telephone. Members of the Kremser Group have determined how the group will make decisions and will endeavor to make all decisions unanimously. I do not foresee a circumstance where the members of our group could not reach a mutually agreeable solution to any issue that might arise.

8.    The members of the group have agreed that David Kremser will serve as the Kremser Group spokesperson and liaison with counsel and the Court. Although I understand that emergencies rarely arise in the course of litigation of this nature that would not permit sufficient time for our group to be consulted, particularly in light of modern technological means of

2

communication, to the extent such an emergency arises and our group is unable to collectively make a decision, I understand that David Kremser will be responsible for making such decisions.

9.    Additionally, I understand that our group will meet periodically, as necessary, by telephonic conference (with or without counsel) to discuss the progress of the litigation and to consider litigation strategies recommended by our counsel. I understand that litigation of this nature has active and inactive periods, and I will make myself available as needed to fulfill my role as Lead Plaintiff.

10.    I have selected my counsel, KGS and BP, to be Co-Lead Counsel for the Class, based on their experience in securities litigation and other class action litigation and resources. I am familiar with the background and experience of KGS and BP, and I am satisfied that the attorneys at those firms working on this matter are experienced in the prosecution of class action securities cases and will vigorously and diligently prosecute this action at the direction of the Kremser Group. I am further satisfied that these attorneys will keep me advised of the status of the action in order to assure that I may fulfill my duties as Lead Plaintiff.

11.    Though members of the Kremser Group move together for appointment as Lead Plaintiff, the group members have agreed to have the Court consider group members' losses individually and appoint an individual from the group as Lead Plaintiff should the Court so desire.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March 31, 2008

Richard V. Martin
Richard Martin

3

**DECLARATION OF HARRISON J. KORNFIELD IN SUPPORT OF THE MOTION OF THE KREMSER GROUP FOR CONSOLIDATION OF SIMILAR CASES; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

I, Harrison J. Kornfield, declare as follows:

1.      I submit this declaration in support of the Motion of the Kremser Group for Consolidation of Similar Cases; to be Appointed Lead Plaintiff; and to Approve Proposed Lead Plaintiff's Choice of Counsel, pursuant to the Private Securities Litigation Reform Act of 1995.

2.      I, Harrison J. Kornfield, am currently retired. I practiced as a general and thoracic surgeon for over 30 years. I have a medical degree. I currently reside in San Jose, California. I have been investing in the stock market for approximately 20 years and have managed my own portfolio during this period.

3.      I believe that I have no interests antagonistic to those of the Class and do not believe I am subject to any unique defenses.

4.      I understand that I am seeking to have my choice of counsel appointed Co-Lead Counsel on behalf of the Class of Plaintiffs. I am part of what I believe to be a small, cohesive, manageable group that, if appointed as Lead Plaintiff, will work together, and direct the activities of my counsel, Kahn Gauthier Swick, LLC ("KGS") and Brower Piven, A Professional Corporation ("BP"), in the prosecution of this action. I understand that to fulfill my fiduciary duties and obligations as Lead Plaintiff, I must fairly and adequately represent the Class by vigorously prosecuting this case on behalf of the Class.

5.      I will fulfill what I understand to be my responsibilities as Lead Plaintiff to the best of my ability. I intend to oversee my counsel and monitor the progress of the litigation to discharge my duties to the Class. In discharging those duties, I intend, among other things, to review pleadings and motions papers received from counsel; obtain periodic status reports on the

progress of the litigation on developments in the action; produce documents, answer interrogatories, and/or sit for a deposition, if necessary; and have input into litigation decisions and strategies, and involvement in the final approval of any major litigation decisions, including whether or not to settle the litigation and, if so, for how much.

6.    As a member of the Kremser Group, I intend to work closely and cooperatively with the other members of the group to oversee the litigation in a manner intended to best vindicate the interests of all shareholders. I, as a member of the Kremser Group, have communicated with the other members of the group, and I believe that as a small, cohesive group, we can effectively and efficiently prosecute this action together. I understand that our group intends to do so by, among other means, communicating, individually or as a group, with each other and with counsel, to the extent we determine it necessary to fairly and adequately represent the interests of the Class.

7.    The members of the Kremser Group have expressed an intention to regularly communicate with counsel and each other through the use of email, internet and telephone. Members of the Kremser Group have determined how the group will make decisions and will endeavor to make all decisions unanimously. I do not foresee a circumstance where the members of our group could not reach a mutually agreeable solution to any issue that might arise.

8.    The members of the group have agreed that David Kremser will serve as the Kremser Group spokesperson and liaison with counsel and the Court. Although I understand that emergencies rarely arise in the course of litigation of this nature that would not permit sufficient time for our group to be consulted, particularly in light of modern technological means of

communication, to the extent such an emergency arises and our group is unable to collectively make a decision, I understand that Mr. Kremser will be responsible for making such decisions.

9.     Additionally, I understand that our group will meet periodically, as necessary, by telephonic conference (with or without counsel) to discuss the progress of the litigation and to consider litigation strategies recommended by our counsel. I understand that litigation of this nature has active and inactive periods, and I will make myself available as needed to fulfill my role as Lead Plaintiff.

10.     I have selected my counsel, KGS and BP, to be Co-Lead Counsel for the Class, based on their experience in securities litigation and other class action litigation and resources. I am familiar with the background and experience of KGS and BP, and I am satisfied that the attorneys at those firms working on this matter are experienced in the prosecution of class action securities cases and will vigorously and diligently prosecute this action at the direction of the Kremser Group. I am further satisfied that these attorneys will keep me advised of the status of the action in order to assure that I may fulfill my duties as Lead Plaintiff.

11.     Though members of the Kremser Group move together for appointment as Lead Plaintiff, the group members have agreed to have the Court consider group members' losses individually and appoint an individual from the group as Lead Plaintiff should the Court so desire.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

March 31, 2008

_____
Harrison J. Kornfield

3

# EXHIBIT C



## Class Action Newsline
### PrimeNewswire, Inc.

*Source:* The Rosen Law Firm PA PC

## The Rosen Law Firm Files Securities Class Action Charging Municipal Mortgage & Equity, LLC With Violations of the Federal Securities Laws -- MMA

NEW YORK, Jan. 30, 2008 (PRIME NEWSWIRE) -- The Rosen Law Firm today announced that it has filed a class action lawsuit on behalf of all purchasers of Municipal Mortgage & Equity, LLC ("MMA" or the "Company") (NYSE:MMA) stock during the period from January 30, 2003 through January 28, 2008 (the "Class Period").

To join the MMA class action, go to the website at http://www.rosenlegal.com or call Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com for information on the class action.

