UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
JOSEPH S. GELMIS, Individually and on Behalf of : 
All Others Similarly Situated,                  :  Electronically Filed
                                                :
                    Plaintiff,                  :
         v.                                     :
                                                :
EARL W. COLE, III, MICHAEL L. FALCONE,          :  Civil Action No.: 1:08-cv-00980 (RMB)
WILLIAM S. HARRISON, MARK K. JOSEPH,            :  (ECF Case)
MELANIE M. LUNDQUIST, GARY A.                   :
MENTESANA, ROBERT J. BANKS, CHARLES             :
C. BAUM, RICHARD O. BERNDT, EDDIE C.            :
BROWN, ROBERT S. HILLMAN, DOUGLAS A.            :
McGREGOR, ARTHUR S. MEHLMAN, FRED N.            :
PRATT, JR., and MUNICIPAL MORTGAGE &            :
EQUITY, LLC,                                    :
                                                :
                    Defendants.                 :
———————————————————————— x

*(Additional Captions on the Following Pages)*

**MEMORANDUM OF LAW IN SUPPORT OF THE RAWDEN GROUP'S
MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF CHOICE OF LEAD COUNSEL</u>**

```
───────────────────────────────────────── x
JULES ROTHAS, Individually and on Behalf of All   :
Others Similarly Situated,                        :
                                                  :
                                                  :  Electronically Filed
                    Plaintiff,                    :
       v.                                         :
                                                  :  Civil Action No.: 1:08-cv-01120 (RMB)
MUNICIPAL MORTGAGE & EQUITY L.L.C.,               :  (ECF Case)
MARK K. JOSEPH, MICHAEL L. FALCONE,               :
WILLIAM S. HARRISON, MELANIE M.                   :
LUNDQUIST and DAVID B. KAY,                       :
                                                  :
                    Defendants.                   :
───────────────────────────────────────── x
ARNOLD J. ROSS, Individually and on behalf of all :
others similarly situated,                        :
                                                  :
                                                  :  Electronically Filed
                    Plaintiff,                    :
       v.                                         :
                                                  :  Civil Action No.: 1:08-CV-1299 (RMB)
EARL W. COLE, III, MICHAEL L. FALCONE,            :  (ECF Case)
WILLIAM S. HARRISON, MARK K. JOSEPH, and:
MUNICIPAL MORTGAGE & EQUITY, LLC.,                :
                                                  :
                    Defendants.                   :
───────────────────────────────────────── x
ALEX D'ANGELO, Individually and On Behalf of      :
All Others Similarly Situated,                    :
                                                  :
                    Plaintiff,                    :  Electronically Filed
       v.                                         :
                                                  :
MUNICIPAL MORTGAGE & EQUITY, LLC,                 :  Civil Action No. 1:08-CV-1331 (RMB)
MICHAEL L. FALCONE, WILLIAM S.                    :  (ECF Case)
HARRISON, EARL W. COLE, III, MARK K.              :
JOSEPH, MELANIE M. LUNDQUIST, GARY A              :
MENTESANA, CHARLES M. PINCKNEY                    :
ROBERT J. BANKS, CHARLES C. BAUM,                 :
RICHARD O. BERNDT, EDDIE C. BROWN,                :
ROBERT S. HILLMAN, DOUGLAS A.                     :
McGREGOR, ARTHUR MEHLMAN and FRED N.:
PRATT, JR.,                                       :
                                                  :
                    Defendants.                   :
───────────────────────────────────────── x
```

————————————————————————— x
NAOMI RAPHAEL, Individually and On Behalf of : 
All Others Similarly Situated, :
                                            Plaintiff, : Electronically Filed
    v. :
MUNICIPAL MORTGAGE & EQUITY, LLC, : Civil Action No. 1:08-CV-2190 (RMB)
MARK J. JOSEPH, MICHAEL L. FALCONE, : (ECF Case)
WILLIAM S. HARRISON, MELANIE M. :
LUNDQUIST, DAVID B. KAY, CHARLES C. :
BAUM, EDDIE C. BROWN, ROBERT S. :
HILLMAN, ARTHUR S. MEHLMAN, and FRED :
N. PRATT, JR., :
                                            Defendants. :
————————————————————————— x

