**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSEPH S. GELMIS, INDIVIDUALLY AND ON BEHALF
OF ALL OTHERS SIMILARLY SITUATED,

        Plaintiff,

        vs.

EARL W. COLE, III, MICHAEL L. FALCONE,
WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE
M. LUNDQUIST, GARY A. MENTESANA, ROBERT J.
BANKS, CHARLES C. BAUM, RICHARD O. BERNDT,
EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A.
McGREGOR, ARTHUR S. MEHLMAN, FRED N. PRATT,
JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,

        Defendants.

------------------------------------------------------------------X
*[caption continues]*

CASE No.: 08-CV-980 (RMB)

**DECLARATION OF PHILLIP KIM IN FURTHER SUPPORT OF MOTION OF THE MMA INVESTORS TO APPOINT LEAD PLAINTIFFS; AND APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**

CLASS ACTION

```
------------------------------------------------------------------------X
```
JULES ROTHAS, Individually and on Behalf of All Others          CASE NO. 08-CV-01120 (RMB)
Similarly Situated,

          Plaintiff,          <u>CLASS ACTION</u>

          vs.

MUNICIPAL MORTGAGE & EQUITY, LLC,  MARK K.
JOSEPH,  MICHAEL L. FALCONE,
WILLIAM S. HARRISON, and DAVID B. KAY,

          Defendants.
```
------------------------------------------------------------------------X
```

```
------------------------------------------------------------------------X
```
ARNOLD J. ROSS, Individually and on Behalf of All Others          CASE NO. 08-CV-1299 (RMB)
Similarly Situated,

          Plaintiff,          <u>CLASS ACTION</u>

          vs.

EARL W. COLE, III, MICHAEL L. FALCONE,
WILLIAM S. HARRISON, MARK K. JOSEPH, and
MUNICIPAL MORTGAGE & EQUITY, LLC,

          Defendants.
```
------------------------------------------------------------------------X
```

*[caption continues]*

```
-----------------------------------------------------------------------X
```
ALEX D'ANGELO, Individually and on Behalf of All Others     CASE NO. 08-CV-01331 (RMB)
Similarly Situated,

      Plaintiff,                               <u>CLASS ACTION</u>

      vs.

MUNICIPAL MORTGAGE & EQUITY, LLC, MICHAEL L.
FALCONE, WILLIAM S. HARRISON, EARL W. COLE,
III, MARK K. JOSEPH, and MELANIE M. LUNDQUIST,

      Defendants.

```
-----------------------------------------------------------------------X
```
NAOMI RAPHAEL, Individually and on Behalf of All Others     CASE NO. 08-CV-02190 (RMB)
Similarly Situated,

      Plaintiff,                               <u>CLASS ACTION</u>

      vs.

MUNICIPAL MORTGAGE & EQUITY, LLC, MARK J.
JOSEPH, MICHAEL L. FALCONE, WILLIAM S.
HARRISON, MELANIE M. LUNQUIST, DAVID B.
KAY,CHARLES C. BAUM, EDDIE C. BROWN, ROBERT
S. HILLMAN, ARHTUR S. MEHLMAN, and FRED N.
PARATT, JR.

      Defendants.
```
-----------------------------------------------------------------------X
```

## <u>DECLARATION OF PHILLIP KIM</u>

Phillip Kim, hereby declares under penalty of perjury:

      1.      I am an attorney with the Rosen Law Firm, P.A. [Proposed] Lead Counsel in this

action and have personal knowledge of the facts set forth herein.  I am duly admitted to practice

law in the State of New York and before this Court.  I make this Declaration in further support of

the Motion of Plaintiffs Norman Feinberg, Robert Stark, Leonard Klorfine, Daryl Bonyor, and

Alan Fetch (collectively the "MMA Investors") to be appointed Lead Plaintiffs, and for approval of the Rosen Law Firm, P.A. to serve as Lead Counsel.

2.    Attached hereto as Exhibit 1 is a true and correct copy of a Joint Declaration of the MMA Investors in Support of Motion for Appointment as Lead Plaintiffs.

3.    Attached hereto as Exhibit 2 is a true and correct copy of a printout from FAFN's website.

4.    Attached hereto as Exhibit 3 are true and correct copies of court filings and website printouts of litigation involving Ken Slater and related entities.

I declare under penalty of perjury that the following is true and correct.


Executed: April 17, 2008                    _____/s/ Phillip Kim_____
                                            Phillip Kim

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this on the 17th day of April 2008, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim

# EXHIBIT 1

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JOSEPH S. GELMIS, INDIVIDUALLY AND ON BEHALF    CASE No.: 08-CV-980 (RMB)
OF ALL OTHERS SIMILARLY SITUATED,

          Plaintiff,

          vs.

