UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
JOSEPH S. GELMIS, Individually and on :   Civil Action No. 1:08-cv-00980-RMB
Behalf of All Others Similarly Situated, :
                                    :   <u>CLASS ACTION</u>
             Plaintiff, :
                                      :
     vs. :
                                        :
EARL W. COLE, III, et al., :
                                        :
             Defendants. :
                                        :
—————————————————————— :
JULES ROTHAS, Individually and on Behalf   Civil Action No. 08-cv-01120-RMB
of All Others Similarly Situated, :
                                      :   <u>CLASS ACTION</u>
             Plaintiff, :
                                      :
     vs. :
                                        :
MUNICIPAL MORTGAGE & EQUITY :
L.L.C., et al., :
                                        :
             Defendants. :
                                        :
—————————————————————— :
ARNOLD J. ROSS, Individually and on Behalf :   Civil Action No. 1:08-cv-01299-RMB
of All Others Similarly Situated, :
                                      :   <u>CLASS ACTION</u>
             Plaintiff, :
                                      :
     vs. :
                                        :
EARL W. COLE, III, et al., :
                                        :
             Defendants. :
                                        :
—————————————————————— x
[Caption continued on following page.]

REPLY MEMORANDUM IN FURTHER SUPPORT OF THE
MOTION OF THE YATES GROUP FOR CONSOLIDATION,
APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF
SELECTION OF LEAD COUNSEL AND IN RESPONSE TO THE
OPPOSITION OF THE COMPETING MOVANTS

---------------------------------------------- x

ALEX D'ANGELO, Individually and on          :      Civil Action No. 1:08-cv-01331-RMB
Behalf of All Others Similarly Situated,    :
                                            :      <u>CLASS ACTION</u>
                        Plaintiff,          :
                                            :
            vs.                             :
                                            :
MUNICIPAL MORTGAGE & EQUITY, LLC,           :
et al.,                                     :
                                            :
                        Defendants.         :
                                            :
---------------------------------------------- 

NAOMI RAPHAEL, Individually and on          :      Civil Action No. 1:08-cv-02190-RMB
Behalf of All Others Similarly Situated,    :
                                            :      <u>CLASS ACTION</u>
                        Plaintiff,          :
                                            :
            vs.                             :
                                            :
MUNICIPAL MORTGAGE & EQUITY, LLC,           :
et al.,                                     :
                                            :
                        Defendants.         :
---------------------------------------------- x

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ..................................................................................................1

II.   ARGUMENT ......................................................................................................4

    A.    The FAFN/Slater Group Has Not Demonstrated Its Standing or Authority to Sue on Behalf of Its Clients..................................................................5

        1.    Ken Slater Has Failed to Provide Evidence of His Standing to Move for Lead Plaintiff ..............................................................5

        2.    FAFN Has Failed to Provide Evidence of Its Standing to Move for Lead Plaintiff..............................................................6

        3.    FAFN and Ken Slater Have Not Filed PSLRA Compliant Certifications in Support of Their Motion .................................7

    B.    MMA Investors Lacks Cohesiveness and Its Motion Should Be Rejected.............8

        1.    MMA Investors Is the Product of Lawyer-Driven Tactics ........................8

    C.    The Kremser Group's Losses Have Been Overstated............................................9

III.   CONCLUSION ...............................................................................................10

# TABLE OF AUTHORITIES

Page

**CASES**

*Burke v. Ruttenberg*,
    102 F. Supp. 2d 1280 (N.D. Ala. 2000)..........................................................7

*Chill v. Green Tree Financial Corp.*,
    181 F.R.D. 398 (D. Minn. 1998)....................................................................7

*EZRA Charitable Trust v. Rent-Way, Inc.*,
    136 F. Supp. 2d 435 (W.D. Pa. 2001) ..........................................................5

*In re eSpeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005).....................................................................5

*In re NYSE Specialists Sec. Litig.*,
    240 F.R.D. 128 (S.D.N.Y. 2007)...................................................................6

