**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH S. GELMIS, Individually and On Behalf OF All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>Defendants. | Civil Action No. 1:08-cv-00980-RMB |
| JULES ROTHAS, Individually and On Behalf OF All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, DAVID B. KAY, and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>Defendants. | Civil Action No. 1:08-cv-01120-RMB |

[Captions continued on the following pages.]

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE FAFN/SLATER**
**GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

| | |
|---|---|
| ALEX D'ANGELO, Individually and On Behalf OF All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, CHARLES M. PINKNEY, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC, <br><br> Defendants. | Civil Action No. 1:08-cv-01331-RMB |
| JUDITH GREENBERG, Individually and On Behalf OF All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, BARBARA C. LUCAS, ANGELA A. BARONE, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC, <br><br> Defendants. | Civil Action No. 1:08-cv-02005-RMB |

[Captions continued on the following page.]

NAOMI RAPHAEL, Individually and On
Behalf OF All Others Similarly Situated,

                                     Plaintiff,

                    vs.

MICHAEL L. FALCONE, WILLIAM S.
HARRISON, MELANIE M. LUNDQUIST,
CHARLES C. BAUM, EDDIE C. BROWN,
ROBERT S. HILLMAN, ARTHUR S.
MEHLMAN, FRED N. PRATT, JR., and
MUNICIPAL MORTGAGE & EQUITY,
LLC,

                                 Defendants.

Civil Action No. 1:08-cv-02190-RMB

---

ARNOLD J. ROSS, Individually and On
Behalf OF All Others Similarly Situated,

                                     Plaintiff,

                    vs.

EARL W. COLE, III, MICHAEL L.
FALCONE, WILLIAM S. HARRISON,
MARK K. JOSEPH, and MUNICIPAL
MORTGAGE & EQUITY, LLC,

                                 Defendants.

Civil Action No. 1:08-cv-02199-RMB

## <u>TABLE OF CONTENTS</u>

<u>Page no(s).</u>

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

    A.    Both Slater And FAFN Have Standing To Pursue These Claims .......................... 1

    B.    The FAFN/Slater Group Is Cohesive ...................................................................... 3

    C.    Mr. Slater's Experience As A Representative Plaintiff
        Enhances His Ability To Represent The Class ........................................................ 6

    D.    The FAFN/Slater Group's Submissions Are Sufficient .......................................... 8

CONCLUSION ....................................................................................................................... 10

**TABLE OF AUTHORITIES**

**CASES**                                                                   **PAGE(S)**

*In re Baan Co. Securities Litigation*,
    186 F.R.D. 214 (D.D.C. 1999)........................................................................4, 5

*In re Bank One Shareholders Class Actions*,
    96 F. Supp. 2d 780 (N.D. Ill. 2000) ...................................................................3

*In re Eaton Vance Corp. Securities Litigation*,
    219 F.R.D. 38 (D. Mass. 2003)..........................................................................8

*In re Espeed, Inc. Securities Litigation*,
    232 F.R.D. 95 (S.D.N.Y. 2005) .........................................................................2

*In re Global Crossing, Limited Securities Litigation*,
    313 F. Supp. 2d 189 (S.D.N.Y. 2003)..............................................................6, 7

*Greebel v. FTP Software, Inc.*,
    939 F. Supp. 57 (D. Mass. 1996) .......................................................................8

*In re Host America Corp. Securities Litigation*,
    236 F.R.D. 102 (D. Conn. 2006).........................................................................4

*Jaroslawicz v. Safety Kleen Corp.*,
    151 F.R.D. 324 (N.D. Ill. 1993)..........................................................................9

*Local 144 Nursing Home Pension Fund v. Honeywell International, Inc.*,
    Civ. No. 00-3605 (DRD), 2000 U.S. Dist. LEXIS 16712 (D.N.J. Nov. 16, 2000) ....................5

*Miller v. Dyadic International, Inc.*,
    No. 07-80948-Civ., 2008 U.S. Dist. LEXIS 32271 (S.D. Fla. Apr. 18, 2008)...........................2

*In re Nature's Sunshine Products*,
    No. 2:06-CV-267 TS, 2006 U.S. Dist. LEXIS 57594 (D. Utah Aug. 16, 2006) ........................5

*In re Optionable Securities Litigation*,
    07-cv-3753, slip op. (S.D.N.Y. May 11, 2007) ..........................................................3

*In re Rent-Way Securities Litigation*,
    218 F.R.D. 101 (W.D. Pa. 2003) .....................................................................2, 9

*Schriver v. Impac Mortgage Holdings, Inc.*,
    SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006)..............5, 6

*In re Telxon Corp. Securities Litigation,*
    67 F. Supp. 2d 803 (N.D. Ohio 1999)..........................................................................9