NO CLASS HAS YET BEEN CERTIFIED IN THE ABOVE ACTION. UNTIL A CLASS IS CERTIFIED, YOU ARE NOT REPRESENTED BY COUNSEL UNLESS YOU RETAIN ONE. YOU MAY ALSO REMAIN AN ABSENT CLASS MEMBER.

The case is pending in the United States District Court for the Southern District of New York as case no. 08-CV-980 (RMB). You can obtain a copy of the complaint from the clerk of court or you may contact counsel for plaintiffs Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com.

The complaint charges that MMA and certain of its present and former officers, directors, and control persons violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by issuing materially false and misleading statements pertaining to MMA's business prospects, financial condition, and financial performance.

The lawsuit charges that, during the Class Period, the Company and its officers and directors, caused to be issued numerous false and misleading statements concerning the adequacy of the Company's internal controls and the value and performance of its tax-exempt bond portfolio. The Complaint alleges that defendants failed to disclose and misrepresented the true financial condition and operations of the Company.

On January 28, 2008, the Company announced that it was slashing its dividend and would again delay the filing of its restated financials. Before the market opened the following day, the Company disclosed that the previously announced restatement would impact an even greater portion of the Company's business. As a result of these disclosures, the Company's stock opened for trading at $12.33 per share and closed at $9.19 per share, or 46% below the prior day's close.

A class action lawsuit has been filed on behalf of MMA shareholders. If you wish to serve as lead plaintiff, you must move the Court no later than March 31, 2008. If you wish to join the litigation or to discuss your rights or interests regarding this class action, please contact plaintiff's counsel, Laurence Rosen, Esq. or Phillip Kim, Esq. of The Rosen Law Firm toll free at 866-767-3653 or via e-mail at lrosen@rosenlegal.com or pkim@rosenlegal.com.

The Rosen Law Firm has expertise in prosecuting investor securities litigation and extensive experience in actions involving financial fraud. The Rosen Law Firm represents investors throughout the nation, concentrating its practice in securities class actions.

More information on this and other class actions can be found on the Class Action Newsline at
www.primenewswire.com/ca.

```
CONTACT:   The Rosen Law Firm P.A.
           Laurence Rosen, Esq.
             lrosen@rosenlegal.com
           Phillip Kim, Esq.
             pkim@rosenlegal.com
           (212) 686-1060
           1-866-767-3653
           Fax: (212) 202-3827
           www.rosenlegal.com
```

**Keywords: CLASS ACTION LAWSUITS**

PrimeNewswire | Class Action Newsline | Contact Us

# EXHIBIT D

# BROWER PIVEN
## A PROFESSIONAL CORPORATION

With offices in New York City and Baltimore, Maryland, Brower Piven focuses it practice in the areas of complex class action and other representative litigation. The firm's practice areas, while diverse, enable Brower Piven clients to call upon experience and resources available at few firms of its size. Brower Piven clients range from institutional and large private investors, to small and large businesses, to small individual investors and retail consumers. Regardless of the size of the matter, Brower Piven provides every client with the professional service, care, and quality that Brower Piven believes every client deserves.

Attorneys at Brower Piven, some with over 25 years of experience, are nationally recognized in the class action arena. The firm's attorneys have vast experience advising and representing plaintiffs in class actions under the federal securities laws; federal and state consumer protection laws; federal and state antitrust laws; state shareholder and corporate governance laws; federal and state environmental laws; and federal RICO laws. Brower Piven attorneys have served their clients in literally hundreds of actions in virtually every state and federal court in the nation.

Some current matters in which Brower Piven has a leadership role demonstrate the scope of the firm's expertise. Brower Piven is co-lead counsel in the *In re Merck Securities, Derivative, and "ERISA" Litigation* pending in the Untied States District Court for the District of New Jersey, considered by many the largest federal securities fraud action in terms of damages in history, and co-lead and liaison counsel in the shareholder litigations challenging the proposed $38 billion take-over of Equity Office Properties Trust, one of the largest going private transaction in business history. Brower Piven is also co-lead counsel in the following federal securities class actions: *Wagner v. Barrick Gold Corporation et al.* (S.D.N.Y); *In re Interlink Electronics, Inc. Securities Litigation* (C.D. Cal.); *In re FoxHollow Technologies, Inc. Securities Litigation* (N.D. Cal); *Levie v. Sears Roebuck & Co. et al.* (N.D. Ill.); and *In re Arotech Corp. Securities Litigation* (E.D.N.Y.). Brower Piven is or was co-lead and/or liaison counsel representing shareholders in the following merger-related class actions: *Blaz v. Pan Pacific Retail Properties, Inc. et al.* (Cir. Ct., Balt. Co.); *In re Reckson Associates Realty Corp. Shareholders Litigation* (N.Y. Sup. Ct., Nassau Co.); *In re Fairchild Corp. Shareholders Litigation* (Del. Ch.); *In re Laureate Education Shareholder Litigation* (Cir. Ct. Balt. City); *In re PHH Corporation Transaction Litigation* (Cir. Ct., Balt. Co.); *In re Huntsman Corporation Shareholder Litigation* (Del. Ch.). Brower Piven is also counsel in the consumer class action, *H&R Block, Inc. "Express IRA" Marketing Litigation,* MDL No. 1786 (W.D. Mo.).

The breadth of Brower Piven's experience, which includes extensive experience counseling and representing defendants, corporations and their executives, real estate developers and large private investors in complex commercial litigation, class and non-class action litigation, and on corporate governance matters. The firm's experience on both sides of the bar makes it uniquely qualified to provide its clients with a perspective not available from firms that solely represent plaintiffs or defendants. The success of the strategy pursued by Brower Piven's attorneys in representing their clients over the years has been demonstrated by clients and classes represented by attorneys at Brower Piven attorneys recovering over $1 billion in past and pending recoveries.

The following is a sampling of the cases and results achieved by attorneys at Brower Piven where they have served as lead or co-lead counsel for plaintiffs:

*Steiner v. Southmark Corporation*, No. 3-89-1387-D (N.D. Tex.), federal securities fraud class action against defunct real estate partnership marketer and its outside accountants resulting in a recovery of over $75 million in cash for investors.

*In re Petro-Lewis Securities Litigation*, No. 84-C-326 (D. Colo.), a federal securities fraud class action on behalf of limited partners and shareholders where plaintiffs recovered over $100 million in cash and benefits including the restructuring of dozens of oil and gas limited partnerships.

*In re StarLink Products Liability Litigation*, MDL No. 1403, No. 01 C 4928 (N.D. Ill.), representing all American corn farmers in nationwide litigation against manufacturer of unapproved pesticide which alleged infected the U.S. corn supply and recovering over $125 million in cash for the class member.