**TABLE OF CONTENTS**

I. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES .......................................................................................................... 6

II. THE RAWDEN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF ................................................................................................................ 7

    A. The PSLRA Standard for Appointing Lead Plaintiff ......................................... 7

    B. The PSRLA Mandates That The Rawden Group Should Be Appointed Lead Plaintiff .............................................................................................. 8

        1. The Rawden Group Satisfied the PSLRA's Procedural Requirements ........................................................................................... 8

        2. The Rawden Group Possesses the Largest Financial Interest in the Relief Sought by the Class ................................................................ 9

        3. The Rawden Group Satisfy Rule 23's Typicality and Adequacy Requirements ......................................................................................... 9

    C. The Court Should Approve Movants' Selection of Lead Counsel .................. 12

III. CONCLUSION ................................................................................................ 13

## TABLE OF AUTHORITIES

## FEDERAL CASES

*Chisholm v. TranSouth Fin. Corp.*,
    184 F.R.D. 556 (E.D. Va. 1999) ........................................................................... 11

*Constance Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) .......................................................................... 11

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d. Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993) ...................... 10

*Glauser v. EVCI Career Colls. Holding Corp.*,
    236 F.R.D. 184 (S.D.N.Y. 2006) ............................................................................ 8

*Haung v. Acterna Corp.*,
    220 F.R.D. 255 (D.Md. 2004) ........................................................................ 10, 12

*In re Initial Pub. Offering Sec. Litig.*,
    214 F.R.D. 117 (S.D.N.Y. 2002) .......................................................................... 10

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) ................................................................................. 6

*Kaplan v. Gelford*,
    240 F.R.D. 88 (S.D.N.Y. 2007) .............................................................................. 6

*Metro Servs. Inc. v. Wiggins*,
    158 F.3d 162 (2d. Cir. 1998) .................................................................................. 8

*Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................ 10

*In re Party City Sec. Litig.*,
    189 F.R.D. 91 (D.N.J. 1999) ................................................................................... 1

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
    163 F.R.D. 200 (S.D.N.Y. 1995) .......................................................................... 11

*In re Royal Ahold N.V. Securities and ERISA Litig.*,
    219 F.R.D. 343 (D.Md. 2003) ........................................................................ *passim*

*Strougo v. Brantley Capital Corp.*,
    243 F.R.D. 100 (S.D.N.Y. 2007) .......................................................................... 10

*In re USEC Sec. Litig.*,
    168 F. Supp. 2d 560 (D.Md. 2001) ..................................................................................10

*In re Waste Mgmt., Inc. Sec. Litig.*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) ..............................................................................13

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ..............................................................................10, 11

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) .....................................................................................11

## STATE CASES

*Ferrari v. Impath, Inc.*,
    2004 WL. 1637053 (S.D.N.Y. July 20, 2004) ................................................................12

*Linn v. Allied Irish Banks, PLC*,
    2004 WL. 2813133 (S.D.N.Y. Dec. 8, 2004) .................................................................12

*In re Smith Barney Transfer Agent Litig.*,
    2006 WL. 991003 (S.D.N.Y. Apr. 17, 2006)..................................................................13

*Vladimir v. Bioenvision, Inc.*,
    2007 WL. 4526532 (S.D.N.Y. Dec. 21, 2007) ...............................................................12

## STATUTES

15 U.S.C. §§ 78u-4(a)(1) ..........................................................................................................7

15 U.S.C. § 78u-4(a)(3)(A)(i) ...................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(i) ...................................................................................................7

15 U.S.C. § 78u-4(a)(3)(B)(ii) ..................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ...................................................................................1, 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)........................................................................................9

15 U.S.C. § 78u-4(a)(3)(B)(v) ................................................................................................13

Fed. R. Civ. P. 23(a) ...............................................................................................................11