EARL W. COLE, III, MICHAEL L. FALCONE,
WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE
M. LUNDQUIST, GARY A. MENTESANA, ROBERT J.
BANKS, CHARLES C. BAUM, RICHARD O. BERNDT,
EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A.
McGREGOR, ARTHUR S. MEHLMAN, FRED N. PRATT,
JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,

          Defendants.

------------------------------------------------------------------------X

*[caption continues]*

JOINT DECLARATION OF
THE MMA INVESTORS IN
SUPPORT OF MOTION FOR
APPOINTMENT AS LEAD
PLAINTIFFS

CLASS ACTION

```
-----------------------------------------------------------------------X
```
JULES ROTHAS, Individually and on Behalf of All Others           CASE NO. 08-CV-01120 (RMB)
Similarly Situated,

        Plaintiff,                                                <u>CLASS ACTION</u>

        vs.

MUNICIPAL MORTGAGE & EQUITY, LLC,  MARK K.
JOSEPH,  MICHAEL L. FALCONE,
WILLIAM S. HARRISON, and DAVID B. KAY,

        Defendants.
```
-----------------------------------------------------------------------X
```

```
-----------------------------------------------------------------------X
```
ARNOLD J. ROSS, Individually and on Behalf of All Others        CASE NO. 08-CV-1299 (RMB)
Similarly Situated,

        Plaintiff,                                                <u>CLASS ACTION</u>

        vs.

EARL W. COLE, III, MICHAEL L. FALCONE,
WILLIAM S. HARRISON, MARK K. JOSEPH, and
MUNICIPAL MORTGAGE & EQUITY, LLC,

        Defendants.
```
-----------------------------------------------------------------------X
```

*[caption continues]*

------------------------------------------------------------------------X

ALEX D'ANGELO, Individually and on Behalf of All Others   CASE NO. 08-CV-01331 (RMB)
Similarly Situated,

        Plaintiff,

        vs.

MUNICIPAL MORTGAGE & EQUITY, LLC, MICHAEL L.
FALCONE, WILLIAM S. HARRISON, EARL W. COLE,
III, MARK K. JOSEPH, and MELANIE M. LUNDQUIST,

        Defendants.


------------------------------------------------------------------------X

NAOMI RAPHAEL, Individually and on Behalf of All Others   CASE NO. 08-CV-02190 (RMB)
Similarly Situated,

        Plaintiff,           CLASS ACTION

        vs.

MUNICIPAL MORTGAGE & EQUITY, LLC, MARK J.
JOSEPH, MICHAEL L. FALCONE, WILLIAM S.
HARRISON, MELANIE M. LUNQUIST, DAVID B.
KAY,CHARLES C. BAUM, EDDIE C. BROWN, ROBERT
S. HILLMAN, ARHTUR S. MEHLMAN, and FRED N.
PARATT, JR.

        Defendants.
------------------------------------------------------------------------X


## JOINT DECLARATION OF THE MMA INVESTORS

Norman Feinberg, Robert Stark, Leonard Klorfine, Daryl Bonyor, and Alan Fetch (the

"MMA Investors"), pursuant to 28 U.S.C. §1746, declare as follows:

1.      We submit this Declaration in support of the application of the MMA Investors to

serve as a Lead Plaintiffs in the above-captioned actions pursuant to the Private Securities

Litigation Reform Act of 1995 ("PSLRA"), for approval of the group's selection of the Rosen

Law Firm, P.A. as Lead Counsel for the class, and to consolidate the related actions. We each

have personal knowledge about the information contained in this Joint Declaration as to our own

activities, actions and belief.

2.        I, Norman Feinberg, reside in New York, New York. During the Class Period, I

purchased Municipal Mortgage & Equity, LLC ("MMA") stock as set forth in the PSLRA

certification that I signed and is on-file with the Court.

3.        I, Leonard Klorfine, reside in Philadelphia, Pennsylvania. During the Class

Period, I purchased MMA stock as set forth in the PSLRA certification that I signed and is on-

file with the Court.

4.        I, Daryl Bonyor, reside in Timnath, Colorado. During the Class Period,

individually and as trustee for a revocable trust that benefits my mother, I purchased MMA stock

as asset forth in the PSLRA certification that I signed and is on-file with the Court.

5.        I, Alan Fetch, reside in Punta Gorda, Florida. During the Class Period, I

purchased MMA stock as set forth in the PSLRA certification that I signed and is on-file with the

Court.

6.        We are each shareholders who have suffered substantial losses as a result of the

alleged misrepresentations in this case. We have each reviewed the first-filed complaint by the

Rosen Law Firm in this case. As set forth in our certifications, we have agreed to take an active

role in the prosecution of the case, including supervising the conduct of the Rosen Law Firm and

to ensure that the progress of the case is handled in an efficient manner.