*In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*,
    209 F.R.D. 353 (S.D.N.Y. 2002)...................................................................5

*In re Versata, Inc. Sec. Litig.*,
    No. C01- 1439 (SI), 2001 WL 34012374
    (N.D. Cal. Aug. 20, 2001)..............................................................................7

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007)................................................................5, 9

*Smith v. Suprema Specialties, Inc.*,
    206 F. Supp. 2d 627 (D.N.J. 2002)..........................................................5, 6

*Tsirekidze v. Syntax-Brillian Corp.*,
    No. CV-07-2204-PHX-FJM, 2008 WL 942273
    (D. Ariz. April 7, 2008) ..............................................................................2, 8

*Xianglin Shi v. Sina Corp.*,
    No. 05 Civ. 2154(NRB), 2005 WL 1561438
    (S.D.N.Y. July 1, 2005) ..................................................................................9

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
      §78u-4(a)(3)(B)(iii)(I)................................................................................................4

Federal Rules of Civil Procedure
      Rule 23 ...........................................................................................................1, 2

# I.    INTRODUCTION

After two rounds of briefing on the motions for appointment of lead plaintiff, four motions remain: (i) the Yates Group; (ii) the FAFN/Slater Group; (iii) MMA Investors; and (iv) the Kremser Group.[1]  While three of the four movants claim losses greater than the Yates Group, none of them are able to satisfy the requirements of Federal Rule of Civil Procedure 23.  As detailed herein, and in the Yates' Group's prior submissions, the law is well-established that movants who cannot satisfy Rule 23 cannot serve as Lead Plaintiffs and their motions must be denied.  Notably, the Yates Group *is the only movant* whose adequacy and typicality under Rule 23 have not been challenged.

The FAFN/Slater Group, who claims the largest financial interest, has failed to provide any evidence that FAFN or Ken Slater has the authority to pursue this action on behalf of their clients, despite representing to the Court at the conference on April 10, 2008, that such information would be provided at the time that the opposition memoranda were filed.  As investment advisors, the FAFN/Slater Group are not the actual purchasers of the stock, their clients are.  If those clients have not provided explicit authority to FAFN/Slater Group to pursue this action on behalf of their clients – and there is no such evidence in the record that they did – then they cannot serve as Lead Plaintiffs.  The FAFN/Slater Group has also failed to file the certification required by the Private Securities Litigation Reform Act (the "PSLRA") or to make the representations that such certification requires.  This failure to comply with the most fundamental of the requirements for seeking appointment as lead plaintiff is fatal to its motion.  Such an investor and its counsel cannot be entrusted with the

---

[1]    The Rawden Group has basically abandoned its motion by acknowledging in its opposition memorandum that it does not have the largest financial interest.  That its motion should be denied is further supported by the arguments raised in the Memorandum in Further Support of the Motion of the Yates Group for Consolidation, Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel and In Opposition To the Competing Motions ("Yates Group Opp."), filed on April 17, 2008 at 13-15.

responsibilities of lead plaintiff and lead counsel if they cannot even timely file the preliminary documents regarding its participation in this case at this early stage of the litigation.

MMA Investors, the movant that claims the next largest financial interest, also cannot satisfy Rule 23. Although its five members filed their motion together as a group, they have failed to provide any evidence that they are a group of investors capable of supervising their counsel in this action and that they, as opposed to their counsel, are in charge of this litigation. To begin with, MMA Investors' counsel's entrée into this action was the result of lawyer-driven tactics, the kind of which is frequently criticized by the courts. Specifically, on January 29, 2008, the Rosen Law Firm, counsel to the MMA Investors, posted a solicitation on the *Yahoo!* Finance message board for MuniMae under the heading, "INVESTOR NOTICE-Attorney Advertisement," seeking to solicit investors to file a lawsuit against Municipal Mortgage & Equity, Corp. (Attached hereto as Ex. A.) One day later, on January 30, 2008, the Rosen Law Firm filed its complaint against MuniMae. This is exactly the type of lawyer-driven tactics that the PSLRA was designed to put an end to. *See Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-2204-PHX-FJM, 2008 WL 942273, at *4 (D. Ariz. April 7, 2008) (denying lead plaintiff motion based on counsel's solicitation notices).