*In re Turkcell Iletisim Hizmetler, A.S. Securities Litigation,*
    209 F.R.D 15649 (S.D.N.Y. 2002) ...........................................................................3

*In re Tyco International, Ltd. Multidistrict Litigation,*
    236 F.R.D. 62 (D.N.H. 2006) ................................................................................2,3

*In re UnumProvident Corp. Securities Litigation*,
    2003 U.S. Dist. LEXIS 24633 (E.D. Tenn. Nov. 6, 2003) ......................................8, 9

## STATUTES AND RULES

15 U.S.C. § 78u-4(a)(2)(A)............................................................................................6, 7, 8

15 U.S.C. § 78u-4(a)(3)(B)....................................................................................................6

## INTRODUCTION

Movant, the FAFN/Slater Group, consisting of members Kenneth Slater, representing KT Investments, LLC and Kendall Investments, LLC ("Slater"), and First Affirmative Financial Network ("FAFN") submits this reply memorandum of law in further support of its own motion for appointment as lead plaintiff and in opposition to competing movants' submissions.

The Court should appoint the FAFN/Slater Group as lead plaintiff for the following reasons:

- The FAFN/Slater Group has the largest financial interest in the relief sought by the Class under any measure, as set forth in its April 17, 2008 Memorandum (Docket No. 45). Further, if the Court were to reject grouping altogether, either Slater or FAFN have the largest financial interest in this litigation of any individual movant for lead plaintiff.

- Both Slater and FAFN have standing to assert these claims. Slater is the attorney-in-fact for all purposes for the entities he represents and manages. He has complete investment discretion over those entities. FAFN has both the complete discretion to invest the funds with which it traded in MMA securities and actual authority to act as attorney-in-fact with regard to claims arising from those investments.

- The FAFN/Slater Group is cohesive, consisting of just two members, each with a single, sophisticated contact person. They have filed declarations stating their intent and ability to confer and work together and have selected a single firm to act as lead counsel in the prosecution of this action.

- Mr. Slater's prior litigation experience raises no concern here. He has disclosed the single case in which he served or sought to serve as a lead plaintiff or class representative in the last three years, and he has time to devote to the prosecution of this action.

## ARGUMENT

### A.     Both Slater And FAFN Have Standing To Pursue These Claims

As set forth in the Declaration of Kenneth Z. Slater dated April 25, 2008, filed herewith, Mr. Slater made trades in MMA shares through two entities that he manages. The entities exist under agreements that give him full power as attorney-in-fact to invest, full power to hire

lawyers, full power to grant releases and dispose of claims, and other broad powers to take all relevant actions.  This meets any standard set forth anywhere in the cases cited by any movant in the briefing on this issue.  *See* Kremser Opp. at pp. 10-11, 15.

FAFN also has standing since its clients granted FAFN, which purchased the shares discretionarily, power of attorney to prosecute these claims.  *See* Gay Declaration, dated April 28, 2008 ("Gay Reply Decl.") at ¶ 7.  In addition, FAFN has full discretionary authority to trade for these accounts, without client approval or prior notice.  *See* Gay Reply Decl. at ¶ 5.

The power to trade at its discretion combined with power to act as attorney-in-fact as to claims arising from these investments satisfies any standard for investment advisor standing.  Moreover, the actions of an investment advisor in litigation on behalf of investors may be ratified by the investors well after the filing of lead plaintiff motions. *See In re Rent-Way Sec. Litig.* 218 F.R.D. 101, 110 (W.D. Pa. 2003) (rejecting defendants' argument that "'after-the-fact' ratification [was] insufficient to remedy [the investment advisor's] lack of standing.").  Indeed, "the vast majority of the cases addressing the issue have found that under certain circumstances, investment advisors may be not only permissible lead plaintiffs, but desirable ones as well." *Miller v. Dyadic Int'l, Inc.*, No. 07-80948-Civ., 2008 U.S. Dist. LEXIS 32271, at *27 (S.D. Fla. Apr. 18, 2008) (collecting numerous cases on this point).

Opposing movants' citations on this point gain them no ground.  Despite the Kremser Group's claims, *In re Espeed, Inc. Securities Litigation*, 232 F.R.D. 95, 98 (S.D.N.Y. 2005), is not analogous to the instant matter. In *Espeed*, the movant in question was not even an investment advisor: he was something "akin to an investment advisor."  *Id*.  Further, unlike FAFN and Slater, the rejeced *Espeed* movant did not have discretionary authority or permission to act as attorney-in-fact for the members of the group.  In *In re Tyco International, Ltd.*

2

*Multidistrict Litigation*, 236 F.R.D. 62, 72 (D.N.H. 2006) (also cited by the Kremser Group) the court did not even address attorney-in-fact power, but the unsuccessful movant did not have discretionary authority.[1]

The Court should reject arguments alluding that FAFN's or Slater's standing could not be added to the record after the date of the initial motion, as this would produce an absurd result. If this were the law, then each movant would be required to anticipate every single argument against it prior to filing the initial motion, and any attempt to introduce facts to refute a challenge made in the opposition briefs would be futile.[2]

Likewise, the Court should reject the unsupported allegations that FAFN's clients are unaware of this action. The evidentiary record is to the contrary. Mr. Gay's March 31, 2008 Declaration ("Gay Decl.") makes clear that FAFN's clients approved the prosecution of this action *ab initio*.