*Romig v. Jefferson-Pilot Life Insurance Company*, 95 CVS 9703 (Supr. Ct. N.C.), deceptive insurance sales practices action brought on behalf of a class of Jefferson Pilot life insurance purchasers, resulting in a recovery for policyholders valued at over $55 million.

*In re MicroStrategy Securities Litigation*, No. 00-473-A (E.D. Va.), a federal securities fraud class, where over $125 million was recovered for investors, the Court commented that: "Clearly, the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition that they enjoy."

*In re Arakis Energy Corporation Securities Litigation*, No. 95-CV-3431 (ARR) (E.D.N.Y.), federal securities class action against Canadian company resulting in a recovery of over $24 million for investors.

*In re Spectrum Information Technologies Securities Litigation*, CV-93-2295 (FB) (E.D.N.Y.), securities fraud action against bankrupt issuer where over $10 million in cash was recovered (including all insurance coverage available) for investors following successful trial and appeal against directors' and officers' insurance carrier who attempted to disclaim coverage.

*In re Bristol-Myers Squibb Securities Litigation*, 92-CIV-4007 (JES) (S.D.N.Y.), federal securities class action resulting in recovery of over $19 million in cash for investors.

*Steiner v. Ideal Basic Industries, Inc.*, No. 86-M-456 (D. Colo.), federal securities class action against the former *Fortune 500* cement manufacturer resulting in an over $17.5 million recovery in cash for investors.

*In re Broadwing Securities Litigation*, No. C-1-02-795 (S.D. Ohio), federal securities class action against major public utility/broadband company resulting in a recovery of over $35 million in cash for investors.

*Berger v. Compaq Computer Corporation*, No. 00-20875 (S.D. Tex.), a federal securities class action where, after a successful appeal of a question of first impression in the federal appellate courts relating to the selection of lead plaintiffs and class certification in the Fifth Circuit under the Private Securities Law Reform Act of 1995, over $29 million was recovered for investors.

*In re Bausch & Lomb Securities Litigation*, No. 01-CV-6190 (CJS) (W.D.N.Y.), federal securities class action resulting in a recovery of over $ 12.5 million for investors.

*Slone v. Fifth Third Bancorp et al.*, No.1-:03-CV-211 (S.D. Ohio), securities fraud action against one of the largest mid-west bank holding companies, resulting in a recovery of $17 million for investors.

*Poziak v. Imperial Chemical Industries, PLC, et al.*, No. 1:03 cv 2457(NRB)(S.D.N.Y.), securities fraud action against one of the United Kingdom's largest public corporations, resulting in a recovery of approximately 90% of recoverable damages in cash for investors.

*J.E. Pierce Apothecary, Inc. v. Harvard-Pilgrim Health Care, Inc., et al*, No. 98-12635-WGY (D. Mass.), unfair and deceptive trade practices action on behalf of independent Massachusetts pharmacies against Harvard Pilgrim HMO and CVS Pharmacies, Inc. resulting, after bench trial, in excess of 100% of estimated recoverable damages for the class, including trebling.

The foregoing sampling of results is the product of the depth and breadth of the professional experience of attorneys at Brower Piven.  The firm's attorneys include:

### DAVID A.P. BROWER

Mr. Brower has over 25 years of complex litigation experience.  Mr. Brower has successfully represented plaintiffs in class action securities, consumer protection, environmental, antitrust and RICO actions, and representative shareholder derivative and take-over litigation. Mr. Brower, a member of the Bar of the State of New York, is also admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eleventh Circuits, and innumerable federal and state trial courts.  Mr. Brower has participated in the prosecution as lead or co-lead counsel in successful federal securities law class actions against, among others: Imperial Chemical Industries, Fifth Third Bancorp, Southmark Corp., Ideal Basic Industries, Bristol-Myers Squibb, Tower Semiconductor, Gibson Greetings, Arakis Energy Corp., Scoreboard, Coastal Healthcare, Everest & Jennings International, B.T. Office Products, Profit Recovery, Enstar Corp., Jenifer Convertibles, Warner Communications, Sambo's Restaurants, Sunrise Savings & Loan,  Phillip Morris Companies, Bausch & Lomb, Nanophase Technologies, Ramada Inns, Michael Stores, Inc., Consumers Power Co., Broadwing/Cincinnati Bell, Compaq Computer Corp., and Computer Associates. Mr. Brower has also participated in the prosecution as lead or co-lead counsel in merger litigation on behalf of, among others, public shareholders of  Sheller Globe Corp., Petro-Lewis Corp., Floating Point Systems, Holnam Corp., Wometco Enterprises, Inc., Great Bay Casinos Corp., Home Shopping Networks, MCA, Holly Sugar Co., and ARM Financial Group; and

shareholder derivative actions on behalf of shareholders of Banner Industries, Marsh & McLennan Companies, and Merrill Lynch, Pierce, Fenner & Smith.

Since 2004, Mr. Brower has been one of the lead attorneys with day-to-day responsibility for the prosecution of the securities fraud claims in *In re Merck & Co, Securities, Derivative & ERISA Litigation*, MDL No. 1658, No. 2:05-CV-02367 (D. N.J.), an action where the damages to class member are estimated to be among the largest in the history of federal securities class litigation. Additionally, while at his former firm, Mr. Brower was one of the attorneys with primary responsibility for class certification issues, including successfully arguing the class certification motion before the trial court, in *In re Initial Public Offering Securities Litigation*, 21 MC 92 (S.D.N.Y.), among the largest securities litigations ever prosecuted, encompassing approximately 309 consolidated class action cases alleging market manipulation claims in connection with the initial public offering of securities by over 55 defendant underwriters. Mr. Brower also served as liaison counsel in *In re Sotheby's Holding, Inc. Securities Litigation*, No. 00 Civ. 1041 (S.D.N.Y.), which resulted in a recovery of over $75 million for Sotheby's investors.

Mr. Brower has also served as lead or co-lead counsel in consumer fraud actions against Aventis CropScience, Compaq Computer Corporation, Jefferson-Pilot Life Insurance Company, Sprint PCS Wireless, Metropolitan Life Insurance, Harvard Pilgrim Healthcare, and CVS Corporation. In the antitrust field, Mr. Brower acted as lead counsel in litigation against Monsanto Company, E. I. du Pont de Nemours and Company and Pioneer Hybrid International, Inc. (No. 4:05-CV-01108-ERW (E.D. Mo.)), on behalf of genetically modified seed purchasers, and has participated in the *In re Initial Public Offering Antitrust Litigation*, No. 01 CIV 2014 (WHP) (S.D.N.Y.),.