Joseph Rawden, Beth Rawden, Richard and Isabel Bordow, on behalf of the Richard/Liz Bordow Living Trust U/A 06/25/96 Isabel Bordow and Richard A. Bordow Trustees for the benefit of Isabel R. Bordow (the "Bordows"), and Niel Nielsen (collectively, "Movants" or the "Rawden Group"), on behalf of themselves and the Class defined herein, respectfully submit this Memorandum of Law pursuant to Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), in support of their Motion for the entry of an order: (1) consolidating the Actions (defined below) and any related actions that may be filed; (2) appointing the Rawden Group as Lead Plaintiffs for the Class of all purchasers of Municipal Mortgage & Equity, LLC securities from January 30, 2003 to January 29, 2008, inclusive (the "Class Period"); and (3) approving Movant's selection of the law firms of Labaton Sucharow LLP and Spector Roseman & Kodroff, P.C. as Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending before the Court are five (5) related securities class actions (the "Actions") brought on behalf of purchasers of the securities of Municipal Mortgage & Equity, LLC ("MuniMae" or the "Company").[1] Each of these Actions alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"),

---

[1] In addition to the actions pending in this District, five substantially similar lawsuits were filed against MuniMae and certain of its officers and directors in the United States District Court for the District of Maryland: (1) *Manson v. Municipal Mortgage & Equity, LLC,* No. 1:08-cv-00269-MJG; (2) *Engel v. Municipal Mortgage & Equity, LLC,* No. 1:08-cv-00292-MJG; (3) *Shailam v. Municipal Mortgage & Equity, LLC,* No. 1:08-cv-00386-MJG; (4) *Cirrito v. Municipal Mortgage & Equity, LLC,* No. 1:08-cv-00476-MJG; and (5) *Hufnagle v. Municipal Mortgage & Equity, LLC,* No. 1:08-cv-00579-MJG. Movants are concurrently filing a motion for appointment as Lead Plaintiffs in Maryland as well.

*see,* 15 U.S.C. §78j(b) and 78t(a), and Securities Exchange Commission ("SEC") Rule 10b-5, *see* 17 C.F.R. §240.10b-5.

In accordance with the Exchange Act, as amended by the PSLRA, 15 U.S.C. § 78u-4, and for the reasons set forth below, the Rawden Group, respectfully move this Court for an Order appointing it Lead Plaintiff on behalf of themselves and all others similarly situated who purchased or otherwise acquired MuniMae securities between January 30, 2003 to January 29, 2008, inclusive (the "Class Period") and incurred damages as a result of the Defendants' alleged violations of the federal securities laws.[2] This motion is made on the grounds that the Rawden Group is the most adequate plaintiff, as defined by the PSLRA.  In this regard, Movants suffered losses of approximately $1,324,322 in connection with their purchases of MuniMae stock.[3]  *See*, Rado Decl. Ex. A.[4]  To Movants' knowledge, these losses exceed those of any other

---

[2] Most of the actions allege a class period of May 3, 2004 and January 28, 2008, but some, including the first action, allege a longer class period of January 30, 2003 to January 29, 2008. Courts usually utilize the longest class period for purposes of the financial interest calculation. *See In re Party City Sec. Litig.*, 189 F.R.D. 91, 94 n.3 (D.N.J. 1999) ("The [*Catanzarite v. Party City Corp.*, Civil Action No. 99-1317 (D.N.J.)] Action is relied upon for purposes of this motion because the class period alleged therein covers the longest class period alleged in the actions filed against the Defendants.") Accordingly we utilize the longest class period for purposes of this motion. We are awaiting confirmation of Rawden Group member Niel Nielsen's transactions in the longest class period, as the data initially provided was for the shorter class period only, and will update the papers if a change in Mr. Nielsen's financial interest is necessary.

[3] The losses suffered by Movants, as detailed herein, may not be the same as legally compensable damages, measurement of which is often a complex legal question, which cannot be determined at this stage of the litigation. However, the approximate recoverable damages can be determined from the executed certifications required under Section 21D of the Exchange Act and based upon reference to the market decline in MuniMae common stock.