7.        We each understand the requirements and responsibilities of the Lead Plaintiff in

a securities class action governed by the PSLRA. We agreed to the filing of this motion. We

each understand that it is our responsibility to monitor the status of and progress of this action,

4

individually and as part of our proposed lead plaintiff group. We understand our role includes evaluating the strengths and weaknesses of the case and the prospects of any resolution of this matter. As a Lead Plaintiff, each of us will be in contact with counsel and each other by email and/or other modes of communication regarding any major litigation event, such as motions, settlement discussions, trial preparation, and trial. We each understand we have the authority and responsibility to direct counsel with respect to this litigation, after receiving the benefit of counsel's advice. We are each aware that counsel has a fiduciary duty to the class as a whole, which class we intend to represent fully and faithfully.

**GROUP FORMATION/COMMUNICATIONS**

8.    After learning of the complaint that was filed from the PSLRA early notice, each of us individually conferred with attorneys at the Rosen Law Firm, P.A., and agreed to be a Lead Plaintiff party after discussing the duties and responsibilities of being a lead plaintiff party as set forth above.

9.    By group teleconference and group e-mail, all group members along with the Rosen Law Firm, agreed to form this group, the MMA Investors, to seek Lead Plaintiff status.

10.   The MMA Investors believe that this group will benefit the class because it is comprised of like-minded individuals who have all sustained significant losses and have all agreed to prosecute this case vigorously and in an efficient manner.

11.   Each of us, have been provided e-mail addresses and telephone numbers of each other, prior to making this motion. We have been encouraged by counsel to communicate with each other about the case, throughout this litigation. Indeed, we have been provided a toll-free conference call line, and have been encouraged to communicate with group members, with or without counsel present, to discuss the case and make decisions on the case as required.

12.     Each of us, have already been provided several updates as to the proceedings in the case, the concurrent motions for appointment of lead plaintiffs in New York and in Maryland and the two court conferences held in New York before the Hon. Richard M. Berman.

13.     We have been encouraged by counsel, and will continue to independently monitor MMA through the internet.

14.     We are aware of the contingent fee structure in this case, and at the appropriate time, will review the Rosen Law Firm's request for attorneys' fees to ensure that it is commensurate with the result achieved and the time and effort expended.

**GROUP STRUCTURE**

15.     The MMA Investors have decided that in the event there is a litigation decision to be made, the group consisting of five members, will vote. The majority vote shall constitute the decision of the group.

16.     The MMA Investors believe that through the conference call mechanism and group e-mail list, in this day and age, it will not be difficult to communicate with each other and counsel. Nor do the MMA Investors believe that such communications will hinder the oversight of this action by the group.

**SELECTION OF COUNSEL**

17.     We believe that the Rosen Law Firm should be approved by the Court as lead counsel for lead plaintiffs and the class. The Rosen Law Firm filed the first complaint in this action and based on the communications we have each had with the firm's attorneys, we believe the firm possesses extensive experience in prosecuting complex securities class action litigation. We will continue to work with the Rosen Law Firm in prosecuting this action, and will do so, after our appointment as Lead Plaintiffs.

6

I declare under penalty of perjury that the following is true and correct.

Executed this _15_ day of April, 2008

_Norman Feinberg_
Norman Feinberg

Executed this ____ day of April, 2008

_____
Robert Stark

Executed this ____ day of April, 2008

_____
Leonard Klorfine

Executed this ____ day of April, 2008

_____
Daryl Bonyor

Executed this _15th_ day of April, 2008

_Alan Fetch_
Alan Fetch

7

I declare under penalty of perjury that the following is true and correct.

Executed this ____ day of April, 2008

_____
Norman Feinberg

Executed this *15* day of April, 2008

_____
Robert Stark

Executed this ____ day of April, 2008

_____
Leonard Klorfine

Executed this ____ day of April, 2008

_____
Daryl Bonyor

Executed this ____ day of April, 2008

_____
Alan Fetch

7

I declare under penalty of perjury that the following is true and correct.

Executed this _____ day of April, 2008          _____
                                                Norman Feinberg

Executed this _____ day of April, 2008          _____
                                                Robert Stark

Executed this _15_ day of April, 2008           _____
                                                Leonard Klorfine

Executed this _____ day of April, 2008          _____
                                                Daryl Bonyor

Executed this _____ day of April, 2008          _____
                                                Alan Fetch

7

I declare under penalty of perjury that the following is true and correct.