But the lawyer-driven tactics for the MMA Investors did not end there. After the motions were filed, counsel for the MMA Investors realized that it had not filed a joint declaration of its clients and quickly sought to have its clients sign one. In its haste to draft and then have its clients sign this joint declaration, it provided a description of four of its five members, but neglected to include a paragraph describing Robert Stark. Although the declaration was signed by all of the members of the MMA Investors, it is highly doubtful that they actually read what they were asked to sign by their counsel. And if they did read it, weren't they at all curious about the absence of a description of Mr. Stark? And, at the very least, wasn't Mr. Stark wondering why he was the only

movant not described in the declaration?  This is further evidence that the MMA Investors is a lawyer-driven group.  If at this early stage the MMA Investors is unable to supervise its counsel, as the case progresses and the role of the lead plaintiff becomes even more demanding, it is likely that this situation will only worsen.

The last of the competing movants is the Kremser Group.  Their motion is made on behalf of a number of investors, including Elk Meadows and David A. Kremser.  As previously stated, Mr. Kremser's trades should be excluded from consideration because his only purchases took place the day after MuniMae made its disclosure on January 28, 2008 that precipitated this litigation. Moreover, as the Kremser Group acknowledges in its opposition memorandum, *see* Kremser Opp. at 2, 17-19, any losses based on sales that predate the disclosure on January 28, 2008 should not be included in the calculation of one's financial interest.  The financial interest of the Kremser Group is therefore reduced to $664,109.41, well below the financial interest of the Yates Group.  Counsel for the Kremser Group also filed two complaints erroneously naming as defendants the former CEO and CFO of Maxim Integrated Products – individuals with no affiliation with Municipal Mortgage & Equity, LLC ("MuniMae").  These filings raise serious questions about the diligence of the Kremser Group's proposed lead counsel to vigorously prosecute this action on behalf of the class.

In stark contrast to these three movants is the Yates Group.  Its members, with losses of $757,010.65, spoke with one another ***prior*** to the filing of their motion and made the decision at that time to pursue this motion together.  They timely submitted a joint declaration stating: (i) the identity of each of the four members of the Yates Group, their professional background, and where they reside; (ii) that all members of the group participated in a conference call prior to filing the lead plaintiff motion, during which they discussed their fiduciary duties as lead plaintiff and class representatives; (iii) that the Yates Group reached an agreement with counsel as to fees; (iv) that the

Yates Group will exercise joint decision-making and work together to direct the litigation and oversee counsel; (v) that the members of the Yates group will meet regularly via telephone to discuss the status of the case; (vi) that the members of the Yates Group have agreed upon a mechanism for reaching a consensus on important issues and if a consensus cannot be reached, a mechanism for reaching a decision; (vii) that the members of the Yates Group discussed the qualifications and experience of their selected counsel, Berger & Montague, P.C. and Coughlin Stoia Geller Rudman & Robbins LLP; and (viii) that the members of the Yates Group are committed to working together with one another and with their counsel to maximize the recovery for the class. *See* Declaration of Mario Alba, Jr., filed on April 1, 2008. Significantly, no movants have challenged the size of the Yates Group's financial interest, its standing to bring suit, its cohesiveness, or its typicality and adequacy.

For these reasons, and as set forth more fully below and in its prior submissions, the Yates Group is the only adequate lead plaintiff movant and its motion should be granted in its entirety.

## II.    ARGUMENT

In addition to claiming the largest financial interest, the PSLRA also requires that lead plaintiffs satisfy the adequacy and typicality requirements of Federal Rule of Civil Procedure. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). As described herein, the Yates Group is the only movant that is able to fulfill this statutory requirement.