**B.    The FAFN/Slater Group Is Cohesive**

The FAFN/Slater Group has set forth, in its initial motion, all that is necessary to determine that the group is cohesive. Both Mr. Gay and Mr. Slater swore that they:

- Initiated the action by contacting counsel, rather than being contacted by counsel regarding a potential action. Gay Decl. at ¶ 3, Slater Decl. at ¶ 3.

---

[1] The Kremser Group cites *In re Optionable Securities Litigation,* 07-cv-3753, *slip op.* (S.D.N.Y. May 11, 2007) (LAK). However, in *Optionable* the Court *approved* an investment advisor as lead plaintiff where that investment advisor purchased the shares with discretionary authority and the authority to seek lead plaintiff status, which Kenneth Slater and FAFN both have. *In re Bank One S'holders Class Actions*, 96 F. Supp. 2d 780 (N.D. Ill. 2000), cited by opposing movants is inalogous. There, the court rejected a money manager as a lead plaintiff because he was a day trader and often engaged in short selling, and therefore, was atypical of the Class. In addition, the prevailing movant group had a larger aggregate loss.

[2] Despite the Kremser Group's assertion, Kremser Opp. at p. 8, *In re Turkcell Iletisim Hizmetler, A.S. Sec. Litig.*, 209 F.R.D. 353, 358 (S.D.N.Y. 2002) simply does not speak to the *timing* of a movant investment advisor's showing of authority.

- Conferred with each other prior to moving for appointment as lead plaintiff. Gay Decl. at ¶ 4, Slater Decl. at ¶ 4.

- Have agreed to act as a group. Gay Decl. at ¶ 5, Slater Decl. at ¶ 5.

- Were aware of each other's losses (Gay Decl. at ¶ 5. Slater Decl. at ¶ 5).

- Understood their duties if appointed Lead Plaintiff. Gay Decl. at ¶ 8, Slater Decl. at ¶¶ 8, 10.

- Agreed to remain fully informed of the status and progress of the actions and strengths and weaknesses of the case. Gay Decl. at ¶ 9, Slater Decl. at ¶ 11.

- Agreed to consult with each other and with counsel when necessary on important motions, settlement discussions, trial preparation and trial. Gay Decl. at ¶ 10, Slater Decl. at ¶ 12.

- Agreed to meet or otherwise communicate at least quarterly, and as often as necessary to ensure the vigorous and efficient prosecution of the case. Gay Decl. at ¶ 10, Slater Decl. at ¶ 12.

Slater and FAFN's Declarations illustrate their ability and desire to work together, their cohesiveness and their adequacy. Regarding their ability to work together, a meeting of the FAFN/Slater Group will require a telephone call between two people. If they meet with their counsel, the call will require only three people. The FAFN/Slater Group is the movant group with the fewest members: two, as against the five members of every competing group. Further, there is some question whether other movant groups were artificially engineered to have no more than five members. *See* Kremser Opposition at p. 20 (indicating that MMA Investor Group may have dropped one member's wife to limit group size to five members). This allegation is significant because case law disfavors groups more than five members, holding that a group should not consist of more than three to five members. *In re Host Am. Corp. Sec. Litig.*, 236 F.R.D. 102, 106 & n.5 (D. Conn. 2006) ("The Securities and Exchange Commission ("SEC") takes the position that a group of no more than three to five investors should be appointed as lead plaintiffs, to ensure that the plaintiffs are able to maintain control of the litigation."); *In re Baan*

4

*Co. Sec. Litig.*, 186 F.R.D. 214, 216-17 (D.D.C. 1999) (citing SEC amicus brief stating that small groups of three to five may serve as lead plaintiff). A group of six would, under the recent case law, generally be considered inadequate.