In the area of environmental law, Mr. Brower has served as one of the lead attorneys in pollution actions on behalf of Oklahoma landowners against chicken producers, including Tyson Foods, Inc.; and counsel for Missouri landowners in pork producer nuisance actions against Contigroup Companies, Inc. (formerly Continental Grain) and Premium Standard Farms, which recently resulted in verdicts in favor of neighboring farmers.

Before joining Brower Piven, Mr. Brower also has represented a nationwide class of hospitals in RICO litigation against Tenet Healthcare Corporation based on claims that its conduct caused class member hospitals to receive reduced "Outlier" reimbursements from Medicare.

Mr. Brower has also represented: directors and officers of public companies in securities class actions, including the directors of Heritage Hospitals; represented a former multi-state hospital developer; advised boards of directors of public companies regarding their fiduciary responsibilities; provided opinions as special counsel under Delaware law to public companies, including MGM/UA; represented insurance and reinsurance companies in coverage litigation, including matters involving Johns Manville, PepsiCo and Hilton Hotels; represented commodities dealers and brokers in connection with Commodities Futures Trading Commission reparations actions; represented foreign corporations in United States litigation, including one of Japan's largest electronics, international hotel and resort companies in litigation against its American counsel and financial advisors; represented a Brazilian trust holding claims for one of Brazil's largest telecommunications companies; and defended a large, Florida-based, national

mortgage brokerage company, Foundation Funding, in class action litigation brought under the Truth In Lending Act.

Mr. Brower, is a graduate of Columbia College of Columbia University (A.B. 1979), and the Georgetown University Law Center (J.D. 1982), and he attended King's College, University of London (1980), where he studied comparative, international, and EC transactional law. Mr. Brower regularly lectures before professional organizations and at CLE-accredited conferences on the class action procedures and securities laws and shareholder and investor rights, including the American Law Institute/American Bar Association Advanced Course of Study Program, the Practicing Law Institute, and the New York State Bar Association. Mr. Brower regularly writes on class action procedures and new issues in class action jurisprudence. Mr. Brower is a long-time member of the New York State Bar Association Subcommittee on Class Actions, has participated as a member of the Executive Committee of the National Association of Securities and Consumer Law Attorneys, and actively participated in legislative initiatives relating to the Private Securities Litigation Reform Act of 1995 and the Class Action Fairness Act of 2005.

## CHARLES J. PIVEN

Mr. Piven is a seasoned litigator who has led his own practice since 1990. During his 29 years in practice, Mr. Piven has represented individuals, partnerships, trusts, pension plans and corporations in many types of cases. Mr. Piven's experience includes litigation in the areas of complex securities, shareholder, consumer protection, personal injury and property damage class actions, merger and acquisition class actions, bankruptcy, first amendment, copyright, employment, wrongful death, and legal, medical, accounting and broker malpractice.

Class and representative actions in which Mr. Piven has served as lead, co-lead, liaison or local counsel include, among others, Baltimore Bancorp securities litigation, USFG securities litigation, Yorkridge Calvert Savings & Loan securities litigation, Maryland National Bank securities litigation, Reckson Associates Realty Company derivative litigation, Read-Rite Corporation securities litigation, Mid-Atlantic Realty shareholder merger litigation, Pan Pacific Realty shareholder merger litigation, Allied Irish Banks derivative litigation, Sprint Spectrum Cellular Telecommunications Company consumer litigation, IWIF Wiretap consumer litigation, Land Rover Group Ltd. consumer litigation, Cellular One consumer litigation, H&R Block Refund Anticipation Loan consumer litigation, Prison Telephone consumer litigation, and BlueCross/Blue Shield consumer litigation.

In recent years, Mr. Piven has taken an active role in the prosecution of litigation relating to allegations that mutual fund investors have been victimized by directed brokerage arrangements, excessive fees, excessive commissions and deceptive sales practices or other actionable conduct. Some of the mutual fund families and brokerage firms involved in these cases that Mr. Piven has been responsible for originating include: Lord Abbott, AIM/Invesco, BlackRock, Davis, Eaton Vance, Dreyfus, Evergreen, Federated, Alliance, Franklin, Hartford, MFS, PIMCO, Scudder, Columbia, Goldman Sachs, Merrill Lynch, Morgan Stanley, Salomon Smith Barney, Edward Jones, UBS, Wells Fargo and American Express. Investors in mutual fund cases initiated or led by Mr. Piven's clients have achieved a proposed settlement with mutual fund marketer Edward

Jones for over $125,000,000 and approved settlements with American Express for approximately $100,000,000 and with Merrill Lynch for approximately $39,000,000.

Mr. Piven also directly represents the lead plaintiff(s) and/or proposed class representative(s) in approximately 25% of the 309 cases encompassed by the Initial Public Offering Securities Litigation pending in the Southern District of New York, and Mr. Piven and the firm have taken an active role in the discovery in this litigation.

Mr. Piven also has experience in the field of ERISA class actions on behalf of former and current company employees.  ERISA cases in which Mr. Piven is or has been counsel for named plaintiffs include:  Aquila ERISA litigation (W.D. Mo.); General Motors ERISA litigation (E.D. Mich.); ConAgra Foods ERISA litigation (D. Neb.); the Coca-Cola Enterprises ERISA litigation (N.D. Ga.); Fannie Mae ERISA litigation (D. D.C.); Delphi ERISA litigation (E.D. Mich.); Ford Motor Company ERISA litigation (E.D. Mich.) and the Pfizer ERISA litigation (S.D.N.Y.).

Mr. Piven is a 1975 graduate of Washington University and a 1978 graduate of the University of Miami School Of Law.  During law school, Mr. Piven was a student law clerk for the late Honorable United States District Court Judge C. Clyde Adkins of the Southern District of Florida.  Mr. Piven was admitted to the bars of the States of Florida (currently inactive) and Maryland in 1978.  Mr. Piven is a member in good standing of the Court of Appeals of Maryland, the United States Court of Federal Claims, the United States Tax Court, the United States District Court for the Districts of Maryland and Colorado, and the United States Courts of Appeals for the First and Fourth Circuits.

## MARSHALL N. PERKINS

Mr. Perkins practices in the firm's consumer and securities class action, shareholder, complex professional negligence, and tort litigation areas. Additionally, Mr. Perkins is currently, or has been actively involved with, prosecuting claims on behalf of landowners in Harford County, Maryland proceeding in the United States District Court for the Southern District of New York relating to MTBE contamination; claims of computer/hardware owners for deceptive sales practices; claims of Maryland landowners for trespass by Comcast Corp. for its overhead transmission lines; and a number of complex professional negligence cases in the Maryland Circuit Courts.