[4] References to "Rado Decl. Ex. __" are to the exhibits attached to the accompanying Declaration of Andrei V. Rado.

plaintiff or group of plaintiffs in this Action. Thus, under Section 21D of the Exchange Act, the Rawden Group is presumptively the "most adequate plaintiff" and should be appointed as Lead Plaintiffs because they have "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). For purposes of this motion, Movants also satisfy the requirements of Federal Rule of Civil Procedure 23 in that their claims are typical of the putative Class and they will fairly and adequately represent the interests of the Class.

Movants are represented by Labaton Sucharow LLP ("Labaton") and Spector Roseman & Kodroff, P.C. ("SRK") which are seeking appointment as Lead Counsel as they are eminently qualified law firms to prosecute securities fraud claims such as the ones asserted in the Actions.

## FACTUAL BACKGROUND

As alleged in the complaints filed in the Actions, MuniMae is a financial services company that arranges debt and equity financing for developers and owners of real estate and clean energy projects, as well as investment management and advisory services for institutional investors.[5]

On March 10, 2006, MuniMae issued a press release disclosing that the Company would be restating more than three years of earnings and that the Company would delay the filing of its Form 10-K for fiscal 2005. According to this press release, the restatement was needed to correct accounting errors related to related to: "1) recognition of syndication fees, 2) application of equity method accounting, 3) recognition of interest

---

[5] While the complaints contain some variations, the factual background underlying the securities fraud claims is consistent.

3

income, and 4) amortization of mortgage servicing rights." However, Defendants assured investors that the restatement would "not impact cash available for distribution," and would actually result in an increase in "previously reported net earnings" for certain periods, stating:

> For the nine months ended September 30, 2005, and year ended December 31, 2004 the Company will be increasing previously reported net earnings by $10.5 million ($.27 per diluted share) and $19.4 million ($.56 per diluted share), respectively. For the years ended December 31, 2003 and 2002, the Company will be decreasing net earnings by $4.2 million ($.15 per diluted share) and $2.6 million ($.09 per diluted share), respectively.

This statement, and others like it, continued to conceal from investors the true magnitude of the Company's accounting improprieties.

After obtaining numerous extensions to complete its restatement of financial results from the SEC and New York Stock Exchange ("NYSE"), the truth began to emerge on January 28, 2008, when MuniMae issued a press release announcing that the Company was cutting its quarterly dividend by 37%, from $0.525 to $0.33 per share. In addition, the Company disclosed that it would not complete its restatement of financial results by the March 3, 2008 deadline imposed by the NYSE, and therefore, Defendants expected the Company's stock to be delisted. On this news, the price of MuniMae stock dropped from $17.20 per share to close at $9.19 per share on January 29, 2007, representing a 47% single-day decline, on an unusually heavy volume of 3,777,600 shares.

Then on January 29, 2008, MuniMae filed with the SEC a report on Form 8-K that provided additional details regarding the restatement, including the fact that the Company was required to consolidate on its balance sheet approximately 200 "variable interest entities" ("VIE") in which it holds minority interests, and the Company would be

4

writing-down the fair value of impaired assets "held-for-sale" including loans, bonds, derivatives, guarantee obligations, and mortgage servicing rights. On this news, the price of MuniMae stock the stock dropped an additional 22%, to close at $7.13 per share on January 30, 2008, on an unusually heavy volume of 4,128,200 shares traded.