Executed this _____ day of April, 2008          _____
                                                Norman Feinberg


Executed this _____ day of April, 2008          _____
                                                Robert Stark


Executed this _____ day of April, 2008          _____
                                                Leonard Klorfine


Executed this _15th_ day of April, 2008          _____
                                                Daryl Bonyor


Executed this _15th_ day of April, 2008          _____
                                                Alan Fetch


7

# EXHIBIT 2













Login | Search |
Welcome

News You Can
Use

Find an Adviser

Contact Us

SRI in the Rockies

Become A Member

**Benefits and Ordering**

Competitive Advantage

Thank you for your interest in becoming a Network Adviser of the First Affirmative Financial Network. Membership affords you access to many of the resources you need to serve socially conscious investors, from forums with like-minded professionals to the best databases in the industry. Plus, FAFN can help get your name in front of social responsibility oriented investors with website listings and professional, coordinated materials.

You can review the benefits below or download a PDF (**Member Services**) of benefit descriptions and an application using the links to the left.

There are 3 levels of membership, which start at $1250/year, all of which include the following benefits:

- Social Investment Forum membership. Your Forum Directory listing will identify you as "Member, First Affirmative Financial Network."
- Complimentary registration for the 19th annual SRI in the Rockies Conference (November October 26-29, 2008, at the Fairmount Chateau Whistler, Whistler British Columbia, Canada.
- Free access to First Affirmative's Pre-Conference Advance (October 23-26, 2008)
- Access to IW Financials online social research facility, IW Social Advisor.
- Access to the ISS database (Institutional Shareholder Services) of information on shareholder resolutions.
- Access to the Fiduciary 360 (fi360) and tools offered by the Center for Fiduciary Studies through a portal on the FAFN website.
- A one-year subscription to Bob Veres' newsletter, Inside Information.
- A one-year subscription to the Green Money Journal
- Use of the identifying statement "Member, First Affirmative Financial Network" in advertising and directory listings if approved by your compliance department.
- Participation in the FAFN list-serve, FAFNet.
- Discounted FedEx stamps for overnight deliveries.

For the best resources to reach and serve the SRI market, contact us today and get started.

## Contact Information
Danielle Burns, Business Development Consultant • 877.542.8583 •
**danielleburns@firstaffirmative.com**
Steve Schueth, President • 303.998.1141 • **steveschueth@firstaffirmative.com**

## Contact Us
Please take a minute to send us your contact information with the following form:

| | |
|---|---|
| * Full Name: | |
| Company: | |
| Title: | |
| * Address: | |
| * City: | |
| * State: | |
| * Zip: | |

**Telephone:** [                    ]

**\* Email:** [                              ]

**I prefer to be contacted by:**  ☑ Phone

☐ Email

☐ US Mail

[ Contact Us ]

We do not sell our mailing lists.
Please contact the **webmaster** with any comments, questions or difficulties regarding this site or this form.

First Affirmative Financial Network, LLC is an independent investment advisory firm registered with the Securities and Exchange Commission (SEC). The information posted on this website is for informational use only. As such, it is illustrative in nature and subject to change. This is neither an offer to sell nor a solicitation of an offer to buy any securities that may be mentioned herein. Nothing on this website should be considered financial or business advice. All investment reporting is based upon historical information and should not be considered indicative of future results. First Affirmative will never guarantee specific investment results. The information contained herein has been obtained from sources considered to be reliable, but First Affirmative does not guarantee the accuracy of any specific statement contained herein. View our **Privacy Policy**. View our **Internet Security** information.

© May 2000– 3 January, 2008 . Unless otherwise stated, photographs contained in this site are © Jupiterimages Corporation. Unless otherwise stated, all text and other images contained in this site are the property of First Affirmative Financial Network, LLC Colorado Springs, Colorado USA. No portion of this document may be reproduced without written consent. Thank you. This site is created and maintained by **Mountain Muse Communications**. If you experience any concerns or problems with this site, please contact their **webmaster**.

# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| KENNETH Z. SLATER, AS MANAGER OF KT INVESTMENTS, LLC, on behalf of himself and all others similarly situated,<br><br><br><br>Plaintiff,<br><br>vs.<br><br>GARRETT THORNBURG, LARRY A. GOLDSTONE, CLARENCE G. SIMMONS, ANN-DRUE M. ANDERSON, DAVID A. ATER, JOSEPH H. BADAL, ELIOT R. CUTLER, MICHAEL B. JEFFERS, IKE KALANGIS, OWEN M. LOPEZ, FRANCIS I. MULLIN, III, STUART C. SHERMAN and THORNBURG MORTGAGE, INC.,<br><br><br>Defendants. | Civil Action No.  1:07-cv-00815-JB-WDS<br><br>CLASS ACTION |
| ELAINE B. SNYDMAN, on behalf of herself and all others similarly situated,<br><br><br>Plaintiff,<br><br>vs.<br><br>THORNBURG MORTGAGE, INC., GARRETT THORNBURG, LARRY A. GOLDSTONE, and CLARENCE G. SIMMONS, III,<br><br><br>Defendants. | Civil Action No.  1:07-cv-01025-JEC-RHS<br><br>CLASS ACTION |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE,** that upon the annexed Declaration of Gregory M. Nespole, Memorandum of Law, and Proposed Order, Nicholas F. Aldrich, Sr., Mary Aldrich, Jean Long, Konjit Robinson, Maegan Stout, Nicholas F. Aldrich, Jr., Katherine Josee, Sanjay Josee, Jeanne Aldrich, Nancy Garvey, and Lucretia Fleury (collectively, the "Aldrich Family") will move this Court, on October 22, 2007, or as soon thereafter as counsel may be heard, for an Order pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") and 27(a)(3)(B) of the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), appointing the Aldrich Family to serve as Lead Plaintiff on behalf of all persons who purchased Thornburg Mortgage Inc. common stock between October 6, 2005, and August 17, 2007, inclusive, seeking to pursue remedies under the Exchange Act and Rule 10b-5, promulgated thereunder (the "Class"); and for the approval of The Branch Law Firm and Wolf Haldenstein Adler Freeman & Herz LLP as Co-Lead Counsel.

**PLEASE TAKE FURTHER NOTICE,** that the Aldrich Family, as the proposed Lead Plaintiff for the Class, has timely filed its motion and, pursuant to the PSLRA, is believed to constitute the investor with the largest financial interest in the outcome of the case for the Class, and is otherwise the most adequate lead plaintiff. The Aldrich Family satisfies the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the Class, and it will fairly and adequately represent the interests of the Class. The Aldrich Family's choice of counsel should be accepted by this Court because its selected co-counsel include a prominent New Mexico firm and a nationally recognized firm with extensive experience and expertise in securities fraud and other class actions.

Dated: October 22, 2007

**BRANCH LAW FIRM**

By: _____

Richard A. Sandoval
2025 Rio Grande Blvd NW
Albuquerque, NM 87104
Telephone: (505) 243-3500
Facsimile: (505) 246-3534

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Fred Taylor Isquith
Gregory M. Nespole
Martin E. Restituyo
Rachel S. Poplock
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Francis M. Gregorek
Betsy C. Manifold
Rachele R. Rickert
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

**Proposed Co-Lead Counsel**

/490920v2

2



# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

MAILING LIST   CONTACT US

ABOUT THE FIRM     PRACTICE AREAS     ATTORNEYS     CASES     WHAFH IN THE NEWS     PUBLICATIONS     RESOURCES

Home | Cases

# CASES

**SEARCH**



- Case List
- New Cases
- Settlements
- Case Studies

JOIN THE
MAILING LIST
»» GO

A TRADITION
SINCE 1888
»» OUR HISTORY

PRINT PAGE   EMAIL PAGE

CASE DOCUMENTS

📄 Initial Complaint

On January 3, 2008, Wolf Haldenstein Adler Freeman & Herz LLP filed a derivative action in the United States District Court, Western District of Washington, on behalf of nominal defendant Washington Mutual, Inc. ("WaMu" or the "Company") against certain of its directors and officers for breach of their fiduciary duties to the Company. The relevant time period for the derivative action is from April 18, 2006 through the February 27, 2008 (the "Relevant Time Period").

The case name is Kenneth Slater, as Manager of KT Investments, LLC. v. Kerry K. Killinger, et al, 2:08-cv-00005-RAJ. A copy of the Complaint is available from the Court, or can be viewed by clicking on the complaint link to the right.

The action alleges that during the Relevant Time Period, Defendants breached their fiduciary duties to WaMu and its shareholders by, among other things: (a) failing to prudently manage the business and assets of the Company in a manner consistent with the operations of a publicly held corporation; (b) failing to properly oversee or implement policies, procedures, and rules to ensure that the Company complied with federal and state laws requiring the dissemination of accurate financial statements and restricting the misuse of material, non-public information; (c) causing and permitting the Company to improperly misrepresent its business prospects and financial results through: (1) concealing that the Company was improperly misrepresenting its business prospects with respect to its exposure to Option-ARM (adjustable mortgage rate) loans; (2) deceiving the investing public, including the Company's shareholders, with respect to their management of WaMu's operations, financial health, stability and future business prospects; and (3) profiting from the sale of artificially inflated WaMu stock on the public markets by selling over $16 million of their personally held shares; (d) misappropriating and misusing proprietary, non-public and material corporate information concerning the Company's inflated financial statements to profit from improper insider selling of WaMu stock; and (e) exposing the Company to liability for violations of federal and state law. The complaint describes a lawsuit filed by the New York State Attorney General's Office against First American Corporation and First American eAppraiseIT ("First American") which alleges that WaMu had an improper arrangement with real estate appraiser First American, that improperly inflated the appraised values of properties, and that the mortgages on the properties with the inflated appraisals were packaged and sold. This conduct has lead to investigations of WaMu.