- 4 -

A.    **The FAFN/Slater Group Has Not Demonstrated Its Standing or Authority to Sue on Behalf of Its Clients**

The investment advisors that comprise the FAFN/Slater Group have failed to provide any evidence of their standing or authority to pursue this action on behalf of their respective clients.[2] The FAFN/Slater Group does not even attempt to establish that it has such authority. Instead, it asserts that this Court should apply a less rigorous standard under which asset managers have standing to represent a class where they merely demonstrate that they have unrestricted decision-making authority over their clients' accounts.[3] Even under this standard, however, the FAFN/Slater Group motion fails.

1.    **Ken Slater Has Failed to Provide Evidence of His Standing to Move for Lead Plaintiff**

The FAFN/Slater Group does not dispute that Ken Slater did not purchase any MuniMae stock for his own account during the Class Period. However, FAFN/Slater asserts that Ken Slater "represents" KT Investments, LLC and Kendall Investments, LLC and "exercises full power over the

---

[2]    *See Kaplan v. Gelfond*, 240 F.R.D. 88, 95 (S.D.N.Y. 2007) (to have standing, an investment advisor must have authority to sue on behalf of clients); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 98 (S.D.N.Y. 2005) ("the advisor must be the attorney in fact for his clients, and he must be granted both unrestricted decision-making authority and the specific right to recover on behalf of his clients."); *In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 358 (S.D.N.Y. 2002) (same); *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627 (D.N.J. 2002) (same).

[3]    As authority for this proposition, FAFN/Slater relies on *EZRA Charitable Trust v. Rent-Way, Inc.*, 136 F. Supp. 2d 435, 441 (W.D. Pa. 2001), where (unlike FAFN/Slater) the asset manager submitted a declaration that "states that Cramer 'acts as attorney-in-fact for its clients ***and is authorized to bring suit to recover for, among other things, investment losses*.'" [Emphasis added.] The *Ezra Charitable Trust* court's subsequent class certification opinion does not alter the majority view in this District that asset managers must have authority to bring suit on behalf of their clients to have standing.

affairs of these entities, including the power to bring and dispose of legal claims."[4]  FAFN/Slater Opp. at 11.  This conclusory assertion is not supported by any documentation that Ken Slater has such authority with respect to KT Investments or Kendall Investments or any other person or entity.

Although Ken Slater's declaration states that he "represents" KT Investments and Kendall Investments, FAFN/Slater claims in its opposition that KT Investments and Kendall Investments "are investment vehicles for the assets of his aged mother, Shirley Slater."[5]  FAFN/Slater Opp. at 11. In other words, Ken Slater's mother is the owner of the MMA shares, but neither she nor her investment entities have moved for appointment as lead plaintiff.  Moreover, as an investment advisor, Ken Slater cannot aggregate the losses of KT Investments,  Kendall Investments or his mother because he has not submitted a certification from any of the entities he claims to represent showing that he had permission to move on their behalf or that they are even aware that he has filed this motion.  *See Suprema Specialties*, 206 F. Supp. 2d at 635.

### 2.    FAFN Has Failed to Provide Evidence of Its Standing to Move for Lead Plaintiff

FAFN fares no better.  Like Ken Slater, it is undisputed that FAFN did not purchase any shares of MMA stock for its own account during the Class Period.  Instead, the FAFN/Slater Group claims that, "FAFN's clients gave FAFN discretionary authority to make investment purchases or

---

[4]    Not withstanding the fact that Ken Slater does not own a single share of MuniMae stock, his declaration falsely asserts: "***I have suffered a substantial loss*** arising from defendants' malfeasance in an amount that exceeds $690,000."  Ken Slater Decl. at ¶2.  [Emphasis added.]  Ken Slater's statement that he personally suffered a loss is contradicted by his motion, which acknowledges that he does not own any shares.  *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 145 (S.D.N.Y. 2007) (lead plaintiff that submitted erroneous certification was inadequate).