The rule advanced by the Yates Group, Yates Opp. at p. 6, that the existence of a joint declaration is somehow dispositive as against any other group the members of which file separate declarations, is a rule of its own invention that has absolutely no foundation in logic, much less precedent. In fact, courts have regularly approved lead plaintiff groups that submitted separate declarations as evidence of their ability to serve as lead plaintiff. *See*, *e.g.*, *In re Nature's Sunshine Prods.*, No. 2:06-CV-267 TS, 2006 U.S. Dist. LEXIS 57594, at *6-7 (D. Utah Aug. 16, 2006) (appointing lead plaintiff group of "unrelated members" where "[t]he members of the group have … submitted affidavits demonstrating the cooperative intentions and efforts of the group."); *Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, Civ. No. 00-3605 (DRD), 2000 U.S. Dist. LEXIS 16712, at *13 (D.N.J. Nov. 16, 2000) (appointing lead plaintiff group where "through declarations, the Local 144 Group has advised of its sophistication, ability and inclination to actively oversee this litigation.").

In any event, the Yates Group's own position is seriously undermined by their "group" submission to the Court. They raise their supposedly superior cohesion as the reason that none of the larger groups are adequate to serve, but the Yates Group was unable to agree on a single lead law firm to represent it. *See* Yates Opp. at pp. 18-19. Similarly, the Kremser Group has selected two firms to represent it. *See* Kremser Opp. at pp. 24-25 (two proposed lead firms). *See Schriver v. Impac Mortgage Holdings, Inc.*, SACV 06-31 CJC (RNBx), 2006 U.S. Dist. LEXIS 40607, at *34 (C.D. Cal. May 1, 2006) ("Because the Jones Group has only two members -- a

manageable number -- and one law firm representing it, there is no significant potential for miscommunication, delay, intra-group conflict, or lack of supervision of group counsel.")

### C.    Mr. Slater's Experience As A Representative Plaintiff Enhances His Ability To Represent The Class

Competing movants make various arguments -- each of which falls flat -- concerning Mr. Slater's prior litigation experience. *See* Kremser Opp. at pp. 14-15; MMA Opp. at pp. 8-10. Mr. Slater disclosed every case he was required to disclose under the PSLRA; he is not a "professional plaintiff" within the meaning of the PSLRA; and is not burdened by extensive involvement in other cases. He thus meets every requirement in this regard.

The statutory provision mandating disclosure of prior cases, 15 U.S.C. § 78u-4(a)(2)(A)(v), is clear. It requires that a movant "identif[y] any other action under this title, filed during a 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class." By its plain terms, it is limited to an "action under this title," the federal securities laws at Title 15 of the United States Code. *Id*. Further, by its terms, it is limited to actions in which plaintiff sought to serve "on behalf of a class." *Id*. This statute therefore establishes that it does not require lead plaintiffs movants to set forth their participation in *shareholder derivative* actions, which are neither class actions nor are brought under the federal securities laws.

The limitation on service by professional plaintiffs is also plain: it bars, with exceptions, a person from "be[ing] a lead plaintiff […] in […] more than 5 securities class actions brought as plaintiff class action  … during any 3-year period."  15 U.S.C. § 78u-4(a)(3)(B)(vi). "Judges presiding over complex securities class actions under the PSLRA have repeatedly rejected arguments, like those defendants raise here, that seek to confuse the role of lead plaintiffs under the PSLRA with that of named plaintiffs for purposes of ordinary class action standing law." *In*

*re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003). Mr. Slater's initial declaration disclosed more than was necessary: it disclosed not only the one federal securities case in which he has sought or served in a position representing the class in the last three years, but also one derivative action. Slater Decl. at ¶ 9. In the only other class action Mr. Slater has commenced in the last three years, he did not seek to be and did not serve as a lead plaintiff or class representative. *Id.* at ¶¶ 5, 6. The derivative actions Mr. Slater has been involved in *Id.* at ¶¶ 5, 10 are not subject to 15 U.S.C. § 78u-4(a)(2)(A)(v). Mr. Slater has not been a lead plaintiff in *any* additional securities class action brought in the last three years besides the one action he previously disclosed. Slater Reply Decl. ¶¶ 5. For this reason, the Kremser Group wisely concedes that Mr. Slater is in strict compliance with this provision. Kremser Opp. at p. 14.

Having conceded that Mr. Slater complies with the "professional plaintiff" rule, the Kremser Group, Opp. at pp. 14-15, raises Mr. Slater's involvement in older actions, those set forth in Mr. Slater Reply Declaration at ¶¶ 7 and 8. Not only are these actions irrelevant to his disclosure obligations, having been filed more than three years ago; they are also irrelevant to his time commitments: both settled years ago. However, these cases are relevant to one thing: Mr. Slater's fitness to serve, on behalf of his family's financial interest, as a lead plaintiff and class representative. In the *Bausch & Lomb* case in particular, Mr. Slater served in his capacity as trustee for his family trust as the lead plaintiff and the class representative from initiation through motion practice, discovery and settlement, *see* Slater Reply Decl. at ¶ 7; facts of which, as a matter of public record, the Court can take judicial notice. Mr. Slater has already been

found adequate by other Courts.[3]