Illustrative of his previous experience, Mr. Perkins has successfully represented a proposed class of tax advisory customers alleging consumer protection claims before Maryland's highest court, see *Green v. H & R Block*, 355 Md. 488, 735 A.2d 1039 (1999); and a proposed class alleging violation of Maryland's wiretap statute, in *Schmerling v. IWIF*, 368 Md. 434, 795 A.2d 715 (2002).  Mr. Perkins' business litigation experience includes representing the bankruptcy trustee in several contingent litigation matters in *In re TimeWorldCom, Inc.*, Case No. 99-1-7353-PM, 905 A. 2d 842 (Bankr. D. Md. 2006).

Mr. Perkins is a 1997 *magna cum laude* graduate of the University Of Baltimore School Of Law, where he was a staff editor for the *University of Baltimore Law Forum*. Mr. Perkins graduated Phi Beta Kappa, *magna cum laude*, with a Bachelor of Arts degree from the University of

Maryland, College Park. Mr. Perkins is a member of the Bar of the State of Maryland, as well as the Bars of the Maryland Federal District Court and the United States Court of Appeals for the Fourth Circuit.

Following receipt of his *juris doctor* in May, 1997, Mr. Perkins was a law clerk to the Honorable Irma S. Raker, Judge, Court of Appeals of Maryland, Maryland's highest court. Mr. Perkins' publications include: Note, *United States v. Virginia, State May Not Maintain a "Unique" Single-Sex Educational Facility Without Providing a Comparable Facility to the Excluded Gender*, 27.1 U. Balt. L. Forum 51 (1996); *Beyond the Roar of the Crowd: Victim Impact Testimony Collides With Due Process*, 27.2 U. Balt. L. Forum 31 (1997).

### ELIZABETH A. SCHMID

Ms. Schmid is a member of the Bar of the State of New York. Ms. Schmid earned her *juris doctor* at the University of Buffalo in May 2005, where she was a National Criminal Moot Court Finals Competitor (Spring, 2005); Wechsler Intramural Moot Court Competition Winner (Fall 2004); Mock Trial competitor, Erie County Courthouse (Fall, 2004); and a contributor to the *Buffalo Women's Law Journal* (Spring, 2005). Ms. Schmid attended Sweet Briar College in Lynchburg, Virginia, and received her Bachelor of Arts from Stony Brook University in May 2000

Following her law school graduation, Ms. Schmid commenced her practice in the Office of General Counsel, Merrill Lynch, Pierce, Fenner & Smith, Inc., in New York City, where she participated in day-to-day management of significant litigation and risk management projects, and assisted in preparation of reports and litigation studies relating to securities claims, broker/dealer disputes, and investor/customer complaints.

Prior to graduating from law school, Ms. Schmid worked as a law clerk at New York's Paul, Weiss, Rifkind, Wharton, & Garrison LLP (2005), where she concentrated on large-scale discovery projects; and Watson, Bennett, Colligan, Johnson & Schechter, LLP in Buffalo, NY (2003-2004), where she obtained experience in the areas of insurance, real estate, environmental, employment, and bankruptcy law. Ms. Schmid also served in 2004 as a Legal Intern in the Office of the District Attorney for Suffolk County, New York.

### BROWER PIVEN
#### A PROFESSIONAL CORPORATION

THE WORLD TRADE CENTER-BALTIMORE
401 EAST PRATT STREET, SUITE 2525
BALTIMORE, MARYLAND 21202

TELEPHONE:  (410) 332-0030
TELECOPIER: (410) 685-1300

488 MADISON AVENUE
EIGHTH FLOOR
NEW YORK, NEW YORK 10022

TELEPHONE:  (212) 501-9000
TELECOPIER: (212) 501-0300

# EXHIBIT E



Kahn Gauthier Swick, LLC ("KGS") (www.kgscounsel.com) is a law firm with offices in New Orleans and New York City. KGS focuses predominantly on class action litigation, in the areas of securities and consumer fraud, shareholder derivative and other complex litigation. KGS was formed in 2000 as a partnership between established class action attorneys. Since its inception KGS has recovered tens of millions of dollars for its clients.

KGS's lawyers have significant experience litigating complex securities cases. Among other cases the firm is involved in, KGS has been appointed to leadership roles in the following securities class action and derivative litigations:

| | |
|---|---|
| ***Bodisen Biotech, Inc.***<br>*Co-Lead Counsel* | *S.D.N.Y.* |
| ***Gaming Partners***<br>*Co-Lead Counsel* | *D. Nev.* |
| ***In re BigBand Networks, Inc Securities Litigation***<br>*Co-Lead Counsel* | *C.D. Cal.* |
| ***In re Optionable, Inc. Securities Litigation***<br>*Lead Counsel* | *S.D.N.Y.* |
| ***In re Pegasus Wireless Corp. Securities Litigation***<br>*Lead Counsel* | *S.D. Fla.* |
| ***In re Proquest Company Shareholder Derivative Litigation***<br>*Co-Lead Counsel* | *E.D.Mich.* |
| ***In re U.S. Auto Parts Networks, Inc. Securities Litigation***<br>*Lead Counsel* | *C.D. Cal.* |
| ***In re Witness Systems Inc. Securities Litigation***<br>*Co-Lead Counsel* | *N.D. Ga.* |
| ***In re Xethanol Corporation Securities Litigation***<br>*Lead Counsel* | *S.D.N.Y.* |

| | |
|---|---|
| *In re Xinhua Finance Media, Ltd. Securities Litigation*<br>*Co-Lead Counsel* | *S.D.N.Y.* |
| *Pixelplus Co. Ltd.*<br>*Co-Lead Counsel* | *S.D.N.Y.* |
| *Terayon Comm. Systems Inc.*<br>*Co-Lead Counsel* | *N.D. Cal.* |
| *Whitney Information Network*<br>*Lead Counsel* | *M.D. Fla.* |

## LAWYERS

### Partners

#### *Lewis S. Kahn*

Lewis Kahn serves as the managing partner of KGS. Along with the representation of thousands of plaintiffs in mass tort cases and thousands of wronged investors in class actions throughout the United States, Mr. Kahn has been appointed to various leadership positions in federal class action litigation. Among other appointments, Mr. Kahn served as a member of the Plaintiffs' Steering Committee in MDL 1481, *In re Meridia Products Liability Litigation*, appointed by Judge James S. Gwin in the United States District Court for the Northern District of Ohio, Eastern District.