As alleged in the complaints, Defendants' public statements regarding the financial condition and business of MuniMae were materially false and misleading and concealed from Plaintiff and the investing public that: (i) MuniMae's reported financial results were materially overstated as a result of Defendants' failure to consolidate on the Company's balance sheet approximately 200 VIEs in which it held minority interests, as required by generally accepted accounting principles ("GAAP"); (ii) MuniMae's reported financial results were materially overstated as a result of Defendants' failure to timely write-down the fair value of its "held-for-sale" loans, bonds, derivatives, guarantee obligations, and mortgage servicing rights; (iii) MuniMae's purported strong performance and earnings growth was a sham; on the contrary, the Company was performing poorly and would be required to cut its dividends; (iv) MuniMae lacked adequate and effective internal controls and procedures over its financial reporting and, consequently, Defendants' assurances regarding the reliability of MuniMae's financial reporting and the preparation of financial statements in accordance with GAAP were materially false and misleading; (v) as a result of the foregoing, MuniMae's financial statements during the Class Period were materially false and misleading and violated GAAP and SEC Regulations. Plaintiffs in the Actions seek damages for the losses they incurred as a result of Defendants' false and misleading statements.

5

# ARGUMENT

## I. THE ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Currently, five (5) similar securities class actions have been filed in this Court against MuniMae and several other defendants. Rule 42(a) of the Federal Rules of Civil Procedure allows the Court to consolidate actions that involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *Kaplan v. Gelford*, 240 F.R.D. 88,91 (S.D.N.Y. 2007); *In re Royal Ahold N.V. Securities and ERISA Litig.*, 219 F.R.D. 343, 348 (D.Md. 2003) ("*Royal Ahold*") ("[c]onsolidation is often appropriate in a case of multiple securities fraud actions that are based on the same public statements and reports."); *see also,* 15 U.S.C. § 78u-4(a)(3)(B)(ii) (the PSLRA recommends courts to make the decision regarding the appointment of lead plaintiffs for the consolidated action "[a]s soon as practicable after [the consolidation] decision is rendered").

These actions present substantially similar factual and legal issues and arise out of the same alleged scheme by defendants and allege violations of the federal securities laws. Each action has been filed pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, names MuniMae and its senior officers as defendants, and arises from the same underlying facts and circumstances. Because these actions are based on the same facts and involve the same subject matter, discovery obtained in this lawsuit will undoubtedly be relevant to all others. Consolidation of the actions is therefore appropriate under Rule 42(a) and the PSLRA as common questions of law and fact predominate (Fed. R. Civ. P. 42(a); 15 U.S.C. § 78u-4(a)(3)(B)(ii)) and these actions should be consolidated.

**II.  THE RAWDEN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

    **A.  The PSLRA Standard for Appointing Lead Plaintiff**

The PSLRA sets forth a procedure for selecting Lead Plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 US.C. §§ 78u-4(a)(l) and (a)(3)(B). Specifically, Section 2lD(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 US.C. § 78u-4(a)(3)(A)(i).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is to consider any motion made by class members and shall appoint as Lead Plaintiff the movant that the Court determines to be most capable of adequately representing the interests of the class. Specifically, the PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that *the court determines to be most capable of adequately representing the interests of class members* (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added).

In adjudicating this motion, the Court must be guided by a presumption that the "most adequate plaintiff" is the person or group of persons who: (a) filed a complaint or

7

made a motion to serve as Lead Plaintiff; (b) has the largest financial interest in the relief sought by the class; and (c) who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also, Metro Servs. Inc. v. Wiggins,* 158 F.3d 162, 164 (2d. Cir. 1998); *Royal Ahold*, 219 F.R.D. at 348. This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). *See also Glauser v. EVCI Career Colls. Holding Corp.,* 236 F.R.D. 184, 187 (S.D.N.Y. 2006); *Royal Ahold*, 219 F.R.D. at 348.

### B. The PSRLA Mandates That The Rawden Group Should Be Appointed Lead Plaintiff

As discussed below, the Rawden Group is presumptively the most adequate plaintiff because it has satisfied all of the PSLRA's procedural requirements, holds the largest financial interest of any movant, and satisfies Rule 23's typicality and adequacy requirements.