Wolf Haldenstein has extensive experience in the prosecution of securities class actions and derivative litigation in state and federal trial and appellate courts across the country. The firm has approximately 60 attorneys in various practice areas and offices in Chicago, New York City, San Diego, and West Palm Beach. The firm's reputation and expertise have been repeatedly recognized by the courts and the firm has been appointed to major positions in complex multi-district and consolidated litigations. If you were a shareholder of WaMu and wish to discuss this action or have any questions, please contact Greg Nespole of Wolf Haldenstein by telephone at (212) 545-4600 or via e-mail at nespole@whafh.com, or Frank Gregorek by telephone at (619) 239-4599 or via e-mail at Gregorek@whafh.com. All e-mail correspondence should make reference to WaMu Derivative Action.



About the Firm | Practice Areas | Attorneys | Cases | WHAFH In the News | Publications | Resources | Contact Us

Copyright © 2007 Wolf Haldenstein Adler Freeman & Herz    Disclaimer | Site Map

# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

MAILING LIST   CONTACT US

ABOUT THE FIRM     PRACTICE AREAS     ATTORNEYS     CASES     WHAFH IN THE NEWS     PUBLICATIONS     RESOURCES

Home  |  Cases

# CASES

SEARCH

Entire Site ▼

[          ]  GO

PRINT PAGE    EMAIL PAGE

**Case List**

**New Cases**

**Settlements**

**Case Studies**

JOIN THE
MAILING LIST
» GO

A TRADITION
SINCE 1888
» OUR HISTORY



CASE DOCUMENTS

📄 Initial Complaint

On March 4, 2008, Wolf Haldenstein Adler Freeman & Herz LLP filed a derivative action in the Court of Chancery of the State of Delaware on behalf of nominal defendant Bank of America Corporation ("BAC" or the "Company") against certain of its directors and officers for breach of fiduciary duties to the Company. The Relevant Time Period for the derivative action is January 1, 2007, through March 4, 2008.

The case name is KT Investments, LLC v. Lewis, et al. A copy of the Complaint is available from the Court, or can be viewed by clicking on the complaint link to the right.

The action alleges that during the Relevant Time Period, Defendants breached their fiduciary duties to the Company and its shareholders by over-exposing itself to risk associated with Collateralized Debt Obligations ("CDOs") backed by subprime securities. The Company has long been aware of the problems inherent in underwriting and investing in CDOs which were largely backed by subprime mortgages. That knowledge, however, did not stop the Company from originating and investing in an inordinate percentage of CDOs and other risky subprime investments in an effort to garner revenue and generate growth.

As a result of Defendants' breaches of their fiduciary duties during the Relevant Period, the Company's stock lost over 33% of its value, falling from a closing high of $54.05 per share achieved three times between February 14 and 20, 2007 to a 52-week closing low of $35.97 on January 18, 2008. Currently the Company's stock price is trading around $38 per share.

Wolf Haldenstein has extensive experience in the prosecution of securities class actions and derivative litigation in state and federal trial and appellate courts across the country. The firm has approximately 60 attorneys in various practice areas and offices in Chicago, New York City, San Diego, and West Palm Beach. The firm's reputation and expertise have been repeatedly recognized by the courts and the firm has been appointed to major positions in complex multi-district and consolidated litigations. If you were a shareholder of BAC and would like to discuss this action or have any questions, please contact Wolf Haldenstein by telephone at (212) 545-4600 (Gregory Nespole, Esq. or Martin Restituyo, Esq.), or via e-mail at Nespole@whafh.com or Restituyo@whafh.com. All e-mail correspondence should make reference to the Bank of America Derivative Action.



About the Firm  |  Practice Areas  |  Attorneys  |  Cases  |  WHAFH In the News  |  Publications  |  Resources  |  Contact Us

Copyright © 2007 Wolf Haldenstein Adler Freeman & Herz    Disclaimer | Site Map



WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

MAILING LIST    CONTACT US

ABOUT THE FIRM    PRACTICE AREAS    ATTORNEYS    CASES    WHAFH IN THE NEWS    PUBLICATIONS    RESOURCES

Home | Cases

## CASES

**SEARCH**

Entire Site

GO

Case List
New Cases
Settlements
Case Studies

JOIN THE
MAILING LIST
» GO

A TRADITION
SINCE 1888
» OUR HISTORY

PRINT PAGE    EMAIL PAGE



RELATED NEWS

11/03/04
INSURANCE SCANDAL



CASE DOCUMENTS

Initial Complaint

On October 15, 2004, Wolf Haldenstein Adler Freeman & Herz LLP filed a class action lawsuit in the United States District Court for the Southern District of New York, on behalf of all persons who purchased the securities of Marsh & McLennan Companies, Inc. ("Marsh" or the "Company") [NYSE: MMC] between October 15, 1999, through 10:58a.m., Eastern Standard Time and October 14, 2004, inclusive, (the "Class Period") against defendants Marsh and certain officers and directors of the Company.