[5]    This is untrue as Kendall Investments, LLC is much more than an investment vehicle for Ken Slater's mother – its website states that "Kendall Investments, LLC is a private equity fund-of-funds management company."  *See* www.kendallinvestments.com.

sales in the clients' accounts … without the prior knowledge or approval of the client." FAFN/Slater Opp. at 7-8.  However, the FAFN/Slater Group has failed to produce a shred of evidence that FAFN has attorney-in-fact authority over its clients' accounts or authority to commence legal action on its clients' behalf.  In fact, FAFN hasn't even identified its clients.  On the contrary, the FAFN/Slater Group admits that after filing its motion, FAFN obtained "limited powers of attorney with regard to legal claims arising from the MMA investment," (FAFN/Slater Opp. at 11), *i.e.*, it lacked the requisite authority at the time that it filed its motion.

### 3.      FAFN and Ken Slater Have Not Filed PSLRA Compliant Certifications in Support of Their Motion

FAFN and Ken Slater have also failed to provide proper PSLRA certifications with their motion, but instead rely upon declarations that omit key components of a PSLRA certification.[6] Among other things, Mr. Slater's declaration fails to identify whether the list of MuniMae transactions he has disclosed is a complete list of all of the purchases made during the Class Period by him or entities that he purports to control.  This leaves open the possibility that Mr. Slater selectively reported his MuniMae trades to maximize his claimed loss.  Mr. Slater has also failed to fully disclose the prior cases in which he has served as a class representative, as required by the PSLRA, thus disqualifying him.  Also, his declaration fails to include a statement that Mr. Slater is willing to be deposed, and he has failed to indicate that he will not seek payment beyond his pro rata share of a recovery.  This omission is particularly disturbing because he is an attorney and he

---

[6]      "[T]he legislative history of the PSLRA reveals that Congress intended all prospective Lead Plaintiffs to provide the information contained in the certifications."  *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 410 (D. Minn. 1998); *see also In re Versata, Inc. Sec. Litig.*, No. C01- 1439 (SI), 2001 WL 34012374, at *2 (N.D. Cal. Aug. 20, 2001) ("[A]ll proposed lead plaintiffs must have submitted a sworn certification. . . ."); *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1319 (N.D. Ala. 2000) ("Only those plaintiffs who satisfy the certification requirement of the subsection can serve as lead plaintiff.")

appears to have purposely preserved his option to seek a referral fee or compensation for performing

legal work on behalf of the Class in addition to receiving his pro rata share of a recovery.

FAFN's declaration suffers from the same defects as Mr. Slater's. Specifically, FAFN's

declaration contains some but not all of the representations required in a PSLRA certification. For

these reasons, the FAFN/Slater Group's motion should be denied in its entirety.

**B.     MMA Investors Lacks Cohesiveness and Its Motion Should Be Rejected**

**1.     MMA Investors Is the Product of Lawyer-Driven Tactics**

Counsel for MMA Investors has engaged in various types of lawyer-driven tactics to secure a

leadership role for itself in this litigation. Specifically, on January 29, 2008, the Rosen Law Firm,

counsel to MMA Investors, posted a solicitation on the *Yahoo!* Finance message board for MuniMae

under the heading, "INVESTOR NOTICE- Attorney Advertisement," seeking to solicit investors to

file a lawsuit against Municipal Mortgage & Equity, Corp. One day later, on January 30, 2008, the

Rosen Law Firm filed its complaint against MuniMae. This is exactly the type of lawyer-driven

tactics that the PSLRA was designed to put an end to. *See Tsirekidze*, 2008 WL 942273, at *4

(denying lead plaintiff motion based on counsel's solicitation notices).

But the lawyer-driven tactics for MMA Investors did not end there. After the motions were

filed, counsel for MMA Investors realized that it had not filed a joint declaration of its clients and

quickly sought to have its clients sign one. In its haste to draft and then have its clients sign this

joint declaration, it provided a description of four of its five members, but neglected to include a

paragraph describing Robert Stark. *See* Joint Declaration of MMA Investors at ¶¶2-5 (describing the

other four members of the group). Although the declaration was signed by all of the members of

MMA Investors, it is highly doubtful that they actually read what they were asked to sign by their

counsel. And if they did read it, weren't they at all curious about the absence of a description of Mr.