### D.    The FAFN/Slater Group's Submissions Are Sufficient

Having failed to demonstrate the inadequacy of the largest group or of the two largest single investors, the Kremser Group resorts to nit-picking other elements of the declarations filed by the FAFN/Slater Group.  For example, the Kremser Group claims that both FAFN and Mr. Slater are disqualified for failure to assert that they will appear at a deposition.  Kremser Opp. at p. 14.  However, both members stated their willingness to be involved through trial.  Gay Decl. at ¶ 10, Slater Decl. at ¶ 12.  Because the FAFN/Slater Group moved to be Lead Plaintiff rather than filing the Complaint, the certification requirement of 15 U.S.C. § 78u-4(a)(2)(A) does not apply.  The "PSLRA does not require intervening class members seeking to be named lead plaintiff file a sworn certification at all, much less with their initial motions."  *In re UnumProvident Corp. Sec. Litig.*, No. 1:03-CV-049, 2003 U.S. Dist. LEXIS 24633, at *30-31 (E.D. Tenn. Nov. 6, 2003) *citing* 15 U.S.C. § 78u-4(a)(2)(A); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 61-62 (D. Mass. 1996).[4]

Moreover, opposing movants' argument that it is too late to present evidence on these points is simply wrong.  If movants for lead plaintiff were prohibited from submitting evidence

---

[3]  David A.P. Brower, of the Brower Piven firm, was Mr. Slater's attorney in *Bausch & Lomb*, having then been a partner at Wolf Haldenstein.  Mr. Brower, who inexplicably calls Kenneth Slater "Kevin Slater" throughout his brief, *see* Kremser Opp. at 12, is now in the unenviable position of asking this Court to rule that his former client is inadequate to serve to represent a class. Mr. Slater is not a professional plaintiff within either the letter or the meaning of the rule, and this argument courts the appearance of impropriety.

[4]  The Kremser Group, Opp. at p. 14, critically misreads the holding of *In re Eaton Vance Corp. Sec. Litig.*, 219 F.R.D. 38, 42 (D. Mass. 2003).  First, *Eaton Vance* does not address the lead plaintiff stage of litigation, but instead concerns appointment of a proposed class representative who filed a complaint in the action and did not file a certification with that complaint.  *Eaton Vance*, 219 F.R.D. at 42, indeed, quotes *Greebel*, 939 F. Supp. at 61-62 for its holding that "the certification requirement *does not* apply to lead plaintiffs, but instead applies to 'named plaintiffs filing a class action complaint.'"  (Emphasis in *Eaton Vance*.)

on reply, it would mean that they would be required to anticipate all opposing arguments at the time of filing their opening motion.  Moreover, Courts have long allowed movants to submit such evidence well after the initial briefs.  For example, in *UnumProvident Corp.*, 2003 U.S. Dist. LEXIS 24633, at *31-33, the court rejected a competing proposed lead plaintiff's argument that an investment manager did not have standing to bring a claim, even though the investment manager did not file its declaration until it filed its reply brief.  Similarly illuminating is *In re Rent-Way Securities Litigation*, 218 F.R.D. at 110 (W.D. Pa. 2003), where the court found that it did not have to consider whether documents provided with the class certification motion demonstrated that an investment advisor had standing to bring the suit because the investment advisor provided ratification of the advisor's authority to bring the suit.  The court rejected the defendant's argument that "this 'after-the-fact ratification' [was] insufficient to remedy [the investment advisor's] lack of standing."[5]

In any event, as discussed above, the FAFN/Slater Group submitted, with its opening papers, adequate documentation to demonstrate its standing, ability and authority to serve as lead

---

[5] The Kremser Group is wrong in any suggestions that *In re Telxon Corp. Securities Litigation*, 67 F. Supp. 803, 818-19 (N.D. Ohio 1999) holds that the 60-day deadline for moving to be appointed lead plaintiff is an absolute bar to submission of proof of attorney-in-fact authority after the deadline has passed.  Indeed, as the Kremser Group conceded in its quotation, *Telxon* concerned changes to the Class Period for the purpose of manipulating losses; precisely what the Kremser Group has done; see Kremser Opp. at 2.  Here, to allay any concerns, the respective Reply Declarations set forth that the declarants reviewed a complaint before moving for lead plaintiff status, Gay Reply Decl. at ¶ 8, Slater Reply Decl. at ¶ 13, that the members understand and accept the limitation on compensation for lead plaintiffs, Gay Reply Decl. at ¶ 9, Slater Reply Decl. at ¶ 14, and that no improper inducement was offered, Gay Reply Decl. at ¶ 9, Slater Reply Decl. at ¶ 14.  The instant matter is also incomparable with *Jaroslawicz v. Safety Kleen Corp*., 151 F.R.D. 324  (N.D. Ill. 1993), where the lead plaintiff movant was not a non-practicing lawyer, but an active plaintiffs' lawyer and received at least $167,929 in attorneys' fees from the 17 cases in which he was co-counsel with the proposed lead counsel.  Although Kenneth Slater is an attorney, he does not practice law and does not receive attorney's fees in connection with class action securities litigation.  Kremser Group Opp. ¶ 15.

plaintiff. Its members have also documented that they have the largest loss, which renders them the presumptive lead plaintiff under the PSLRA.