Mr. Kahn is often turned to by the media for expert commentary in the field of class action litigation. KGS has been profiled in the *New York Times*, *Washington Post*, *Boston Globe*, and many other media outlets. Mr. Kahn holds a Bachelor's degree from New York University and received a Juris Doctor from Tulane Law School in 1994. He has been a member in good standing of the Louisiana State Bar Association since 1995, and is a member of the Federal Bars for the Eastern, Middle and Western Districts of Louisiana.

#### *Kim E. Miller*

Kim E. Miller is a partner of Kahn Gauthier Swick, LLC, who specializes in securities,

consumer, and commercial litigation. Prior to joining KGS in 2006, Ms. Miller was a partner at one of the nation's leading plaintiff class action firms. Ms. Miller also spent two years as a securities litigator on the defense side while at Gray Cary Ware & Friedenrich LLP in Palo Alto, California.

Over the course of her career, Ms. Miller has represented tens of thousands of wronged investors and consumers in class actions filed throughout the country. Among other cases, Ms. Miller has worked on more than 25 cases involving allegations of improper directed brokerage arrangements and excessive charges in mutual fund cases brought pursuant to the 1934 Securities Exchange Act and/or the Investment Company Act of 1940. Ms. Miller was also involved in the mutual funds late trading/market timing litigation.

Ms. Miller has been involved in a variety of cases in which large settlements were reached, including:

> **Settlement value of $127.5 million** *Spahn v. Edward D. Jones & Co., L.P.*, 04-cv-00086-HEA (E.D. Mo.)

> **$110 Million Recovery.** *In re StarLink Corn Products Liability Litigation*, MDL No. 1403 (N.D. Ill.)

> **$100 Million Recovery.** *In re American Express Financial Advisors, Inc. Sec. Litig.*, 1:04-cv-01773-DAB (S.D.N.Y.)

Ms. Miller was also a member of the trial team that obtained a federal jury verdict in favor of plaintiffs in a case involving the aiding and abetting of a mortgage company's fraudulent lending practices. *Austin v. Lehman Commercial Paper*, No. 04-55942 (DOC)(C.D. Cal.).

Ms. Miller graduated with honors from Stanford University in 1992 with a double major in English and Psychology. She earned her Juris Doctor degree from Cornell Law School, *cum laude*, in 1995. While at Cornell, Ms. Miller was the Co-Chair of the Women's Law Symposium, Bench Brief Editor of the Moot Court Board, and a member of the Board of Editors of the

Cornell Journal of Law & Public Policy. She is admitted to practice in the States of California and New York and before the United States District Courts for the Southern and Eastern Districts of New York and the Northern, Southern, and Central Districts of California. Her *pro bono* work includes representing families of 9/11 victims at *In re September 11 Victim Compensation Fund* hearings. Ms. Miller has also served as a fundraiser for the New York Legal Aid Society.

### *Kevin L. Oufnac*

Kevin Oufnac joined Kahn Gauthier Swick, LLC in 2006. Prior to becoming a partner in KGS, Mr. Oufnac spent many years litigating cases throughout the United States with several of the nation's most recognized law firms, including Ness, Motley, Loadholt, Richardson, & Poole, PA; Richardson, Patrick, Westbrook & Brickman, LLC; and Motley Rice, LLC. In addition to individual cases, some of the litigations in which Mr. Oufnac has participated include *In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation*, No. 03-0425 (W.D. Pa.) (which resulted in a settlement of $33 million to the class members), and *Dundon v. U.S. Bank*, No. 01-408 (S.D. Ill.) (which resulted in a settlement of $26 million to the class members).

Mr. Oufnac received his Juris Doctor in 1995 from the Loyola University School of Law, New Orleans. He is a member of the Louisiana State Bar Association, the South Carolina State Bar Association, and the Association of Trial Lawyers of America. Mr. Oufnac has also been admitted to the United States Court of Appeals for the Fourth Circuit and the United States District Courts for the Eastern District of Michigan, the Eastern District of Louisiana, and the District of South Carolina.

### *Michael A. Swick*

Michael A. Swick heads KGS's Securities Litigation Group. Mr. Swick began his career

in the mid 1990's working at several of the nation's leading securities class action law firms.

Over the past decade, Mr. Swick has played a significant role in investigating corporate fraud, initiating litigations, and drafting amended complaints in cases involving the Securities Act of 1933 and the Securities Exchange Act of 1934.

Mr. Swick received a Juris Doctor from Tulane Law School in 1994. Mr. Swick received a Masters of Political Philosophy from Columbia University in 1989 and a B.A. in Philosophy and Political Science from State University of New York at Albany in 1988. Mr. Swick was admitted to the State Bar of New York in 1996 and is a member of the Federal Bar for the Southern District of New York.

### Of Counsel

*Charles C. Foti, Jr.*

Charles C. Foti, Jr. served as the Attorney General for the state of Louisiana from 2004-2008, after serving for 30 years as one of the most innovative law enforcement officials in the United States as Orleans Parish Criminal Sheriff. Throughout his career, General Foti has remained committed to public service.

As Attorney General for the state of Louisiana, General Foti's achievements include:

*\* Recovered over $24 million for Louisiana consumers in consumer fraud matters, $8 million in anti-trust litigation, $9.1 million for state employees through Office of Group Benefits, over $2 million for auto complaints, over $33 million in Medicaid Fraud.*

*\* Investigated and apprehended numerous contractor fraud criminals in the wake of the worst natural disaster in United States history, Hurricane Katrina.*

*\* Louisiana Internet Crimes Against Children Task Force doubled the number of arrests for crime against children.*

In his tenure as Orleans Parish Criminal Sheriff, General Foti oversaw the enormous expansion of the parish jail, growing from 800 prisoners in 1973 to more than 7,000 currently. As the prison expanded, so did the need for education and rehabilitation skills for prisoners. As

Sheriff, General Foti started the first reading and GED programs, work release programs, drug treatment programs and the nation's first boot camp at the local level, all to prepare prisoners for a future without crime. Administratively, General Foti managed a multi-million dollar budget and a complex organization of more than 1,400 employees.

General Foti has for many years been an advocate for the elderly. As Sheriff, he and a small army of volunteers provided Thanksgiving meals for senior citizens in the New Orleans area who were alone or couldn't afford a proper holiday feast. He started a back to work program for senior citizens that helps people over the age of 55 get back into the workforce.

General Foti received his Juris Doctor degree from Loyola University Law School in 1965, after serving his country in the United States Army from 1955 through 1958.