#### 1. The Rawden Group Satisfied the PSLRA's Procedural Requirements

Movants, the Rawden Group, have filed this Motion to serve as Lead Plaintiffs in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the first plaintiff to file a complaint in the Actions caused notice regarding the pending nature of this case to be published on *Prime Newswire*, a national, business-oriented news service, on January 30, 2008. *See* Rado Decl. Ex. B. Thus, as permitted by Sections 21D(a)(3)(A) and (B) of the Exchange Act, any person who is a member of the proposed Class may apply to be appointed as Lead Plaintiff by the Court within sixty (60) days after publication of the notice, *i.e.,* on or before March 31, 2008. Movants have filed their

8

motion within the required time frame. In addition, pursuant to Section 12D(a)(2) of the Exchange Act, Movants have signed and submitted their respective certifications detailing their suitability to serve as a class representative in this case. *See,* Rado Decl., Exhibit C.

        **2.**        **The Rawden Group Possesses the Largest**
                    **Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person (or persons) or entity (or entities) with the largest financial interest in the relief sought by the class, so long as the movant meets the requirements of Rule 23. *See*, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Overall, the Rawden Group suffered substantial losses of $1,324,322, calculated using the first-in-first-out method of accounting for purchases and sales.[6] *See* Rado Decl. Ex. A. Movants are presently unaware of any other movant with a larger financial interest in the outcome of this litigation. Consequently, the Rawden Group is entitled to the legal presumption that they are the most adequate plaintiffs, given that they also satisfy Rule 23's typicality and adequacy requirements.

        **3.**        **The Rawden Group Satisfy Rule 23's**
                    **Typicality and Adequacy Requirements**

In addition the largest financial interest requirement, the PSLRA also requires that the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(cc). With respect to the claims of the class representative, Rule 23(a) requires that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact

---

[6] The other method used for this purpose is the last-in-first-out (LIFO) method. The Rawden Group's LIFO loss is $1,247,732. *See* Rado Decl. Ex. A.

9

common to the class; (c) such claims are typical of those of the class; and (d) the representative will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).

However, "[a] wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification."  *In re USEC Sec. Litig.,* 168 F. Supp. 2d 560, 566 (D.Md. 2001)(citing *In re Milestone Scientific Sec. Litig.,* 183 F.R.D. 404, 414 (D.N.J. 1998)).  In this regard, typicality and adequacy of representation "are the only provisions relevant to the determination of lead plaintiffs under the PSLRA."  *Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).  *See, e.g., Strougo v. Brantley Capital Corp.,* 243 F.R.D. 100, 105 (S.D.N.Y. 2007); *Weinberg v. Atlas Air Worldwide Holdings, Inc.,* 216 F.R.D. 248, 252 (S.D.N.Y. 2003).  *Accord Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D.Md. 2004); *Royal Ahold,* 219 F.R.D. at 350.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  *See also Royal Ahold*, 219 F.R.D. at 350 ("typicality is satisfied if the movant's claim arises from the same course of events … and relies on similar legal theories").  In other words, typicality is demonstrated where the movant's claim "arise from the same conduct from which the other class members' claims and injuries arise." *In re Initial Pub. Offering Sec. Litig.,* 214 F.R.D. 117, 121 (S.D.N.Y. 2002); *see also, In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d. Cir. 1992), *cert. denied*, 506 U.S. 1088 (1993). As one court noted, "[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the

10

claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. TranSouth Fin. Corp.,* 184 F.R.D. 556, 563 (E.D. Va. 1999) (quotations omitted). *Accord Weinberg,* 216 F.R.D. at 253; *In re Prudential Sec. Inc. Ltd. P'ships Litig.,* 163 F.R.D. 200, 208 (S.D.N.Y. 1995) ("The typicality requirement of Rule 23(a)(3) is liberally construed; and 'typical' does not mean 'identical'. The possibility of factual distinctions between claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact." (internal citations omitted)

   The typicality requirement is plainly satisfied in this case, where Movants seek the same relief and advance the same legal theories as other class members. They allege, as do all class members, that Defendants violated the Securities Exchange Act. Movants, as did all members of the Class, acquired MuniMae securities at prices artificially inflated by Defendants' misrepresentations and omissions and were damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3). *See Royal Ahold*, 219 F.R.D. at 350; *Weinberg,* 216 F.R.D. at 253.