The case name is The Kendall Trust v. Marsh & McLennan Companies, Inc., et al. A copy of the complaint filed in this action is available from the Court, or can be viewed by clicking on the Complaint link.

The Complaint alleges that defendants violated the federal securities laws by issuing materially false and misleading statements and failing to disclose material facts regarding the Company's financial performance throughout the Class Period that had the effect of artificially inflating the market price of the Company's securities.

The Complaint specifically alleges that during the class period Marsh failed to disclose that hundreds of millions of dollars of the Company's profits derive from illegal activities, namely "contingent commissions," special payments received from insurance companies that were far beyond normal sales commissions. These payments were compensation for the business that Marsh and its independent brokers steered and allocated to the insurance companies, distinguished by Marsh as compensation for "market services." Additionally, Marsh occasionally solicited bogus bids, in order to mislead its customers into believing that true competition had taken place. Marsh did this while it asserted in public statements that its "guiding principle" was to always regard its client's best interests.

This business plan was incredibly profitable. Considering 2003 alone, it has been reported that nearly $800 million of Marsh's earnings were derived from contingent commission payments. Marsh reported nearly $1.5 billion in net income that year. Marsh refuses to reveal to its shareholders exactly what percentage of the Company's net income contingent commissions comprises. During the July 28, 2004 Analyst Conference Call Transcript, Jeffrey Greenberg, the Chief Executive Officer of Marsh, stated: "We don't break out contingent commissions. That is not separately enumerated because it is part of our business model...."

The Complaint also alleges that during the Class Period, statements made by the defendants were each materially false and misleading because they failed to disclose and misrepresented the following adverse facts: (a) the Company had implemented and executed an unsustainable business practice whereby the Company designed and executed a business plan under which insurance companies agreed to pay so-called "contingent commissions" in return for Marsh to steer them business and shield them from competition; (b) the defendants have described only that revenue attributable to MMC's risk and insurance business consists primarily of fees paid by clients, commissions and fees paid by insurance and reinsurance companies, interest income on funds held in a fiduciary capacity for others, and compensation for services provided in connection with the organization, structuring, and management of insurance. In particular, the defendants stated the revenue generated by

MMC's risk and insurance business is fundamentally derived from the value of the service provided to clients and insurance markets. Although the defendants stated that commissions vary in amount depending upon the type of insurance or reinsurance coverage provided, the particular insurer or reinsurer, the capacity in which the broker acts, and negotiations with clients, the Company failed to disclose the kick-backs or the bid-rigging scheme:  (c) the Company's illicit scheme exposed the Company to significant regulatory penalties and threatened loss of consumer goodwill jeopardizing the Company's ability to sustain any performance in its legitimate business practices;  (d) the Company's revenues and earnings would have been significantly less had the Company not engaged in such unlawful practices.

Additional cases were filed on behalf of investors. On December 14, 2004, motions were made to consolidate the various cases and appoint lead plaintiff and counsel. On January 26, 2005, the court consolidated the cases under the caption *In re Marsh & McLennan Companies, Inc. Securities Litigation,* No. 04-8144, and appointed lead plaintiff and counsel. On April 20, 2005, plaintiffs filed a Consolidated Class Action Amended Complaint. In July and August of 2005, defendants filed their motions to dismiss. In November 2005, plaintiffs filed their oppositions to defendants' motions to dismiss. In January 2006, defendants filed their replies. The Court has yet to rule on the motions to dismiss.

Wolf Haldenstein has extensive experience in the prosecution of securities class actions and derivative litigation in state and federal trial and appellate courts across the country. The firm has approximately 60 attorneys in various practice areas; and offices in Chicago, New York City, San Diego, and West Palm Beach. The reputation and expertise of this firm in shareholder and other class litigation has been repeatedly recognized by the courts, which have appointed it to major positions in complex securities multi-district and consolidated litigation.

If you wish to discuss this action or have any questions, please contact Wolf Haldenstein Adler Freeman & Herz LLP at 270 Madison Avenue, New York, New York 10016, by telephone at (800) 575-0735 (Mark C. Rifkin, Esq., or Derek Behnke).