Stark?  At the very least, wasn't Mr. Stark wondering why he was the only movant not described in the declaration?  This is further evidence that the MMA Investors Group is a lawyer-driven group. *See Xianglin Shi v. Sina Corp.*, No. 05 Civ. 2154(NRB), 2005 WL 1561438, at *4 (S.D.N.Y. July 1, 2005) (rejecting the submission of a defective joint declaration).  If at this early stage the MMA Investors Group is unable to supervise its counsel, as the case progresses and the role of the lead plaintiff becomes even more demanding, it is likely that this situation will only worsen.[7]

### C.    The Kremser Group's Losses Have Been Overstated

As previously explained, *see* Yates Group Opp. at 11-12, the Kremser Group improperly extended the Class Period by one day (to January 29, 2008 – the day after the news about the restatement and delisting of MuniMae stock was disclosed) to capture David Kremser's purchase of 25,000 MuniMae shares on that date (his only personal trade).  Without this trade, David Kremser has no personal purchases of MuniMae stock and David Kremser/Elk Meadows' loss drops from $555,910 to $473,910.

These losses are further reduced when the in-and-out trades of the Kremser Group are excluded from their financial interest.  As the Kremser Group itself argues, *see* Kremser Opp. at 2, 17-19, any movant whose losses are based on sales that predate the disclosure on January 28, 2008 should not be included in the calculation of one's financial interest.  The financial interest of the Kremser Group is therefore reduced to $664,109.41 to account for those losses that it incurred prior

---

[7]    In addition to the these lapses in oversight, MMA Investors allowed its counsel to submit a certification signed by Daryl Bonyor, which reports incorrect prices for several of his trades (*see* Decl. of Phillip Kim at Ex. 2).  Moreover, MMA Investors attempted to aggregate losses for "Klorfine Interests Ltd.," an entity on behalf of whom Leonard Klorfine signed his certification, but has not identified.  Nor has MMA Investors proffered any evidence that any member of the group has authority to file suit on behalf of Klorfine Interests Ltd.  *See Kaplan*, 240 F.R.D. at 95.

to the disclosure on January 28, 2008. Under this analysis, its financial interest is now less than the financial interest of the Yates Group.

## III.    CONCLUSION

For the reasons set forth above, and in its prior submissions, the Yates Group respectfully requests that the Court grant its motion consolidating the related Actions, appointing it as Lead Plaintiff and approving of its selection of Lead Counsel.

DATED:  April 28, 2008                    COUGHLIN STOIA GELLER
                                          RUDMAN & ROBBINS LLP
                                        SAMUEL H. RUDMAN
                                        DAVID A. ROSENFELD
                                        MARIO ALBA, JR.


                                            */s/ David A. Rosenfeld*
                                        _____
                                            DAVID A. ROSENFELD

                                        58 South Service Road, Suite 200
                                        Melville, NY  11747
                                        Telephone:  631/367-7100
                                        631/367-1173 (fax)

                                        BERGER & MONTAGUE, P.C.
                                        SHERRIE R. SAVETT
                                        BARBARA A. PODELL
                                        ERIC LECHTZIN
                                        1622 Locust Street
                                        Philadelphia, PA  19103
                                        Telephone:  215/875-3000
                                        215/875-4604 (fax)

                                        *[Proposed] Co-Lead Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Mario Alba, Jr., hereby certify that on April 28, 2008, I caused a true and correct copy of the attached:

      Reply Memorandum In Further Support Of The Motion Of The Yates
      Group For Consolidation, Appointment As Lead Plaintiff And For
      Approval Of Selection Of Lead Counsel And In Response To The
      Opposition Of The Competing Movants

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

                                              _____ /s/ *Mario Alba, Jr.*_
                                              Mario Alba, Jr.

MUNIMAE (NY)

Service List - 4/3/2008    (08-0030)

Page 1 of  2

**Counsel For Defendant(s)**

David W.T. Daniels

Michael D. Mann

Richards Kibbe & Orbe LLP

701 8th Street, N.W.