## **CONCLUSION**

For the foregoing reasons, and those set forth in its prior submissions, the FAFN/Slater Group respectfully requests that the Court grant its motion to appoint FAFN/Slater Group as lead plaintiff in the Action; and approve Wolf Haldenstein Adler Freeman & Herz LLP as lead counsel for the Class; and deny all competing motions.

DATED: April 28, 2008

Respectfully submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: /s/ Thomas H. Burt
Thomas H. Burt, Esq. (TB-7601)
George T. Peters, Esq. (GP-6203)
270 Madison Avenue
New York, New York 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

**Proposed Lead Counsel**

508621.5

10

## **CERTIFICATE OF SERVICE**

I, George T. Peters, one of Movant's attorneys, hereby certify that on the 28th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.


/s/ George T. Peters
    George T. Peters, Esq.

Dated: April 28, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH S. GELMIS, Individually and On Behalf OF All Others Similarly Situated,<br><br>                Plaintiff,<br><br>     vs.<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>                Defendants. | Civil Action No. 1:08-cv-00980-RMB |
| JULES ROTHAS, Individually and On Behalf OF All Others Similarly Situated,<br><br>                Plaintiff,<br><br>     vs.<br><br>MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, DAVID B. KAY, and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>                Defendants. | Civil Action No. 1:08-cv-01120-RMB |

[Captions continued on the following pages.]

**DECLARATION OF KENNETH SLATER IN FURTHER SUPPORT OF HIS
MOTION TO CONSOLIDATE, APPOINT THE FAFN/SLATER GROUP LEAD
PLAINTIFF AND THE CONCOMITANT SELECTION OF LEAD COUNSEL**

ALEX D'ANGELO, Individually and On
Behalf OF All Others Similarly Situated,

                               Plaintiff,

       vs.

EARL W. COLE, III, MICHAEL L.
FALCONE, WILLIAM S. HARRISON,
MARK K. JOSEPH, MELANIE M.
LUNDQUIST, GARY A. MENTESANA,
ROBERT J. BANKS, CHARLES C. BAUM,
RICHARD O. BERNDT, EDDIE C. BROWN,
ROBERT S. HILLMAN, DOUGLAS A.
McGREGOR, CHARLES M. PINKNEY,
ARTHUR S. MEHLMAN, FRED N. PRATT,
JR., and MUNICIPAL MORTGAGE &
EQUITY, LLC,

                            Defendants.

Civil Action No. 1:08-cv-01331-RMB

JUDITH GREENBERG, Individually and On
Behalf OF All Others Similarly Situated,

                               Plaintiff,

       vs.

EARL W. COLE, III, MICHAEL L.
FALCONE, WILLIAM S. HARRISON,
MARK K. JOSEPH, MELANIE M.
LUNDQUIST, GARY A. MENTESANA,
ROBERT J. BANKS, CHARLES C. BAUM,
RICHARD O. BERNDT, EDDIE C. BROWN,
ROBERT S. HILLMAN, DOUGLAS A.
McGREGOR, BARBARA C. LUCAS,
ANGELA A. BARONE, ARTHUR S.
MEHLMAN, FRED N. PRATT, JR., and
MUNICIPAL MORTGAGE & EQUITY,
LLC,

                            Defendants.

Civil Action No. 1:08-cv-02005-RMB

[Captions continued on the following page.]

NAOMI RAPAHEL, Individually and On
Behalf OF All Others Similarly Situated,

Plaintiff,

vs.

MICHAEL L. FALCONE, WILLIAM S.
HARRISON, MELANIE M. LUNDQUIST,
CHARLES C. BAUM, EDDIE C. BROWN,
ROBERT S. HILLMAN, ARTHUR S.
MEHLMAN, FRED N. PRATT, JR., and
MUNICIPAL MORTGAGE & EQUITY,
LLC,

Defendants.

Civil Action No. 1:08-cv-02190-RMB

ARNOLD J. ROSS, Individually and On
Behalf OF All Others Similarly Situated,

Plaintiff,

vs.

EARL W. COLE, III, MICHAEL L.
FALCONE, WILLIAM S. HARRISON,
MARK K. JOSEPH, and MUNICIPAL
MORTGAGE & EQUITY, LLC,

Defendants.