### Glen Woods

Glen Woods joined Kahn Gauthier Swick, LLC as Of Counsel in 2006. Mr. Woods has tried over two hundred business and tort cases in Louisiana state and federal courts. Mr. Woods achieved a $346 million verdict in 1997 in a breach of contract case against Entergy and a $55 million verdict against ADP for its involvement in the New Orleans Fairgrounds fire years earlier. Mr. Woods began his legal career in 1985 as an Assistant District Attorney to Harry Connick Sr. and was appointed Special Prosecutor responsible for capital homicides. Mr. Woods is admitted to practice in all state courts in the State of Louisiana, the United States District Court for the Eastern District of Louisiana, and the United States Court of Appeals for the Fifth Circuit. Mr. Woods received his Juris Doctor from Southern University in 1984 and received a Bachelor of Arts in Sociology from the University of Southwestern Louisiana in 1979.

### Associates

### Paul S. Balanon

Paul Balanon's post-admission experience includes commercial litigation in such areas as marine insurance, contractual indemnity, products liability, toxic torts, regulatory and administrative law, Defense Base Act matters, and environmental law. In addition, he has handled immigration and nationality cases (including investment-based and treaty visas), contract drafting and transactional matters, and international trade issues.

Mr. Balanon received a B.A. cum laude in Political Science with a specialization in International Relations from UCLA (1999), a J.D. from American University (2003), and a Master of Laws in Admiralty with distinction from Tulane University Law School (2004).

While taking a full-time course of law study at the Washington College of Law at American University, Mr. Balanon worked for Judge David S. Tatel (U.S. Court of Appeals for the D.C. Circuit) and for the Washington Lawyers Committee. He was also a member of the Moot Court Honor Society, competed in the Delaware corporations moot court, and served as a student attorney for American University's legal clinic. To pursue more intensive studies in one of his areas of interest—shipping—Mr. Balanon enrolled as a Henry F. Stiles Scholar at Tulane Law School where he was a member of the Tulane Maritime Law Journal, which published his case note. He is the recipient of the Edward A. Dodd Prize for graduating first in the class in his year.

Mr. Balanon is admitted to practice in the State of Louisiana; the Eastern, Middle, and Western Districts of Louisiana; the U.S. Bankruptcy Court for the Eastern District of Louisiana; the U.S. Fifth Circuit; the State of Maryland; and Washington, D.C.

### *Sarah Catherine Boone*

Sarah Catherine Boone holds a Bachelor of Arts in Philosophy from the University of Southern California and a Master of Fine Arts in Writing from the Master of Professional

Writing Program at USC. She received her Juris Doctor from Tulane Law School and was admitted to practice law in the State of Montana in 2007. She is a member of the Montana State Bar Association and she has been admitted to the United States District Court for the District of Montana. She is also a member of the American Bar Association and the Tulane Inns of Court.

### Melissa Ryan Clark

Melissa Ryan Clark received her Juris Doctor from Tulane Law School in 2007. While at Tulane, Ms. Clark was president of her graduating class and of the Business Law Society, a chairperson for the Moot Court Board, and a Senior Fellow for Legal Research & Writing. In Fall 2006, Ms. Clark attended University of California – Berkeley where she received high honors in Securities & Class Action Litigation and was a Visiting Contributor to the *California Law Review*. She received her Bachelors of Science degree in International Affairs from Florida State University in 2004.

Ms. Clark's legal work experience includes clerking at the San Francisco District Attorney's Office and externing for the Honorable Chief Judge Jerry Brown in the United States Bankruptcy Court, Eastern District of Louisiana and the Honorable Jay C. Zainey 0in the Eastern District of Louisiana. She is a member of the New York State Bar Association, the American Bar Association, and the American Inns of Courts. Ms. Clark was admitted to the New York Bar in 2008.

### Catherine R. Gauthier

Catherine R. Gauthier holds a Bachelor of Arts degree from the University of Louisiana at Lafayette, having graduated *magna cum laude* in 2000. She received a Juris Doctor from Loyola University School of Law, New Orleans and was admitted to practice law in the State of Louisiana in 2005. She is a member of the Louisiana State Bar Association, the American Bar

Association, and the American Association of Trial Lawyers.

### *George S. Mentz*

George Mentz is licensed to practice law in Louisiana and the Federal Courts of the EDLA and is a member of the Tax, Trusts & Estates & International Law Sections of the Bar. Mr. Mentz is chiefly a consultant and professor in the areas of ethics, consumer and victims rights, international law, business law, and financial law. Mr. Mentz has recently been featured or quoted in the Wall Street Journal, Financial Times Asia, China Daily, The Arab Times, The Hindu National (India), and The El Norte Mexico Newspapers. Mr. Mentz has written and published in multiple venues around the world in Radio, TV, magazines, web-casts, and journals and has published over 22 books and training manuals.

Professor Mentz serves on several boards and advisory committees in the US, Europe, and Asia. Mr. Mentz has a JD, MBA, certified financial consultant credential and financial planner license. Mr. Mentz has provided specialized consulting over the years as to valuation and quantum damages and has testified and been accepted as an expert in NASD securities arbitration hearings. Mr. Mentz was recently appointed to the Institutional Advisory Board of the Global Finance Forum in Switzerland, the ERISA Fiduciary Guild Advisory Board, and the AML Anti Money Laundering Committee for ICA USA, and was recently re-elected to the Financial Training and Ethics Board for AAFM Worldwide for 2007. Prof. Mentz has trained thousands of people in the areas of law, finance, ethics, tax, corporate governance, investments, and wealth management, and has taught over 100 law, business, and ethics courses at the graduate and undergraduate level over the last ten years.

Mr. Mentz earned his Juris Doctor from Loyola University School of Law, New Orleans. Mr. Mentz was Chairman and Faculty Advisor for the Tax and Estate Planning Law Review at

Loyola University. Further, Mr. Mentz holds an MBA in International Business and Financial Planning from Loyola, as well as a BA with a focus on International Politics.

# EXHIBIT F



STANFORD LAW SCHOOL

# SECURITIES CLASS ACTION CLEARINGHOUSE

### IN COOPERATION WITH CORNERSTONE RESEARCH

## Company and Case Information

IMPORTANT INFORMATION | INDEX OF FILINGS | SEARCH

- Home
- Index of Filings
- News and Press Releases
- Filings
- Decisions
- Settlements
- Litigation Activity Indices
- Top Ten List
- Annual/Quarterly Updates
- Clearinghouse Research
- Articles & Papers
- Search
- Related Sites
- About Us
- Local Rules
- Sponsors
- Register

Copyright (c) 2001
Stanford Law School

## Municipal Mortgage & Equity, LLC

SEARCH CASE COURT FILINGS

**Summary:** According to a press release dated January 31, 2008, the complaint charges that MMA and certain of its present and former officers, directors, and control persons violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by issuing materially false and misleading statements pertaining to MMA's business prospects, financial condition, and financial performance.