   The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members [d]o not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (citation omitted). *See also, Constance*

11

*Sczesny Trust v. KPMG LLP,* 223 F.R.D. 319, 324 (S.D.N.Y. 2004)(citations omitted); *Royal Ahold,* 219 F.R.D. at 350.

      Movants are adequate representatives for the class. There is no antagonism between Movants' interests and those of the class. Indeed, the interests of the Rawden Group and absent class member investors are squarely aligned. Moreover, Movants have retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, and have timely submitted their choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Furthermore, Movants suffered a substantial loss in the form of the diminution of value in the price of its MuniMae stock. As such, the Rawden Group has a sufficient interest in the outcome of the case to ensure vigorous prosecution of this action. Therefore, Movants satisfy the adequacy requirement.

      **C.    The Court Should Approve Movants'
      Selection of Lead Counsel**

      The PSLRA vests authority in the Lead Plaintiffs to select and retain Lead Counsel for the Class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). *See also, Haung,* 220 F.R.D. at 259. "'Giving the Lead Plaintiff primary control for the selection of counsel was a critical part of Congress' effort to transfer control of securities class actions from lawyers to investors.'" *Vladimir v. Bioenvision, Inc.*, 2007 WL 4526532, at *11 (S.D.N.Y. Dec. 21, 2007) (*quoting Fitzgerald v. Citigroup Inc.*, 2004 WL 613107, at *4 (S.D.N.Y. Mar. 26, 2004)); *accord, e.g., Linn v. Allied Irish Banks, PLC*, 2004 WL 2813133, at *6 (S.D.N.Y. Dec. 8, 2004); *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *7 (S.D.N.Y. July 20, 2004). "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices." *Vladimir*, 2007 WL 4526532 at *11 (*quoting In re Cendent Corp. Litig.*, 264 F.3d 201, 274 (3d Cir.2001),

*cert. denied*, 535 U.S. 929, (2002)); *accord, e.g., In re Smith Barney Transfer Agent Litig.*, 2006 WL 991003, at *6 (S.D.N.Y. Apr. 17, 2006).

Movants have selected Spector Roseman & Kodroff, P.C. and Labaton Sucharow LLP to serve as Lead Counsel. Labaton Sucharow LLP has been representing investors as in securities class actions for over 40 years. *See* Rado Decl. Ex. D.  Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time.  *Id.*; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group Inc., HealthSouth Corp., St. Paul Travelers Corp., Amgen, Countrywide, and others.

As detailed in its firm resume, Spector Roseman & Kodroff, P.C. has extensive expertise and experience in the field of securities litigation.  *See* Rado Decl. Ex. E.  In this regard, SRK has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors.

Thus, the Court may be confident that, in Labaton Sucharow and SRK, the class will receive the highest caliber of legal representation in full compliance with the mandates of the PSLRA.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

### III.   CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court:
(1) consolidate the Actions and any related actions that may be filed; (2) appoint the Rawden Group as Lead Plaintiffs; (3) approve Movants' selection of Labaton Sucharow

LLP and Spector Roseman & Kodroff, P.C. as Lead Counsel; and (4) grant such other

relief as the Court may deem just and proper.


**DATED:** March 31, 2008							Respectfully submitted,

							**LABATON SUCHAROW LLP**

						By:	 */s/ Christopher J. Keller*
							Christopher J. Keller (CK-2347)
							Andrei V. Rado (AR-3724)
							Alan I. Ellman (AE-7347)
							140 Broadway
							New York, NY  10005
							Tel: (212) 907-0700
							Fax: (212) 212-818-0477

							**SPECTOR ROSEMAN
							   & KODROFF, P.C.**
							Robert M. Roseman
							Andrew D. Abramowitz
							David Felderman
							1818 Market Street
							Suite 2500
							Philadelphia, PA 19103
							Tel:  (215) 496-0300
							Fax: (215) 496-6611

							**Proposed Lead Counsel**

14