Copyright © 2007 Wolf Haldenstein Adler Freeman & Herz    Disclaimer | Site Map

# WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

MAILING LIST   CONTACT US

ABOUT THE FIRM     PRACTICE AREAS     ATTORNEYS     CASES     WHAFH IN THE NEWS     PUBLICATIONS     RESOURCES

Home | Cases

# CASES

- Case List
- New Cases
- Settlements
- Case Studies

JOIN THE
MAILING LIST
›› GO

A TRADITION
SINCE 1888
›› OUR HISTORY



SEARCH

Entire Site ▾

[        ] GO

PRINT PAGE   EMAIL PAGE



RELATED NEWS

05/06/05
Wolf Haldenstein announces
settlement of Central Parking
Corp. Securities Litigation



CASE DOCUMENTS

Initial Complaint

Settlement Notice

Claim Form

On June 27, 2003, Wolf Haldenstein Adler Freeman & Herz LLP filed a class action lawsuit in the United States District Court for the Middle District of Tennessee on behalf of all persons who purchased the securities of Central Parking Corporation ("Central Parking" or the "Company") [NYSE: CPC] between November 4, 2002 and February 13, 2003, inclusive (the "Class Period"), against Central Parking and certain officers of the Company.

The original case name and index number are Slater v. Central Parking Corporation, et al, and 3-03-0585. If you wish to read a copy of the initial complaint Wolf Haldensteini filed in this action, please click the link to the right.

The Complaint alleges that, throughout the Class Period, defendants issued a series of false and misleading statements to the investing public. The defendants failed to disclose several adverse facts, including the fact that the Company was unable to sufficiently record and document its financial results due to its inadequate internal controls. The Complaint further alleges that Central Parking was materially understating its bad debt reserve and its accounts payable. Consequently, the Company's financial statements were not prepared in accordance with Generally Accepted Accounting Principles ("GAAP") and were thereby materially false and misleading.

On February 14, 2003, Central Parking announced that it would be taking a charge to increase its bad debt reserve and that it would be taking a charge to increase its accounts payables. Following this announcement, the price of Central Parking common stock decreased from $15.82 on February 13, 2003 to close at $12.31 on February 14, 2003, or a one-day decline of over 22%, on over seven times normal trading volume.

Additional cases were filed on behalf of investors. On August 18, 2003, motions were made to consolidate the various cases and appoint lead plaintiff and counsel. The cases have been consolidated and co-lead plaintiffs and counsel have been appointed. On December 10, 2003, Wolf Haldenstein was appointed co-lead counsel. The consolidated caption and index number are In re: Central Parking Corp. Securities Litigation and 03-CV-0546 (M.D. Tenn.).

Plaintiffs filed a consolidated class action complaint on February 13, 2004. On April 23, 2004, defendants filed motions to dismiss the consolidated complaint. Plaintiffs opposed the motions to dismiss on June 10, 2004 and June 14, 2004. The company filed a reply to plaintiffs' opposition on June 21, 2004. Defendant KPMG filed its reply on July 2, 2004. On August 2, 2004, the Company filed a brief in further support of its motion to dismiss.

In an order entered on August 11, 2004, the Court granted KPMG's motion to dismiss but denied Central Parking's motion to dismiss, allowing the litigation against the Company to proceed.

On January 31, 2005, the Court announced that it had been advised of a settlement in this matter. The parties were directed to file the appropriate settlement documents no later than March 31, 2005. The tentative settlement provided $4,800,000 for the benefit of a Class consisting of all Central Parking common stock purchasers from February 5, 2002 to February 13, 2003. The court granted preliminary judicial approval for settlement totaling $4,850,000

on April 8, 2005. Please click on the links to the right, or visit the claims administrator's website, to view and print the Settlement Notice and Claims Form. In order to share in the proceeds, you must submit a valid proof of claim form postmarked no later than July 25, 2005. The court granted final approval of this settlement on June 10, 2005 and the case was dismissed with prejudice.

Wolf Haldenstein has extensive experience in the prosecution of securities class actions and derivative litigation in state and federal trial and appellate courts across the country. The firm has approximately 60 attorneys in various practice areas and offices in Chicago, New York City, West Palm Beach, and San Diego. The reputation and expertise of this firm in shareholder and other class litigation have been repeatedly recognized by the courts, which have appointed it to major positions in complex securities multi-district and consolidated litigation.

If you wish to discuss this action or have any questions, please contact Wolf Haldenstein Adler Freeman & Herz LLP at 270 Madison Avenue, New York, New York 10016, or by telephone at (800) 575-0735 (Fred Taylor Isquith, Esq., Gustavo Bruckner, Esq., George Peters, Esq., or Derek Behnke).



About the Firm | Practice Areas | Attorneys | Cases | WHAFH In the News | Publications | Resources | Contact Us

Copyright © 2007 Wolf Haldenstein Adler Freeman & Herz    Disclaimer | Site Map