Washington, DC  20001

   202/261-2990

   202/261-2999 (Fax)

**Counsel For Plaintiff(s)**

| | |
|---|---|
| Arthur N. Abbey | Sherrie R. Savett |
| Nancy  Kaboolian | Barbara A. Podell |
| Abbey Spanier Rodd & Abrams, LLP | Eric  Lechtzin |
| 212 East 39th Street | Berger & Montague, P.C. |
| New York, NY  10016 | 1622 Locust Street |
|   212/889-3700 | Philadelphia, PA  19103 |
|   212/684-5191 (Fax) |   215/875-3000 |
| |   215/875-4604 (Fax) |
| | |
| Evan J. Smith | David A.P. Brower |
| Brodsky & Smith, LLC | Brower Piven, P.C. |
| 240 Mineola Blvd., 1st Floor | 488 Madison Avenue, 8th Floor |
| Mineola, NY  11501 | New York, NY  10022 |
|   516/741-4977 |   212/501-9000 |
|   516/741-0626 (Fax) |   212/501-0300 (Fax) |
| | |
| Joshua M. Lifshitz | Samuel H. Rudman |
| Bull & Lifshitz LLP | David A. Rosenfeld |
| 18 East 41st Street, 11th Floor | Mario  Alba, Jr. |
| New York, NY  10017 | Coughlin Stoia Geller Rudman & Robbins LLP |
|   212/213-6222 | 58 South Service Road, Suite 200 |
|   212/213-9405 (Fax) | Melville, NY  11747 |
| |   631/367-7100 |
| |   631/367-1173 (Fax) |

MUNIMAE (NY)

Service List - 4/3/2008     (08-0030)

Page 2 of  2

Christopher J. Keller
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY  10005
  212/907-0700
  212/818-0477 (Fax)

Phillip  Kim
Laurence M. Rosen
The Rosen Law Firm P.A.
350 Fifth Avenue
New York, NY  10118
  212/686-1060
  212/202-3827 (Fax)

Thomas H. Burt
Wolf Haldenstein Adler Freeman & Herz, LLP
270 Madison Avenue
New York, NY  10016
  212/545-4600
  212/545-4653 (Fax)

# EXHIBIT  A

Yahoo! My Yahoo! Mail    Make Y! your home page

Search: [                    ]  Web Search

Message Boards Home · Help

 **YAHOO!** MESSAGE BOARDS    Sign In
New User? Sign Up

E*TRADE    Scottrade    AMERITRADE

Welcome to the new Yahoo! Message Boards - Send us feedback | **Product updates**

**MUNI MTG** - Quote Info

Message Boards Settings

Search : [                    ] in [ MUNI MTG board ▼ ]  Search    ▷ Advanced Search

Yahoo! Message Boards > Business & Finance > Investments > Stocks (A to Z) > Stocks M > MUNI MTG

**View all Topics | View all Messages** | < Newer Topic | Older Topic >    Get Message Board for: [        ] GC

ADVERTISEMENT

### INVESTOR NOTICE- Attorney Advertisement

29-Jan-08 10:04 am

 philkimrose...

Investor Notice – Attorney Advertisement

We are attorneys with the Rosen Law Firm, P.A. Our firm's practice is focused on securities class action and shareholder litigation. We have been conducting an internal investigation of Municipal Mortgage & Equity, Corp. and its accounting practices for a significant period of time. We are preparing a complaint against the company and other responsible persons for violations of federal securities laws.

View Messages
Ignore User
Report Abuse

As you are aware, last night MMA announced that it was reducing its dividend and further extending its restatement period yet again. This morning, the Company has disclosed that it has been improperly accounting for its tax-exempt assets. The Company now acknowledges that it will be changing the way the company accounts for many of its loans. We believe the Company may have been improperly over-valuing its non-performing assets for at least two years in violation of GAAP and the Company's own accounting policies.

The Company' stock price has declined substantially in the wake of these disclosures. The Company recently announced plans to delist its shares from the New York Stock Exchange.