Civil Action No. 1:08-cv-02199-RMB

I, Kenneth Slater, duly declare as follows:

1.    I represent KT Investments, LLC and Kendall Investments, LLC.  I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently thereto.

2.    This Declaration is made in further support of the FAFN/Slater Group's Motion for an Order Appointing it as Lead Plaintiff.

3.    KT Investments, LLC and Kendall Investments, LLC acquired Municipal Mortgage & Equity, LLC ("MMA" or the "Company") securities during the Class Period.

4.      I act, for all purposes, for both KT Investments, LLC and Kendall Investments, LLC.  I am the Manager of both entities.  Through LLC agreements, I have the power with absolute discretion to make all investment choices, hire counsel, grant releases and dispose of claims, and to take any other action necessary to accomplish the LLCs' purposes.  I can, have and will litigate and settle litigation arising from these entities' investments.  I have had this authority over certain of my family's investments for many years.

5.      In my March 31, 2008 Declaration, I disclosed that I sought to serve as a lead plaintiff in the *In re American Home Mortgage Securities Litigation,* No. 2:07-CV-01898 (E.D.N.Y.).  This is the only litigation in which I moved to be or served as lead plaintiff or class representative within the past three years.  I was not appointed lead plaintiff in this litigation and presently I do not have and am not seeking a role as lead plaintiff or class representative in it.  I also disclosed in my prior declaration that I was involved in a derivative action, *In re R&G Financial Corporation Derivative Litigation*, No. 1:05-CV-5547 (S.D.N.Y.).

6.      In *Slater v. Thornburg Litigation,* No. 1:07-cv-00815, while I filed a complaint, I did not serve nor seek to serve as lead plaintiff or class representative.

7.      *In re Bausch & Lomb Litigation,* No. 6:01-cv-06190 (CJS)(W.D.N.Y.)was filed in April 2001.  I served as lead plaintiff in that case, and later was certified as class representative.  The case went to mediation, which I attended personally, and settled.  In that case, I was represented by Thomas H. Burt, of the Wolf Haldenstein firm, and, until his departure from Wolf Haldenstein, by David A.P. Brower.  The Order and Final Judgment was signed by the Court in December 2004.  Accordingly, this case falls well outside the PSLRA-mandated three year disclosure period.

8.      I was appointed lead plaintiff in the *Slater v. Central Parking Corporation Litigation,* No. 3:03-0546 (M.D.Tn.). The case, however, is not within the three year PSLRA notice period, and has likewise already settled.

9.      I have also been involved in several shareholder derivative actions, which are not class actions and do not require disclosure under the PSLRA.

10.     For example, in *In re Washington Mutual, Inc. Securities, Derivative & ERISA Litigation* I prosecuted a derivative action. I did not seek to represent a class in that matter.

11.     I am not, in any capacity, presently part of any pending securities class action litigation, and I do not have a role in any derivative action or other litigation that would render me unable to actively participate in this action.

12.     Neither I nor any of the investment vehicles I represent or manage have any affiliation with the entity which maintains the website http://www.kendallinvestments.com.

13.     Prior to my motion, as part of the FAFN/Slater Group, to be appointed lead plaintiff, I reviewed the complaint styled *Gelmis v. Municipal Mortgage & Equity, LLC, et al.,* 08-cv-980 (RMB).

14.     I understand that lead plaintiffs and class representatives do not receive any compensation other than their *pro rata* shares of any recovery received and such reimbursements as the Court approves. I have not sought or been offered anything, either personally or on behalf of KT Investments, LLC and Kendall Investments, LLC, other than a *pro rata* share of any recovery as a member of the Class and such reimbursements as the Court approves.

15.    I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on:

April _28_, 2008

_____
Kenneth Slater

508047v2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH S. GELMIS, Individually and On Behalf OF All Others Similarly Situated,<br><br>         Plaintiff,<br><br>   vs.<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>         Defendants. | Civil Action No. 1:08-cv-00980-RMB |
| JULES ROTHAS, Individually and On Behalf OF All Others Similarly Situated,<br><br>         Plaintiff,<br><br>   vs.<br><br>MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, DAVID B. KAY, and MUNICIPAL MORTGAGE & EQUITY, LLC,<br><br>         Defendants. | Civil Action No. 1:08-cv-01120-RMB |

[Captions continued on the following pages.]