The lawsuit charges that, during the Class Period, the Company and its officers and directors, caused to be issued numerous false and misleading statements concerning the adequacy of the Company's internal controls and the value and performance of its tax-exempt bond portfolio. The Complaint alleges that defendants failed to disclose and misrepresented the true financial condition and operations of the Company.

On January 28, 2008, the Company announced that it was slashing its dividend and would again delay the filing of its restated financials. Before the market opened the following day, the Company disclosed that the previously announced restatement would impact an even greater portion of the Company's business. As a result of these disclosures, the Company's stock opened for trading at $12.33 per share and closed at $9.19 per share, or 46% below the prior day's close.

A similar, purported class action complaint was also filed in the U.S. District Court for the District of Maryland with class period between May 3, 2004 to January 29, 2008.

INDUSTRY CLASSIFICATION:
**SIC Code:** 6500
**Sector:** Financial
**Industry:** Consumer Financial Services

COMPANY/ISSUER NAME:    **Municipal Mortgage & Equity, LLC**
COMPANY/ISSUER TICKER:    **MMA**
COMPANY WEBSITE:

### FIRST IDENTIFIED COMPLAINT IN THE DATABASE
### Joseph F. Gelmis, et al. v. Municipal Mortgage & Equity, LLC, et al.

| | |
|---|---|
| COURT: **S.D. New York** | DOCKET NUMBER: **08-CV-00980** |
| JUDGE NAME: **Hon. Richard M. Berman** | |
| DATE FILED: **1/30/2008** | SOURCE: **Notice of Filing** |
| CLASS PERIOD START: **1/30/2003** | CLASS PERIOD END: **1/28/2008** |
| TYPE OF COMPLAINT: **Complaint (Unamended and Unconsolidated)** | |

PLAINTIFF FIRMS NAMED IN COMPLAINT:

- Abbey Spanier Rodd Abrams & Paradis, LLP
  212 East 39th Street, New York, NY, 10016
  (voice) 212-889-3700, (fax) 212-684-519, info@abbeyspanier.com
- Brodsky & Smith, LLC
  11 Bala Avenue, Suite 39, Bala Cynwyd, PA, 19004
  (voice) 610.668.7987., (fax) 610.660.0450, esmith@Brodsky-Smith.com
- Brower Piven

The World Trade Center-Baltimore. 401 East Pratt Street, Suite 2525 , Baltimore, MD,
(voice) 410.332.0030, (fax) 410.685.1300, info@browerpiven.com
- Coughlin Stoia Geller Rudman & Robbins LLP (Melville)
58 South Service Road, Suite 200, Melville, NY, 11747
(voice) 631.367.7100, (fax) 631.367.1173, info@csgrr.com/
- Finkelstein Thompson LLP
The Duvall Foundry, 1050 30th Street, N.W., Washington, DC, 20007
(voice) 202.337.8000, (fax) 202.337.8090, contact@finkelsteinthompson.com
- Kahn Gauthier Swick, LLC
12 East 41st Street, 12th Floor, New York, NY, 10016
(voice) 212.920.4310, (fax) 212.696.3730, info@kglg.com
- Lockridge, Grindal, Nauen P.L.L.P.
Suite 301, 660 Pennsylvania Avenue Southeast, Washington, DC, 20003-4335
(voice) 202.544.9840, (fax) 202.544.9850,
- Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor, New York, NY, 10017-5516ven
(voice) 212.661.1100, (fax) 212.661.8665, info@pomerantzlaw.com/
- Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road, Radnor, PA, 19087
(voice) 610.667.7706, (fax) 610.667.7056, info@sbtklaw.com
- The Rosen Law Firm, P.A.
350 Fifth Avenue, Suite 5508, New York, NY, 10118
(voice) 212.686.1060, (fax) 212.202.3827, lrosen@rosenlegal.com

TOTAL NUMBER OF PLAINTIFF FIRMS: **10**

---

DOCUMENTS FOR THE FIRST IDENTIFIED COMPLAINT

**Class Action Complaint - Jury Trial Demanded**

| Type: Complaint | Date on the document: 01/30/2008 |
|---|---|

---

OTHER DOCUMENTS

**Class Action Complaint for Violations of Federal Securities Laws - Jury Trial Demanded**

Case Name and/or Number: F. Richard Manson, et al. v. Municipal Mortgage & Equity, LLC, et al.

| Type: Complaint | Date on the document: 01/31/2008 |
|---|---|

**Class Action Complaint for Violations of Federal Securities Laws - Jury Trial Demanded**

Case Name and/or Number: Paul Engel, et al. v. Municipal Mortgage & Equity, LLC, et al.

| Type: Complaint | Date on the document: 02/01/2008 |
|---|---|

**Class Action Complaint for Violations of Federal Securities Laws**

Case Name and/or Number: Jules Rothas, et al. v. Municipal Mortgage & Equity, LLC, et al.

| Type: Complaint | Date on the document: 02/04/2008 |
|---|---|

**Class Action Complaint - Jury Trial Demanded**

Case Name and/or Number: Arnold J. Ross, et al. v. Municipal Mortgage & Equity, LLC, et al.

| Type: Complaint | Date on the document: 02/08/2008 |
|---|---|

**Class Action Complaint - Jury Trial Demanded**

Case Name and/or Number: Alex D'Angelo, et al. v. Municipal Mortgage & Equity, LLC, et al.

| Type: Complaint | Date on the document: 02/11/2008 |
|---|---|

**Class Action Complaint for Violations of the Federal Securities Laws - Demand for Jury Trial**

Case Name and/or Number: Naomi Raphael, et al. v. Municipal Mortgage & Equity, LLC, et al.

| Type: Complaint | Date on the document: 03/05/2008 |
|---|---|

---

WARNING AND DISCLAIMER OF LIABILITY:
The information included on this Web site, whether provided by personnel employed by Stanford
Law School or by third parties, is provided for research and teaching purposes only. Neither
Stanford University, Stanford Law School, nor any of their employees, agents, contractors, or
affiliates warrant the accuracy or completeness of the information or analyses displayed herein,
and we caution all readers that inclusion of any information on this site does not constitute an
endorsement of the truthfulness or accuracy of that information. In particular, this Web site

contains complaints and other documents filed in federal and state courts, which make allegations that may or may not be accurate. No reader should, on the basis of information contained in or referenced by this Web site, assume that any of these allegations are truthful.