If you have any information that may assist our investigation or wish to obtain further information about the proposed class action, please do not hesitate to contact us.

Larry Rosen, Esq.
Phil Kim, Esq.
The Rosen Law Firm, P.A.
350 5th Avenue, Suite 5508
New York, NY 10118
Tel: (212) 686-1060
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

**Rating :**            Rate it:


MEDICAL HAIR RESTORATION
Re-Grow Your Hair $5000 Value FREE
before    after    CLICK HERE

**(MMAB.PK)**



MMAB.PK 28-Apr 3:59pm (C)Yahoo!
4.35
4.30
4.25
4.20
4.15
    10am  12pm  2pm  4pm

At 3:59PM ET: **4.28** ↓ 0.02 (0.47%)

Enter Symbol(s):
e.g. YHOO, ^DJI
[            ]  Get Quote

Symbol Lookup

Get streaming real-time quotes - Free Trial

Quote data delayed 15 minutes for Nasdaq, 20 minutes for NYSE and Amex. For delay times on other exchanges see exchange table.

**SPONSORED LINKS**

Equity Index Choices at CME Group - Liquidity, Diversification & Market Depth

4/28/2008

★★★★★ (2 Ratings)          ☆☆☆☆☆

< Previous Message | Next Message >

View: Simple | Summary | **Expanded**
As: Threaded | Msg List

Page 1 of about 1    First | < Prev | Next > | Last

## Messages in Topic

Minimum rating: 2 stars + unrated ▼ What's this?

| Subject | Author | Rating | Time of Post (ET) |
|---|---|---|---|
| INVESTOR NOTICE- Attorney Advertisement | philkimrose... | (2 Ratings) | 29-Jan-08 10:04 am |
| Re: INVESTOR NOTICE- Attorney Advertisement Anyone on here think this firm is for real? I hav ... | tallman9992... | Rate it | 29-Jan-08 10:18 am |
| Re: INVESTOR NOTICE- Attorney Advertisement I've seen ambulance chasers post on the messa ... | irajdindarr | Rate it | 29-Jan-08 10:29 am |
| Re: INVESTOR NOTICE- Attorney Advertisement Also the potential for delisting was stated i ... | irajdindarr | Rate it | 29-Jan-08 10:33 am |
| Re: INVESTOR NOTICE- Attorney Advertisement It'll still trade OTC so that's not a hu ... | tallman9992... | Rate it | 29-Jan-08 10:50 am |
| Re: INVESTOR NOTICE- Attorney Advertisement OTC is good for at least $2 drop in ... | irajdindarr | Rate it | 29-Jan-08 11:18 am |
| Re: INVESTOR NOTICE- Attorney Advertisement I spoke with this law firm. They seem to know much ... | mmaquestion | Rate it | 29-Jan-08 03:18 pm |
| Re: INVESTOR NOTICE- Attorney Advertisement HERE COME THE VULTURES!!!! LOOKING FOR CARCASSES T ... | napolinancy | Rate it | 29-Jan-08 06:07 pm |
| Re: INVESTOR NOTICE- Attorney Advertisement any chance i can trade you 5 shares of MMA fo ... | holytouch19... | (1 Rating) | 29-Jan-08 06:10 pm |

View: Simple | Summary | **Expanded**
As: Threaded | Msg List

Page 1 of about 1    First | < Prev | Next > | Last

< Newer Topic | Older Topic >

Copyright 2008 © Yahoo! Inc. All right reserved. Terms of Service - Copyright/IP Policy - Send Feedback - Help
We collect personal information on this site. For more information please see our Privacy Policy.

– All from One Platform.
www.cmegroup.com/choices-08

Order Checks Online - From personal checks to payroll checks, express order today.
www.SageSoftware.com/checks

jet blue stock quote - You'll find it all in the NY Post. News, Gossip, Sports, And More.
www.NYPost.com

The Bakken Oil Formation - The Most Profitable Oil - Energy Investment Play of 2008. New Rpt.
www.EnergyAndCapital.com/bakkenoil