**DECLARATION OF GEORGE GAY IN FURTHER SUPPORT OF HIS MOTION TO CONSOLIDATE, APPOINT THE FAFN/SLATER GROUP LEAD PLAINTIFF AND THE CONCOMITANT SELECTION OF LEAD COUNSEL**

ALEX D'ANGELO, Individually and On
Behalf OF All Others Similarly Situated,

                                    Plaintiff,

                vs.                                    Civil Action No. 1:08-cv-01331-RMB

EARL W. COLE, III, MICHAEL L.
FALCONE, WILLIAM S. HARRISON,
MARK K. JOSEPH, MELANIE M.
LUNDQUIST, GARY A. MENTESANA,
ROBERT J. BANKS, CHARLES C. BAUM,
RICHARD O. BERNDT, EDDIE C. BROWN,
ROBERT S. HILLMAN, DOUGLAS A.
McGREGOR, CHARLES M. PINKNEY,
ARTHUR S. MEHLMAN, FRED N. PRATT,
JR., and MUNICIPAL MORTGAGE &
EQUITY, LLC,

                                    Defendants.

JUDITH GREENBERG, Individually and On
Behalf OF All Others Similarly Situated,

                                    Plaintiff,

                vs.                                    Civil Action No. 1:08-cv-02005-RMB

EARL W. COLE, III, MICHAEL L.
FALCONE, WILLIAM S. HARRISON,
MARK K. JOSEPH, MELANIE M.
LUNDQUIST, GARY A. MENTESANA,
ROBERT J. BANKS, CHARLES C. BAUM,
RICHARD O. BERNDT, EDDIE C. BROWN,
ROBERT S. HILLMAN, DOUGLAS A.
McGREGOR, BARBARA C. LUCAS,
ANGELA A. BARONE, ARTHUR S.
MEHLMAN, FRED N. PRATT, JR., and
MUNICIPAL MORTGAGE & EQUITY,
LLC,

                                    Defendants.

[Captions continued on the following page.]

NAOMI RAPAHEL, Individually and On
Behalf OF All Others Similarly Situated,

                                        Plaintiff,

            vs.

MICHAEL L. FALCONE, WILLIAM S.
HARRISON, MELANIE M. LUNDQUIST,
CHARLES C. BAUM, EDDIE C. BROWN,
ROBERT S. HILLMAN, ARTHUR S.
MEHLMAN, FRED N. PRATT, JR., and
MUNICIPAL MORTGAGE & EQUITY,
LLC,

                                        Defendants.

ARNOLD J. ROSS, Individually and On
Behalf OF All Others Similarly Situated,

                                        Plaintiff,

            vs.

EARL W. COLE, III, MICHAEL L.
FALCONE, WILLIAM S. HARRISON,
MARK K. JOSEPH, and MUNICIPAL
MORTGAGE & EQUITY, LLC,

                                        Defendants.

Civil Action No. 1:08-cv-02190-RMB

Civil Action No. 1:08-cv-02199-RMB

I, George Gay, duly declare as follows:

1.      I am the Chief Executive Officer of First Affirmative Financial Network, LLC ("FAFN"), an investment advisory firm. I have personal knowledge of the facts set forth herein and, if called as a witness, would testify competently thereto.

2.      This Declaration is made in further support of the FAFN/Slater Group's Motion for an Order Appointing it as Lead Plaintiff (the "Motion").

3.      I declare under penalty of perjury under the laws of the United States of America that the every statement in this Declaration is true and correct.

4.    FAFN's trades in MMA securities were made and executed exclusively by FAFN for its clients.

5.    Each client that grants FAFN discretionary investment authority executes a provision in the customer agreement which states that FAFN may:

> make investment purchases or sales in the Client's account, in accordance with the Investment Policy Statement (IPS) that guides management of the account without the **prior knowledge or approval of the Client.** [Emphasis supplied.]

6.    Each client for whom FAFN transacted MMA shares executed this provision. Accordingly, FAFN had unfettered discretion to trade for these accounts without client knowledge or approval, subject only to FAFN's Investment Policy Statement.

7.    FAFN has the authority to pursue this litigation against MMA because FAFN was granted the authority to do so. Each client for whom FAFN traded MMA securities provided FAFN with approval to pursue losses from the MMA investments prior to FAFN's motion to be appointed lead plaintiff. In an abundance of caution, FAFN has asked for signed Limited Power of Attorney from each client who beneficially owns or owned MMA shares, some of which have not yet been received.

8.    Prior to the FAFN/Slater Group motion to be appointed lead plaintiff, I reviewed the complaint styled *Gelmis v. Municipal Mortgage & Equity, LLC, et al.*, 08-cv-980 (RMB).

9.    I understand that lead plaintiffs and class representatives do not receive any compensation other than their *pro rata* shares of any recovery received and such reimbursements as the Court approves. I have not sought or been offered anything, either personally or on behalf of FAFN, other than a *pro rata* share of any recovery as a member of the Class and such reimbursements as the Court approves.

Executed on:

April 28, 2008

George Gay
First Affirmative Financial Network LLC

508043